QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
   (shonmorgan@quinnemanuel.com)
  Viola Trebicka (Bar. No. 269526)
   (violatrebicka@quinnemanuel.com)
  Matthew Hosen (Bar No. 291631)
   (matthosen@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendant Maplebear, Inc., dba Instacart

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>MAPLEBEAR, INC., dba INSTACART; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  C 15-cv-00697<br><br>**NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**<br><br>[Diversity Jurisdiction, 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453] |

06083.00002/6497810.4

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Maplebear Inc., dba Instacart ("Instacart") hereby removes this action to the United States District Court for the Northern District of California, and in support thereof, respectfully shows the Court as follows:

## STATEMENT OF THE CASE

1. Plaintiff seeks to certify a class of "[a]ll persons who performed grocery delivery work anywhere in the United States for or on behalf of one or more of the Defendants from January 1, 2012 to the present." Complaint at ¶ 10.

2. Plaintiff seeks, on behalf of himself and the purported class, compensatory damages, restitution and disgorgement, an injunction, statutory penalties, pre-judgment and post-judgment interest, and attorneys' fees and costs.

3. The Class Action Complaint was filed January 9, 2015 and served January 15, 2015. The Complaint is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). Instacart has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4. CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at *43 (2005). Rather than emphasizing a strict constructionist view of the statute against

removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43.

5. The United States Supreme Court recently clarified the standards for a notice of removal under CAFA. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U. S. ____ (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading. *Id.* at 5. The Supreme Court also held that no presumption against removal exists under CAFA, which was enacted to facilitate adjudication of certain class actions in federal court. *Id.* at 6.

6. As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

### A.  Class Action.

7. This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff styles his complaint a "Class Action" and alleges that he brings it "individually and on behalf of a proposed class." Complaint at ¶1.

### B.  Diversity of Citizenship.

8. At the time this lawsuit was filed and as of the date of this notice, Instacart was and is a Delaware corporation with its principal place of business at 420 Bryant Street, San Francisco, CA 94107. As Plaintiff acknowledges, "Instacart maintains substantial ongoing business operations throughout the United States," and seeks to certify a class including individuals who "work anywhere in the United States." Complaint at ¶1, 10. Approximately 7,696 individuals performed grocery delivery work for Instacart between January 2012 and the present, approximately 3,208 of which reside in California. Because at least one member of the proposed class is from a state other than California, and the Defendant is a citizen of both

Delaware and California, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

### C. Amount in Controversy.

9. The Supreme Court recently clarified that the notice of removal need only include a plausible allegation that the amount in controversy exceeds $5 million and need not include evidentiary submissions. *Dart Cherokee*, 574 U. S., at ____ (slip op., at 3). Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Id.* If a plaintiff does contest the allegation, *both* sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.*

10. Instacart denies that a class is the proper vehicle for Plaintiff's claims, or that Instacart is liable for any such claims, but has calculated the amount in controversy for purposes of this notice by taking Plaintiff's Complaint at face value.

11. The Complaint is facially silent on the total amount in controversy. However, as detailed below, even the compensatory damages for unpaid wages and non-productive time for a subset of the putative class period alone satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2).

12. Plaintiff claims that since January 2012 to the present, "[d]uring non-productive time, or time during which Plaintiffs were required to make themselves available for work but were not given an assignment, Plaintiffs were not compensated in any manner whatsoever." *See* Complaint at ¶¶ 30-31, 39-40. The Complaint also alleges that Plaintiff and the members of the putative class "regularly worked and continue to regularly work in excess of 8 hours per day or 40 hours per week," but have not been paid any overtime. *See* Complaint at ¶ 42. It is difficult to evaluate with precision the amount in controversy because Plaintiff does not specifically allege the number of non-productive hours, or the number of regular and overtime hours Instacart allegedly failed to pay.

13. From July, 2014 through the first week of February, 2015, putative class members worked on-duty for 2,580,054 hours, for which they were compensated. Furthermore, during this time period, there were 2,229 grocery deliverers any given week, working an average of 35 hours a week each.

14. Conservatively assuming that for every five hours worked, putative class members were not compensated for one additional "non-productive" hour, potential damages for non-productive hours worked would total $4,644,097.2 from July, 2014 through the first week of February, 2015 *alone*.[1] Plaintiff also seeks damages for non-productive time from January 1, 2012 through the end of June, 2014.

15. Similarly, conservatively assuming that putative class members worked 5 hours of overtime per week for the 33 week period from July, 2014 through the first week of February, 2015, putative class members could be entitled to aggregate damages totaling at least $1,655,032.[2] Plaintiff also seeks damages for overtime wages from January 1, 2012 through the end of June, 2014.

16. In addition to the non-productive time and overtime wages discussed above, the Complaint seeks the following relief: expense reimbursement pursuant to the California Labor Code, IWC Orders and other applicable laws and regulations; civil and statutory penalties under the Private Attorney General Action, Labor Code § 2698 *et seq.*; restitution and disgorgement under Business and Professions Code § 17200; an order enjoining Instacart from continuing to engage in the alleged conduct described in the Complaint; pre-judgment and post-judgment interest; attorneys'

---

[1] The total 2,580,054 "on-duty" hours *divided by* 5 *equals* 516,010.8 total "non-productive" hours worked from July 2014 to February 2014. The total 516,010.8 non-productive hours *multiplied by* $9 (the California minimum wage effective July 1, 2014) *equals* $4,644,097.2.

[2] 2,229 average weekly potential class members *times* $4.50 ($9 CA minimum wage *times* 0.5) *times* 5 overtime hours per week *times* 33 weeks *equals* $1,655,032.

fees, costs and expenses as authorized by the California Labor Code; and other further relief as the Court deems just and proper.  *See* Prayer for Relief.  Given these requests for relief, the amount in controversy far exceeds $5,000,000 in the aggregate, and this Court has jurisdiction under CAFA.

### D. Number of Proposed Class Members.

17. Although Instacart denies that Plaintiff's claims have any merit, it believes the putative class pleaded by Plaintiff exceeds 7,000 members.  Complaint ¶ 10 (defining putative class as "[a]ll persons who performed grocery delivery work anywhere in the United States for or on behalf of one or more of the Defendants from January 1, 2012 to the present.").  Over the past three years, there have been at least 7,696 individuals who performed grocery delivery work for Instacart.  Accordingly, the action satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class include at least 100 persons.

### E. Timeliness.

18. This removal notice is timely filed as required by 28 U.S.C. § 1446(b).  Plaintiff filed his Complaint January 9, 2015 and Instacart was served January 15, 2015.  Instacart filed this notice within thirty days of receipt of the Complaint.

### F. Venue.

19. The United States District Court for the Northern District of California is a federal judicial district embracing the San Francisco Superior Court of the State of California, where Plaintiff originally filed this suit.  Venue is therefore proper under 28 U.S.C. § 1441(a).

### G. No Exceptions Apply.

20. The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.  Specifically, neither the "home state exception" nor the "local controversy" exception to CAFA apply because less than two-thirds of the putative class members are citizens of California.  *See* 28 U.S.C. §§ 1332(d)(4)(A), (B).  The "discretionary" exception is also not appropriate in this case.  *See* 28 U.S.C. §§

1  1332(d)(3).  The claims asserted in this suit involve matters of national or interstate
2  interest, which federal courts have repeatedly considered in similar wage class
3  actions involving independent contractors.  *See e.g. O'Conner, et. al. v. Uber*
4  *Technologies, Inc.*, *et. al*, Case No. 13-cv-3826 (N.D. Cal.); *Cotter et al. v. Lyft Inc.,*
5  *et al.*, Case No. 13-cv-04065 (N.D. Cal.).

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

8   21. Instacart has complied with 28 U.S.C. §§ 1446(a) and (d).  Under 28
9  U.S.C. §§ 1446(a), a true and correct copy of all of the process, pleadings, or orders
10 on file in the state court or served on Instacart in the state court are attached as
11 Exhibit 1.  Pursuant to 28 U.S.C. §§ 1446(d), Instacart has served written notice of
12 this notice of removal, with a copy of this notice of removal attached thereto, to
13 Plaintiff's attorneys. Furthermore, a notice of filing of removal, with a copy of this
14 notice of removal attached thereto, will be filed promptly with the clerk of the
15 Superior Court of the State of California, County of San Francisco, Case No. CGC-
16 15-543583. Copies of the notice and the certificate of service of the notice to
17 Plaintiff's attorneys is attached as Exhibit 2.  (Exhibit A to Exhibit 2, which is a
18 copy of this notice, is not attached for the Court's convenience.  Defendant will
19 provide it up on request.)

## CONCLUSION

21  By this notice, Instacart does not waive any objections it may have as to
22 improper service, jurisdiction, or venue, or any other defenses or objections to this
23 action.  Instacart intends no admission of fact, law, or liability by this notice, and
24 reserves all defenses, motions, and pleas.  Instacart prays that this action be removed
25 to this Court for determination; that all further proceedings in the state court suit be
26 stayed; and that Instacart obtain all additional relief to which it is entitled.

27
28

DATED:  February 13, 2015     QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP

                              By  /s/
                              _____
                              Shon Morgan
                              Viola Trebicka
                              Matthew Hosen
                              Attorneys for Defendant Maplebear, Inc.,
                              dba Instacart