# EXHIBIT 1

1  Robert S. Arns, State Bar No. 65071
   rsa@arnslaw.com
2  Jonathan E. Davis, State Bar No. 191346
3  jed@arnslaw.com
   **THE ARNS LAW FIRM**
4  A Professional Corporation
5  515 Folsom St., 3rd Floor
   San Francisco, CA 94109
6  Tel: (415) 495-7800
7  Fax: (415) 495-7888

8  Attorneys for Plaintiffs



**F I L E D**
Superior Court of California
County of San Francisco

JAN 09 2015

CLERK OF THE COURT
Superior Court of California, County of San Francisco
BY:_____
DEPUTY CLERK
M.A. MORAN

9
10         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
               IN AND FOR THE COUNTY OF SAN FRANCISCO
11                         CIVIL UNLIMITED

                                    CGC - 15 - 543583

| | |
|---|---|
| 12 | No. [Unassigned] |
| 13  DOMINIC COBARRUVIAZ, Individually and On Behalf of All Others | **CLASS ACTION COMPLAINT FOR DAMAGES [C.C.P. § 382] AND DEMAND FOR JURY TRIAL** |
| 14  Similarly Situated Employees, | |
| 15             Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF:** |
| 16  vs. | 1. Violation of Lab. Code § 216 |
| 17 | 2. Violation of Lab. Code §§ 204, 510, 1194, 1198 |
| 18  MAPLEBEAR, INC., dba INSTACART; AND DOES 1 THROUGH 100, inclusive, | 3. Violation of Lab. Code §§ 226, 1174 |
| 19 | 4. Violation of Lab. Code §§ 224, 2802 |
| 20             Defendants. | 5. Violation of Lab. Code § 2699 |
| 21 | 6. Violation of Bus. & Prof. Code § 17200<br>7. Fraud/Intentional Misrepresentation |
| 22 | **AMOUNT EXCEEDS $75,000** |

23
24
25
26
27
28

CLASS ACTION COMPLAINT FOR DAMAGES

1   Plaintiff, DOMINIC COBARRUVIAZ ("Cobarruviaz"), on behalf of himself and

2 all others similarly situated ("Plaintiffs"), brings this action against Defendants

3 MAPLEBEAR, INC., doing business as INSTACART ("Instacart"), and Does 1 through

4 100 (collectively "Defendants"), and allege, upon information and belief, except as to his

5 own actions, the investigation of his counsel, and the facts that are a matter of public

6 record, as follows:

7 1.  Plaintiff Cobarruviaz brings this action to obtain damages and restitution, as well

8 as injunctive and other relief, individually and on behalf of a proposed class defined

9 below ("Class").

10 2.  As alleged herein, Plaintiffs are drivers and delivery persons who were improperly

11 misclassified as independent contractors and required to pay business-related expenses

12 while in the employ of Defendants. Defendants intentionally misrepresented to Plaintiffs

13 that they were not entitled to wages for non-productive time, reimbursements for expenses

14 incurred in relation to their employment, workers' compensation insurance benefits, and

15 tax benefits enjoyed by employees.

16 3.  Plaintiffs assert claims individually and collectively under the Labor Code §§ 204,

17 216, 224, 226, 510, 1174, 1194, 1198, 2699, and 2802; the Business & Professions Code

18 § 17200; and for fraud/intentional misrepresentation.

19 4.  Plaintiffs seek actual and/or compensatory damages, civil penalties, restitution,

20 equitable relief, costs and expenses of litigation, including attorneys' fees, and all

21 additional and further relief that may be available and that the Court may deem

22 appropriate and just under all of the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## JURISDICTION AND VENUE

2   5.   This class action is brought pursuant to Section 382 of the California Code of Civil

3   Procedure and seeks to remedy Defendants' violations of state law, including the Labor

4   Code, UCL, and orders promulgated by the Industrial Welfare Commission ("IWC" or

5   "IWC Orders"), arising from and related to Defendants' misclassification, unpaid

6   workers' compensation insurance, unpaid tax contributions, unreimbursed expenses, and

7   related misconduct in relation to Plaintiffs' employment.

8   **6.**   Venue is proper in this Court because, inter alia, Defendants are headquartered in

9   and engage and perform business activities in and throughout San Francisco County.

10  Plaintiffs regularly performed work in San Francisco County, many of Defendants'

11  services involve San Francisco County residents, and many of the acts complained of

12  herein occurred in this judicial district.

## PARTIES

13

14  7.   Plaintiff Cobarruviaz is, and at all times relevant herein was, a resident of San

15  Francisco, California.   Defendants continuously employed Cobarruviaz as a driver and

    delivery person since January 2014. During the course of his employment by Defendants,
16
    Cobarruviaz incurred expenses related to his work, including vehicle maintenance, fuel,
17
    insurance, and other driving related expenses, for which he was not reimbursed.

18
    8.   Defendant Instacart is a California corporation with its principal place of business
19
    located at 92 S. Park Street in San Francisco, California. Instacart maintains substantial
20
    ongoing business operations throughout the United States, including San Francisco
21
    County, and is in the business of providing online grocery shopping and delivery service.

22  9.   The true names and capacities of DOES 1 through 100, inclusive, are unknown to

23  Plaintiffs who sue such Defendants by use of such fictitious names. Plaintiffs will amend

24  this complaint to add the true names when they are ascertained. Plaintiffs are informed

25  and believe and thereon allege that each of the fictitiously named Defendants is legally

26  responsible for the occurrences herein alleged, and that Plaintiffs' damages as herein

27  alleged were proximately caused by their conduct.

28

1

2 **CLASS ACTION ALLEGATIONS**

3 10.   Plaintiffs bring this action as a class action pursuant to Code of Civil Procedure,

4 Section 382, on behalf of themselves and the following Class:

5   All persons who performed grocery delivery work anywhere in the United
   States for or on behalf of one or more of the Defendants from January 1,
6   2012 to the present.

7   Plaintiffs reserve the right to amend this Class definition if discovery and/or

8 further investigation demonstrate that the Class should be expanded or otherwise

9 modified.

10 11.   The members of the Class are so numerous that joinder of all members would be

11 impracticable.

12 12.   There are questions of law and fact common to the members of the Class that

13 predominate over any questions affecting only individual members, including:

14   a.   Whether class member have been required to follow uniform procedures

15   and policies regarding their work for Instacart;

16   b.   Whether the work performed by class members—providing grocery

17   delivery service to customers—is within Instacart's usual course of business, and

18   whether such service is fully integrated into Instacart's business;

19   c.   Whether Defendants failed to pay Plaintiffs for all hours of work performed

20   in violation of California law;

21   d.   Whether Defendants failed to reimburse Plaintiffs for expenses incurred

22   during the course of their employment;

23   e.   Whether Defendants' conduct violates the Labor Code;

24   f.   Whether Defendants' conduct violates Section 17200 of the Business and

25   Professions Code;

26   g.   Whether Defendants' conduct otherwise violates California law; and

27   h.   Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to

28

CLASS ACTION COMPLAINT FOR DAMAGES

3

1 damages, restitution, equitable relief and/or other damages and relief, and, if so, the

2 amount and nature of such relief.

3 13. Plaintiff Cobarruviaz's claims are typical of the claims of the members of the

4 Class. Cobarruviaz has no interests antagonistic to those of the Class and is not subject to

5 any unique defenses.

6 14. Plaintiff Cobarruviaz will fairly and adequately protect the interests of all members

7 of the Class and have retained attorneys experienced in class action and complex

8 litigation.

9 15. A class action is superior to all other available methods for the fair and efficient

10 adjudication of this controversy for, inter alia, the following reasons:

11 a. It is economically impractical for members of the Class to prosecute

12 individual actions;

13 b. The Class is readily definable;

14 c. Prosecution as a class action will eliminate the possibility of repetitious

15 litigation; and

16 d. A class action will enable claims to be handled in an orderly and

17 expeditious manner, will save time and expense, and will ensure uniformity of

18 decisions.

16. Plaintiffs do not anticipate any difficulty in the management of this litigation.

19

20 **FACTUAL ALLEGATIONS**

21 17. Instacart provides grocery delivery services in cities throughout the country via an

22 on-demand dispatch system.

23 18. Instacart offers customers the ability to purchase groceries from specified stores on

24 a mobile phone application or over the Internet and have them delivered by "personal

25 shoppers" within one or two hours.

26 19. Instacart's website advertised that "Instacart is a grocery delivery service that

27 delivers in a little as an hour!"

28

20. At all times during their employment with Defendants, Plaintiffs were misclassified as independent contractors by Defendants, were in fact employees of Defendants, and suffered actual economic harm as a consequence of this misclassification.

21. At all relevant times, Defendants issued Plaintiffs Form 1099s, indicating Plaintiffs were independent contractors and were not Defendants' employees.

22. Despite Defendants' explicit and implicit classification of Plaintiffs as independent contractors, Plaintiffs were in fact employees of Defendants. Plaintiffs were required to follow a litany of detailed requirements imposed on them by Instacart and they were graded and subject to termination based on their failure to adhere to these requirements.

23. At all relevant times, Defendants exerted control over Plaintiffs in a manner consistent with an employer-employee relationship, including but not limited to, generating the work orders for Plaintiffs; controlling their wages; enforcing behavioral codes of conduct; controlling the means, manner, and method by which they perform their work; and controlling the conditions of employment.

24. At all relevant times, Defendants directed Plaintiffs precisely when and where they were to collect and deliver groceries to Instacart customers, how they were to interact with Instacart customers, required them to wear clothing and use accessories bearing the Instacart insignia, directed them as to how they were to maintain their vehicles, and terminated them from Instacart's employment at Instacart's discretion.

25. As a prerequisite to being hired as an Instacart delivery driver, Plaintiffs had to undergo training by Instacart regarding how to perform their duties. Instacart required further training if Plaintiffs were going to be delivering alcohol as part of a work order.

26. At all relevant times, Plaintiffs were assigned their work by Defendants, through its dispatchers, on a daily basis. On a typical workday, Plaintiffs received text messages from Defendants directing Plaintiffs what items they were to collect for Instacart customers, the specific grocery store and exact store location where they were to collect these items, and when and to where they were to deliver the items to Instacart customers.

Instacart even directs Plaintiffs as to the specific driving route they are to take from the grocery store to the Instacart customer's delivery address. Plaintiffs did not have any role or discretion in determining the manner of executing their duties, the timing or scope of their work, or price to be charged for the work performed.

27.    At all relevant times, Plaintiffs received their assigned jobs on a daily basis from Defendants and, as a result, they did not know where they were to be assigned to work, the type of deliveries they were to be performing, or the length of time any given assignment was expected to require until they received Defendant's work order text message. Plaintiffs were not permitted to collect the materials from locations of their choosing or deliver them at a time or a price negotiated by Plaintiffs.

28.    Furthermore, Instacart is in the business of providing grocery delivery service to customers, and that is the service that Instacart drivers provide. The drivers' services are fully integrated into Instacart's business, and without the drivers, Instacart's business would not exist.

29.    However, at all relevant times, Defendants treated Plaintiffs like independent contractors to the detriment of Plaintiffs in various manners, including but not limited to, requiring Plaintiffs to use their own vehicles to make deliveries, pay for driving-related expenses, refusing to provide liability insurance for the operation of Plaintiffs' motor vehicles, refusing to provide workers' compensation insurance, and requiring Plaintiffs to pay increased tax rates mandatory for independent contractors. Additionally, Defendants required Plaintiffs to use their own smart phones and data from their personal cell phone service plans in order to receive and carry out work orders.

30.    By misclassifying Plaintiffs as independent contractors, Defendants were able to avoid the significant responsibilities associated with the employer/employee relationship, including, inter alia, the payment of wages for non-productive time, expense reimbursements, provision of workers' compensation insurance, payment of state and federal taxes, and other benefits.

31.    At all relevant times, Plaintiffs were paid in a manner completely dependent on the

1  nature of the deliveries they made, including the quantity of items Plaintiffs were required
2  to collect and deliver under each individual work order. Plaintiffs were required to make
3  themselves available to perform work within a predetermined range of time each day, but
4  were not compensated in a manner that guaranteed they were compensated at or above the
5  applicable minimum wage during those hours. During non-productive time, or time
6  during which Plaintiffs were required to make themselves available for work but were not
7  given an assignment, Plaintiffs were not compensated in any manner whatsoever.

8  32.     Shifts for Plaintiffs could last up to ten (10) hours but Plaintiffs were not
9  compensated at the required overtime rates for the time worked over eight (8) hours.

10  33.     Plaintiffs were required to bear many of the expenses of their employment,
11  including expenses for their vehicles, gas, and other expenses. California law requires
12  employers to reimburse employees for such expenses, which are for the benefit of the
13  employer and are necessary for the employees to perform their jobs.

14  34.     At all relevant times, Defendants required Plaintiffs to use and maintain insured
15  and licensed vehicles as a condition of their work. Plaintiffs were required to pay all
16  expenses related to the use and maintenance of their vehicles, including expenses related
17  to liability insurance, fuel, routine maintenance, and the upkeep of their vehicles'
18  appearance. Defendants also required Plaintiffs to use their own smart phones and data
19  from their personal cell phone service plans as a condition of their work in order to
20  receive and carry out work orders. Defendants did not reimburse Plaintiffs for these
   work-related expenses in any manner.

21  35.     At all relevant times, Defendants did not provide Plaintiffs with workers'
22  compensation insurance. Plaintiffs injured in the course and scope of their employment
23  with Defendants were left to rely on either their own private medical insurance or make
24  direct payments for medical treatment rendered as a result of industrial injuries. Plaintiffs
25  were additionally ineligible for workers' compensation disability benefits if they were
26  physically unable to perform their work as a consequence of industrial injuries.

27  36.     At all relevant times, Defendants paid taxes in a manner consistent with Plaintiffs'
28

misclassification as independent contractors. As a consequence, Plaintiffs were required to pay increased state and federal taxes at the rate of independent contractors despite the fact they were employees.

37.    In misclassifying Plaintiffs as independent contractors and failing to pay Plaintiffs wages and compensation due to them, as well as by committing the numerous other violations detailed below, Defendants, by and through their officers, directors and/or managing agents, acted with malice, oppression and or conscious disregard for the statutory and/or other rights of Plaintiffs, and committed fraud by wrongly treating Plaintiffs as independent contractors and not employees.

### FIRST CAUSE OF ACTION
### UNPAID WAGES
### (Violation Of Labor Code § 216)

38.    Plaintiffs hereby reallege and incorporate by reference all paragraphs above as if set forth in detail herein.

39.    Defendants, and each of them, have violated and continue to violate Labor Code § 216 by willfully refusing to pay wages – including the benefits described above – due and payable to Plaintiffs. As more fully set forth above, Plaintiffs are not compensated for non-productive hours worked. Additionally, Plaintiffs work and have worked well in excess of 8 hours a day or 40 hours per week without being appropriately compensated for hours worked in excess of 40 hours per week and/or 8 hours per day. These unpaid hours include overtime that should have been paid.

40.    Equally, Defendants denied that any wages due for non-productive work and work in excess of 40 hours per week and/or 8 hours per day were due to be paid to Plaintiffs even though each Defendants knew that under any set of circumstances or facts, Plaintiffs were entitled to be paid for each hour that they worked. Defendants have falsely denied and refused and continue to deny falsely and refuse payment for purposes of securing a material economic benefit to themselves and with the intent to annoy, harass, oppress, hinder, and defraud Plaintiffs.

1

2

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
**(Violation Of Labor Code §§ 204, 510, 1194 & 1198)**

3

4

41.     Plaintiffs hereby reallege and incorporate by reference all paragraphs above as if

5

set forth in detail herein.

6

42.     Plaintiffs have been and are expected to regularly work in excess of eight (8) hours

7

per day and/or forty (40) hours per week. Plaintiffs have regularly worked and continue

to regularly work in excess of 8 hours per day or 40 hours per week.

8

9

43.     At all relevant times, Defendants failed to pay Plaintiffs and all persons similarly

situated wages when due, as required by Labor Code §§ 204, 510, 1194 & 1198.

10

11

12

13

14

15

16

44.     Such a pattern, practice and uniform administration of a corporate policy designed

to deprive employees of compensation, as described herein, is unlawful and creates an

entitlement to recovery by the Plaintiffs, in a civil action, for the unpaid balance of the

amount of overtime and other compensation, including interest thereon, civil penalties,

including, but not limited to, penalties available under Labor Code §§ 210 and 1197.1,

reasonable attorneys' fees and costs of suit, as well as the assessment of any other

statutory penalties, including waiting time penalties, against Defendants.

17

18

19

## THIRD CAUSE OF ACTION
## FAILURE TO PROPERLY REPORT PAY
**(Labor Code § 226 & 1174)**

20

21

45.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth

fully herein.

22

23

46.     At all relevant times, Defendants failed to keep accurate records of the hours

worked by Plaintiffs in violation of Labor Code §§ 226 & 1174.

24

25

26

27

47.     At all relevant times, Defendants failed to provide Plaintiffs with accurate records

of pay indicating the hours worked and/or the wages paid for the hours worked. In

addition, based on fraudulent reporting of hours worked and wages paid, inaccurate

information regarding state and federal deductions were provided to Plaintiffs.

28

48. As a result of Defendants' conduct, Plaintiffs are entitled to all monetary and other damages permitted under the Labor Code and any other applicable law, including, but not limited to, civil penalties pursuant to Labor Code §1174.5.

## FOURTH CAUSE OF ACTION
## FAILURE TO REIMBURSE EXPENSES
### (Violation Of Labor Code §§ 224 & 2802)

49. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

50. Throughout their employment, Plaintiffs incurred expenditures or losses related to their employment and in direct consequence of the discharge of their duties as Defendants' employees, or of their obedience to the directions of Defendants.

51. Defendants failed to reimburse or indemnify Plaintiffs for these expenditures or losses. Items and services that Plaintiffs were required to purchase include, but are not limited to gas, automotive insurance, other vehicle maintenance services, parking privileges, smartphones, and smartphone data packages.

52. By the conduct described herein, Defendants have violated the Labor Code.

53. As a result of Defendants' violations, Plaintiffs are entitled to reimbursement of the incurred expenses pursuant to Labor Code §§ 224 and 2802, as well as attorneys' fees and costs and all civil penalties available as a result of such conduct.

## FIFTH CAUSE OF ACTION
## CIVIL PENALTIES
### (Labor Code § 2699)

54. Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

55. Plaintiffs have complied with the requirements of Labor Code § 2699.3 and attach herewith as Exhibit 1 a true and correct copy of their letter of November 13, 2014, providing the Division of Labor Standards Enforcement and Defendants with written

1  notice via certified mail of all violations of the Labor Code Plaintiffs allege that are
2  enumerated in Labor Code § 2699.5.

3  56.  Pursuant to Labor Code § 2699, all civil penalties otherwise recoverable for
4  violations of the Labor Code which could be assessed and collected by the Labor and
5  Workforce Development Agency, or any of its departments, divisions, commissions,
6  boards, agencies, or employees, for a violation of the Labor Code, may be recovered
7  through a civil action by an aggrieved employee in an action brought on his or her own
8  behalf or on behalf of others similarly situated.

9  57.  By the conduct described herein, Defendants have violated the Labor Code.

10  58.  As a result of Defendants' violations, Plaintiffs are entitled to all civil penalties
11  available pursuant to the Labor Code, as well as attorneys' fees and costs as authorized by
12  Labor Code § 2699(g).

13
14                          **SIXTH CAUSE OF ACTION**
                **UNFAIR, UNLAWFUL, FRAUDULENT BUSINESS PRACTICES**
15                      **(Bus. & Prof. Code § 17200, et seq.)**

16  59.  Plaintiffs reallege and incorporate the above allegations by reference as if set forth
17  fully herein.

18  60.  Plaintiffs bring this cause of action on behalf of themselves and on behalf of the
19  Class.

20  61.  Defendants have engaged in unfair, unlawful, and fraudulent business practices as
21  set forth above.

22  62.  By engaging in the above-described acts and practices, Defendants have committed
23  one or more acts of unfair competition within the meaning of Section 17200. These acts
24  and practices constitute a continuing and ongoing unfair and/or unlawful business activity
25  defined by the UCL, and justify the issuance of an injunction, restitution, and other
26  equitable relief pursuant to the UCL.

27  63.  Defendants have unlawfully treated personal shopper and delivery service

28

employees as independent contractors for purposes of business-related expenses and wages to avoid payment of overtime wages and other benefits in violation of, inter alia, the Labor Code, the Civil Code, and the applicable IWC Orders. In addition, Defendants have wrongly, illegally, and unfairly failed to compensate Plaintiffs for work-related expenses including but not limited to gas, vehicle maintenance services, car insurance, smartphones, and smartphone data packages.

64. The conduct of Defendants is contrary to the public welfare since it transgresses civil statutes of the State of California designed to protect workers from exploitation.

65. Defendants' conduct in misclassifying Plaintiffs and failing to pay wages for hours worked, including overtime, was unfair within the meaning of the UCL because it was against established public policy and has been pursued to attain an unjustified monetary advantage for Defendants by creating personal disadvantage and hardship to their employees. As such, Defendants' business practices and acts have been immoral, unethical, oppressive and unscrupulous.

66. The injury to Plaintiffs as a result of Defendants' conduct is far greater than any alleged countervailing benefit.

67. By and through its unfair and/or unlawful business practices and acts described herein, Defendants have obtained valuable services from Plaintiffs and have deprived Plaintiffs of valuable rights and benefits guaranteed by law, all to their detriment.

68. Plaintiffs seek an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, inter alia, Cal. Code of Civ. Proc. § 1021.5.

///

///

///

///

///

## SEVENTH CAUSE OF ACTION
## FRAUD/INTENTIONAL MISPREPRESENTATION

69.     Plaintiffs hereby reallege and incorporates by reference all paragraphs above as if set forth in detail herein.

70.     Defendants, and each of them, made the representations set forth above, including the specific representation to Plaintiffs that they are not entitled to reimbursement for business-related expenses and therefore not entitled to the benefits or rights conferred by the employment relationship between Plaintiffs and Defendants. These representations were made on an ongoing basis from at least January 1, 2012 to the present time.

71.     The representations by Defendants as set forth above were, in fact, false. Defendants, at the time they made the representations set forth above, knew them to be false and intended to, and did, induce Plaintiffs' reliance upon these false representations.

72.     Plaintiffs, at the time the aforementioned representations were made, were ignorant of the falsity of the representations and believed them to be true.

73.     Plaintiffs reasonably relied upon the truth of the aforementioned statements and representations in entering into and continuing in an employment relationship with Defendants according to the terms established by Defendants. Plaintiffs' reliance was a substantial factor in causing economic harm.

74.     As a direct, proximate and foreseeable result of Defendants' misrepresentations and conduct, Plaintiffs have suffered, and will continue to suffer, economic injuries.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pray for judgment against Defendants as follows:

A.      An order certifying this case as a class action and appointing Plaintiff Cobarruviaz and his counsel to represent the Class;

B.      For actual and compensatory damages according to proof pursuant to the Labor Code, applicable IWC Orders and all other applicable laws and regulations;

C.      For restitution and disgorgement to the extent permitted by applicable law;

D.      For an order enjoining Defendants from continuing to engage in the conduct described herein;

E.      For civil and statutory penalties available under applicable law;

F.      For pre-judgment and post-judgment interest;

G.      For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

H.      For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Robert S. Arns (SBN 65071)
Jonathan E. Davis (SBN 191346)
515 Folsom Street, Third Floor
San Francisco, CA 94105
Telephone: (415) 495-7800
Facsimile: (415) 495-7888

CLASS ACTION COMPLAINT FOR DAMAGES

14

# EXHIBIT ONE



**ATTORNEYS**

ROBERT S. ARNS
JONATHAN E. DAVIS*
PAUL T. FORTINO***
MICHAEL LANGTON**
KEVIN M. OSBORNE
ZACHARIAH D. HANSEN
HILLARY R. ALLYN
ROBERT C. FOSS
CECILIA A. PULIDO
JULIE C. ERICKSON

**INVESTIGATOR**
JERRY LAMBERT

* Licensed to practice in Nevada
  and California
** Licensed to practice in Nevada Only
*** Licensed to practice in Washington
    and Oregon Only

CALIFORNIA OFFICE:

515 FOLSOM STREET
3RD FLOOR
SAN FRANCISCO, CA 94105

TEL: 415-495-7800
FAX: 415-495-7888

November 13, 2014

**VIA CERTIFIED MAIL**

Labor and Workforce Development Agency
Division of Labor Standards Enforcement -Department of Industrial Relations
800 Capitol Mall, Suite 5000
Sacramento, CA 95814

Re:   **Labor Code § 2699.3 Notice of Violations**
       **Cobarruviaz v. Maplebear, Inc., dba Instacart**

Dear Sir/Madam:

This correspondence is intended to provide notice pursuant to California Labor Code
("Labor Code") § 2699.3, of the intent of Dominic Cobarruviaz, individually and on
behalf of all other similarly situated employees of Instacart ("Plaintiffs" or "the Class"),
to seek, in addition to all other remedies available at law, certain civil penalties under the
Labor Code in connection with alleged violations thereunder by their employer,
Maplebear, Inc., doing business as Instacart ("Defendant").

Summary of alleged Labor Code violations (as required by Labor Code § 2699.5):

| | | |
|---|---|---|
| § 203 | § 226 | § 1194 |
| § 204 | § 226.7 | § 1197.1 |
| § 206.5 | § 510 | § 1198 |
| § 216 | § 512 | § 2802 |
| § 224 | § 1174 | |

**Background**

Plaintiffs are drivers and delivery persons who Plaintiffs allege were improperly paid

PLEASE RESPOND TO CALIFORNIA OFFICE
NEVADA OFFICE:
801 RIVERSIDE DRIVE
RENO, NV 89503

WWW.ARNSLAW.COM

TEL: 775-324-2723
FAX: 775-329-7447

while in the employ of Defendant, thereby resulting in the wrongful denial of overtime compensation, compensation for meal periods and rest breaks and reimbursement for expenses related to their employment. During the course of their employment by Defendant, Plaintiffs allege that they were routinely required to work in excess of eight hours a day and/or forty hours per week without receiving overtime compensation. In addition, Plaintiffs allege they were not provided with legally required thirty minute meal breaks or ten minute rest breaks and, likewise, incurred expenses related to their employment, including expenses for their vehicles, gas, liability insurance, and other mileage-related driving expenses, as well as expenses for their smartphones and supporting data service plans for which they were not reimbursed.

### Violations of The Labor Code

Based on, *inter alia*, the foregoing, class members allege that Defendant violated numerous provisions of the Labor Code, as follows:

#### 1.    Failure To Pay Overtime Wages

Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work, including any overtime. Labor Code § 510 defines a day's work as 8 hours and states that any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one work week must be compensated at the rate of no less than one and one-half times the regular rate of pay. Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by IWC Orders. IWC Orders No. 16, which apply to the class members employment, provide for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of 8 hours in a day or 40 hours in a work week or, in certain circumstances, two times an employee's regular rate of pay. Moreover, under Labor Code § 203, Defendant had a separate obligation to pay all wages accrued by employees who were discharged from, or quit, employment. As a result of Defendant' failure to pay overtime wages in violation of these sections of the Labor Code, in addition to other remedies, Plaintiffs will seek to recover all civil penalties available for these violations including, but not limited to, penalties available under Labor Code §§ 203, 210, 1194, and 1197.1.

#### 2.    Failure To Pay Wages For Meal Periods And Rest Periods

Labor Code § 512 provides, in pertinent part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.... An employer may not employ an employee for a work period or more than 10 hours per day without providing the

Labor And Workforce Development Agency
Page 3

employee with a second meal period of not less than 30 minutes....

Labor Code § 226.7 provides as follows:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Industrial Welfare Commission Wage Order No. 16, §§ 11 and 12, respectively, provide in pertinent parts:

11. Meal Periods
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes [...].
[...]
(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

12. Rest Periods
Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.
[...]
If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation of each work day that the rest period is not provided.

Plaintiffs allege that class members were not provided meal and/or rest periods as required by California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order No. 16, or otherwise compensated for missed rest and/or meal periods. As such, Plaintiffs assert that Defendant's conduct violated the Labor Code, including, but not limited to, Labor Code §§ 558, 1197.1, and Plaintiffs will seek to recover all civil penalties available under the Labor Code for these violations.

Labor And Workforce Development Agency
Page 4

### 3.   Failure To Reimburse For Expenses

Plaintiffs allege that, throughout their employment, class members incurred expenses related to their employment for which they were not reimbursed and that such conduct violated, *inter alia*, Labor Code § 224 and 2802. As such, Plaintiffs will seek to recover all civil penalties available under the Labor Code for these violations.

### 4.   Failure to Properly Report Pay

Plaintiffs allege that Defendant did not provide accurate pay stubs indicating the hours worked and/or the wages paid for the hours worked. In addition, based on fraudulent reporting of hours worked and wages paid, inaccurate information regarding state and federal deductions were provided to employees. This failure is in violation of Labor Code §§ 226 & 1174.

### 5.   Requiring Submission Of A Waiver And Release Of Lien

Plaintiffs allege that Defendant violated Labor Code § 206.5 by requiring that class members submit statements in order to receive payment for work. Plaintiffs were purportedly required to affirm that they had been paid in full for all labor, services and material, even though they regularly worked well in excess of 8 hours per day or 40 hours per week, and were entitled to significant additional compensation. Plaintiffs allege that Defendant' conduct in requiring the class members to sign the waiver violated the Labor Code and Plaintiffs will seek to recover all civil penalties available under the Labor Code for these violations.

Thank you for your attention to this matter. Please do not hesitate to contact me if you have any questions regarding Plaintiffs' allegations and/or their intent to seek leave to assert these claims.

Respectfully yours,

Robert S. Arns

cc:   Via Certified Mail

Maplebear, Inc. dba Instacart
92 S. Park Street
San Francisco, CA 94107

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan E. Davis        SBN: 191346 | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan E. Davis    SBN: 191346
ARNS LAW FIRM
515 Folsom Street, 3rd Floor, San Francisco, SAN FRANCISCO, CA 94105
TELEPHONE NO.: 415-495-7800    FAX NO.: 415-495-7888
ATTORNEY FOR *(Name):* Dominic Cobarruviaz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: Cobarruviaz, et al. v. Maplebear, Inc, et al.

**FOR COURT USE ONLY**

F I L E D
Superior Court of California
County of San Francisco

JAN 07 2015

CLERK OF THE COURT
Superior Court of California, County of San Francisco
By: _____
**DEPUTY CLERK**

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-15-543583<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* Seven

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 7, 2015

Jonathan E. Davis
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder-

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JUN-10-2015**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference. However, it would facilitate
the issuance of a case management order **without an appearance** at the case
management conference if the case management statement is filed, served and lodged in
Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state. **This case is
eligible for electronic filing and service per Local Rule 2.10. For more information,
please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** MAPLEBEAR, INC. dba INSTACART; AND
*(AVISO AL DEMANDADO):* DOES 1 THROUGH 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DOMINIC COBARRUVIAZ,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individually and On Behalf of
All Others Similarly Situated Employees,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street<br>San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):* **CGC-15-543585** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Jonathan E. Davis
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ARNS LAW FIRM
515 Folsom Street, 3rd Floor, San Francisco, SAN FRANCISCO, CA 94105    **M.A. MORAN**   415-495-7800

| DATE: **JAN 0 9 2015** | Clerk, by | **M.A. MORAN** | , Deputy |
|---|---|---|---|
| *(Fecha)* | **CLERK OF THE COURT** *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |

Attorney or Party without Attorney:
JONATHAN E. DAVIS, SBN 191346
THE ARNS LAW FIRM
515 FOLSOM ST., 3RD FLOOR
SAN FRANCISCO, CA 94105
Telephone No: 415 495-7800  FAX No: 415 495-7888

Ref. No. or File No.:

**ELECTRONICALLY**

Attorney for: Plaintiff

**FILED**
Superior Court of California,
County of San Francisco

Insert name of Court, and Judicial District and Branch Court:
Superior Court Of The State Of California, County Of San Francisco

Plaintiff: DOMINIC COBARRUVIAZ, etc.

Defendant: MAPLEBEAR, INC., dba INSTACART; et al.

**JAN 27 2015**
Clerk of the Court
BY CAROL BALISTRERI Deputy Clerk

| **PROOF OF SERVICE** **SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-15-543583 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES [C.C.P. § 382] AND DEMAND FOR JURY TRIAL; NOTICE TO PLAINTIFF; ALTERNATIVE DISPUTE RESOLUTION PROGRAM INFORMATION PACKAGE; EXPEDITED JURY TRIAL INFORMATION SHEET.

3. a. Party served:                    MAPLEBEAR, INC. dba INSTACART

4. Address where the party was served:  420 BRYANT STREET
                                        SAN FRANCISCO, CA 94107

5. I served the party:
   b. **by substituted service.** On: Thu., Jan. 15, 2015 at: 10:00AM by leaving the copies with or in the presence of:
                                        JASON YUNN, MANAGER.
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
       person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: MAPLEBEAR, INC.
   Under CCP 416.10 (corporation)
   Other: dba INSTACART

7. **Person Who Served Papers:**                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Andy Esquer                          d. **The Fee for Service was:**

   **First Legal**
   1138 Howard Street
   San Francisco, CA 94103
   Telephone  (415) 626–3111
   Fax        (415) 626–1331
   www.firstlegalnetwork.com

   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  Registration No.:    2013-0001009
      (iii) County:              San Francisco

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Tue, Jan. 20, 2015

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
**SUMMONS**

(Andy Esquer)
7119125  arnla-sf.673522

| Attorney or Party without Attorney: JONATHAN E. DAVIS, SBN 191346 THE ARNS LAW FIRM 515 FOLSOM ST., 3RD FLOOR SAN FRANCISCO, CA 94105 | | | | For Court Use Only |
|---|---|---|---|---|
| Telephone No: 415 495-7800          FAX No: 415 495-7888 | | | | |
| Attorney for: Plaintiff | Ref. No or File No.: | | | |
| Insert name of Court, and Judicial District and Branch Court: Superior Court Of The State Of California, County Of San Francisco | | | | |
| Plaintiff: DOMINIC COBARRUVIAZ, etc. | | | | |
| Defendant: MAPLEBEAR, INC., dba INSTACART; et al. | | | | |
| **PROOF OF SERVICE** **By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-15-543583 |

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES [C.C.P. § 382] AND DEMAND FOR JURY TRIAL; NOTICE TO PLAINTIFF; ALTERNATIVE DISPUTE RESOLUTION PROGRAM INFORMATION PACKAGE; EXPEDITED JURY TRIAL INFORMATION SHEET.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

   a. Date of Mailing:              Tue., Jan. 20, 2015
   b. Place of Mailing:            SAN FRANCISCO, CA 94103
   c. Addressed as follows:      MAPLEBEAR, INC. dba INSTACART
                                            420 BRYANT STREET
                                            SAN FRANCISCO, CA 94107

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Tue., Jan. 20, 2015 in the ordinary course of business.

5. *Person Serving:*                                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. KELLIE EMMONS                               d.  *The Fee for Service was:*
   b. FIRST LEGAL SUPPORT SERVICES        e.  I am: Not a Registered California Process Server
      1138 HOWARD ST.
      SAN FRANCISCO, CA 94103
   c. 415-626-3111

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Tue, Jan. 20, 2015*

   Judicial Council Form POS-010            PROOF OF SERVICE                (KELLIE EMMONS)
   Rule 2.150.(a)&(b) Rev January 1, 2007            By Mail                            7119125   .arnla-sf.673522

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Shon Morgan (Bar No. 187736)
2     shonmorgan@quinnemanuel.com
      Viola Trebicka (Bar No. 269526)
3     violatrebicka@quinnemanuel.com
      Matthew Hosen (Bar No. 291631)
4     matthosen@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Defendant Maplebear, Inc., dba
    Instacart

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11

12  DOMINIC COBARRUVIAZ, Individually       CASE NO. CGC-15-543583
    and On Behalf of All Others Similarly
13  Situated Employees,                     **DEFENDANT INSTACART'S**
                                            **ANSWER TO PLAINTIFF DOMINIC**
14                  Plaintiffs,             **COBARRUVIAZ'S COMPLAINT**

15

16          vs.
                                            Filing Date:  January 9, 2015
17  MAPLEBEAR, INC., dba INSTACART;         Trial Date:   None Set
    AND DOES 1 THROUGH 100, inclusive,      Department:  610
18
                                            
19                  Defendants.

20          Defendant Maplebear, Inc. dba Instacart ("Instacart" or "Defendant") hereby

21  answers the unverified Complaint ("Complaint") on file herein as follows:

22          Pursuant to the provisions of Cal. Civ. Proc. Code §431.30(d), Defendant

23  denies generally and specifically, each and every allegation contained in the Complaint.

24  Defendant further denies that Plaintiff has been damaged in any sum, or at all, by reason of

25  any act or omission on the part of Defendant or on the part of any of its agents, servants,

26  representatives or employees.

27

28

06083.00002/6504406.1

Defendant sets forth the following affirmative defenses.  In asserting these affirmative defenses, Defendant is not assuming the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.  Defendant reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

1.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.      Plaintiff and/or any putative class or representative action member's claims are barred, in whole or in part, because Plaintiff and/or any putative class or representative action member lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the putative representative action members.

## THIRD AFFIRMATIVE DEFENSE
### (Equitable Defenses)

3.      The Complaint, and the purported causes of action alleged therein, is barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

06083.00002/6504406.1

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

4.    Plaintiff and/or any putative class or representative action member has failed to take reasonable, necessary, appropriate and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, Plaintiff and/or any putative class or representative action member should be barred from recovering some or all of the alleged damages they seek.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Release)

5.    The Complaint, and the purported causes of action alleged therein, are barred to the extent Plaintiff and/or any putative class or representative action member has waived, released, relinquished or abandoned any claim for relief against Defendant with respect to the matters which are the subject of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Defendant's Practices Not Unlawful)

6.    Defendant alleges that, to the extent Plaintiff and/or any putative class or representative action member proves Defendant conducted any of the activities alleged in the Complaint, those activities conformed with and were pursuant to any and all applicable statutes and regulations and were not unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury Or Damage)

7.      Defendant denies that Plaintiff and/or any putative class or representative action member has suffered any injury or damage whatsoever, and further deny they are liable to Plaintiff and/or to any putative class or representative action member for any of the injury or damage claimed or for any injury or damage whatsoever.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

8.      The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to Defendant's alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Justified and Privileged Conduct)

9.      The alleged causes of action are barred because Defendant's conduct was at all times justified and privileged, and did not result in any wrongful benefit or unjust enrichment to Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Incompetence of Plaintiff)

10.     This action is not brought by a competent Plaintiff for the benefit of the allegedly aggrieved and/or injured persons.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Inadequate Representative)

11.     The Complaint fails to the extent it asserts a class or representative action because Plaintiff is not an adequate representative of the class or representative action members.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Ascertainable Representative Group)

12.     The putative class or representative group that Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and thus no well-defined community of interest exists among the purported class or representative action members.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

13.     Plaintiff and/or any putative class or representative action member's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Restitutionary Damages)

14.     To the extent Plaintiff and/or any putative representative action member seeks restitutionary damages under Private Attorneys General Act ("PAGA"), PAGA bars Plaintiff and/or any putative representative action member from seeking such restitutionary damages.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Excessive Fines)

3

4         15.    The fines sought by Plaintiff and/or any putative representative action

5 member under PAGA are excessive and violate Defendant's due process rights under the

6 United States and California Constitutions.

7

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9

### (Accord and Satisfaction)

10

11         16.    The claims of some of the putative class or representative action

12 members defined in the Complaint are barred in whole or in part by the principles of

13 accord and satisfaction, and payment.

14

15

## SEVENTEENTH AFFIRMATIVE DEFENSE

16

### (Federal Preemption)

17

18         17.    Plaintiff and/or any putative class or representative action member's

19 claims are barred in whole or in part insofar as they allege conduct or seek remedies that

20 are governed or regulated by federal law.

21

22

## EIGHTEENTH AFFIRMATIVE DEFENSE

23

### (Due Process)

24

25         18.    Permitting this action to proceed as a class or representative action is

26 an unconstitutional denial of Defendant's rights to due process under the Fourteenth

27 Amendment to the United States Constitution and the California Constitution.

28

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### (Class Action Inappropriate)

3

4          19.     With respect to each and every allegation of the Complaint as they

5    relate to the request for class certification, class certification is not appropriate because

6    there is a lack of:

7                (a)      commonality or community of interest;

8                (b)      typicality;

9                (c)      an ascertainable class;

10               (d)      adequate representation;

11               (e)      appropriateness of relief to the putative class as a whole;

12               (f)      predominance of common questions over questions affecting

13                        individual class members;

14               (g)      substantial benefit to the litigants and the Court; and

15               (h)      superiority of a class action to other available methods for fair and

16                        efficient adjudication.

17

18

## TWENTIETH AFFIRMATIVE DEFENSE

19

### (Failure to Exhaust Contractual Dispute Resolution Procedures)

20

21          20.     The Complaint and each purported cause of action alleged therein are

22    barred, in whole or in part, because Plaintiff failed to exhaust contractual dispute

23    resolution procedures including, but not limited to, arbitration.

24

25

26

27

28

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Good Faith)

3

4         21.     The claims of Plaintiff and those of the putative members of the

5   purported class and representative group defined in the Complaint are barred in whole or in

6   part by Defendant's good faith and/or good faith legal defense.

7

8

## TWENTY-SECOND AFFIRMATIVE DEFENSE

9

### (Adequate Remedy at Law)

10

11         22.     The claims of Plaintiff and those of the putative members of the

12   purported class and representative group defined in the Complaint brought pursuant to

13   California Business and Professions Code Section 17200 are barred in whole or in part in

14   light of the fact that Plaintiffs have an adequate remedy at law.

15

16

## TWENTY-THIRD AFFIRMATIVE DEFENSE

17

### (Statute of Frauds)

18

19         23.     Plaintiffs' Complaint, and each cause of action therein, is barred by

20   the provisions of California Civil Code § 1624.

21

22

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

23

### (No Injury by Wage Statement)

24

25         24.     The Plaintiff's claims pursuant to Cal. Lab. Code § 226 are barred to

26   the extent Plaintiff and/or putative class and representative action members were not

27   injured by such wage statements.

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Contractual Indemnity)

25.     Pursuant to a contractual indemnity clause, Defendant is entitled to a right of indemnity against Plaintiff and any individual class or representative action members.

WHEREFORE, Defendant prays for a judgment as follows:

1.     That Plaintiff and/or any putative class or representative action member take nothing by reason of the Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff and/or any putative class or representative action member;

3.     That the Complaint be dismissed with prejudice;

4.     That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

5.     For such other relief as this Court deems just and proper.


DATED:  February 12, 2015          QUINN EMANUEL URQUHART &
                                   SULLIVAN. LLP


                              By_____
                                   Shon Morgan
                                   Viola Trebicka
                                   Matthew Hosen
                                   Attorneys for Defendant Instacart

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California  90017-2543.

4        On February 12, 2015, I served true copies of the following document(s) described as
**DEFENDANT INSTACART'S ANSWER TO PLAINTIFF DOMINIC COBARRUVIAZ'S**
5 **COMPLAINT** on the interested parties in this action as follows:

6      The Arns Law Firm                          *Counsel for Plaintiff Dominic*
       A Professional Corporation                 *Cobarruviaz*
7      515 Folsom Street, 3rd Floor
       San Francisco, CA 94105
8      Tel:  (415) 495-7800
       emails:
9      Robert Stephen Arns
       rsa@arnslaw.com
10     Jonathan E. Davis
       jed@arnslaw.com
11

12        **BY ELECTRONIC MAIL TRANSMISSION:** By submitting a PDF format copy of
such document through the upload feature at http://www.fileandservexpress.com/ on February 12,
2015.  The document(s) was transmitted without error.
13

14        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

15        Executed on February 12, 2015, at Los Angeles, California.

16

17                                                    Matt Hosen

18

19

20

21

22

23

24

25

26

27

28

---
PROOF OF SERVICE

1  **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California  90017-2543.

4      On February 12, 2015, I served true copies of the following document(s) described as
**DEFENDANT INSTACART'S ANSWER TO PLAINTIFF DOMINIC COBARRUVIAZ'S
5  COMPLAINT** on the interested parties in this action as follows:

6      The Arns Law Firm                          *Counsel for Plaintiff Dominic*
A Professional Corporation                   *Cobarruviaz*
7      515 Folsom Street, 3rd Floor
San Francisco, CA 94105
8      Tel:  (415) 495-7800
emails:
9      Robert Stephen Arns
rsa@arnslaw.com
10     Jonathan E. Davis
jed@arnslaw.com

11

12     **BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart &
Sullivan, LLP for collecting and processing correspondence for mailing with the United States
13  Postal Service.  Under that practice, it would be deposited with the United States Postal Service
that same day in the ordinary course of business.  I enclosed the foregoing in sealed envelope(s)
14  addressed as shown above, and such envelope(s) were placed for collection and mailing with
postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary
15  business practices.

16     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17     Executed on February 12, 2015, at Los Angeles, California.

18

19                                          *Catherine Estacio*

20                                          Catherine Estacio

21

22

23

24

25

26

27

28

**Matt Hosen**

| | |
|---|---|
| **From:** | FileAndServeXpress [TransactionReceipt@secure-mail.fileandservexpress.com] |
| **Sent:** | Thursday, February 12, 2015 3:41 PM |
| **To:** | Matt Hosen |
| **Subject:** | Case: CGC-15-543583; Transaction: 56768687 Transaction Receipt |

To: Matt Hosen
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was
"File And Serve". The details for this transaction are listed below.

Court:                   CA Superior Court County of San Francisco-Civil
Case Name:               Cobarruviaz, Dominic vs Maplebear Inc et al
Case Number:             CGC-15-543583
Transaction ID:          56768687
Document Title(s):
     Defendant Instacart's Answer to Plaintiff Dominic Cobarruviaz's Complaint (11 pages)
Authorized Date/Time:    Feb 12 2015  3:40PM PST
Authorizer:              Matt Hosen
Authorizer's Organization:   Quinn Emanuel Urquhart & Sullivan LLP-Los Angeles
Sending Parties:
     Maplebear Inc
Served Parties:
     Cobarruviaz, Dominic

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support
by phone at 1-888-529-7587 (24/7).