1 | KEKER & VAN NEST LLP
RACHAEL E. MENY - #178514
2 | rmeny@kvn.com
BENJAMIN BERKOWITZ - #244441
3 | bberkowitz@kvn.com
RYAN K. WONG - #267189
4 | rwong@kvn.com
REESE NGUYEN - # 284581
5 | rnguyen@kvn.com
633 Battery Street
6 | San Francisco, CA 94111-1809
Telephone:    415-391-5400
7 | Facsimile:     415-397-7188

8 | Attorneys for Defendants
MAPLEBEAR, INC. dba INSTACART

9 |
UNITED STATES DISTRICT COURT

10 |
NORTHERN DISTRICT OF CALIFORNIA

11 |

12 | DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually, and On Behalf of All Others Similarly Situated Employees,

Plaintiffs,

v.

MAPLEBEAR, INC., dba INSTACART and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:15-cv-00697-EMC

**DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' COLLECTIVE ACTION COMPLAINT AND FIRST AMENDED CLASS ACTION COMPLAINT**

Date:        June 25, 2015
Time:        1:30 p.m.
Courtroom: 5
Judge:       Hon. Edward M. Chen

13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

948531

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION .................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ...........................................2

III.    BACKGROUND .............................................................................................3

IV.     ARGUMENT ...................................................................................................4

        A.      The Court Should Dismiss Plaintiffs' California Claims Asserted on Behalf
                of Non-California Putative Class Members as an Impermissible
                Extraterritorial Application of California Law .......................................5

        B.      Plaintiffs' First Cause of Action (Violation of the FLSA) Should Be
                Dismissed for Failure to State a Claim ...................................................7

                1.      Plaintiffs' FLSA claim based on minimum wage requirements fails
                        because Plaintiffs have not alleged sufficient facts regarding their
                        hours and compensation.................................................................7

                2.      Plaintiffs' FLSA claim based on overtime pay requirements fails
                        because Plaintiffs have not alleged sufficient facts regarding their
                        hours and compensation.................................................................8

                3.      Plaintiffs' FLSA claim for recordkeeping requirements fails
                        because there is no private right of action under that provision. .................9

                4.      Plaintiffs' FLSA claim based on willful violations fails because
                        Plaintiffs have not alleged sufficient facts regarding willfulness. .............10

        C.      Plaintiffs' Eighth Cause of Action (Willful Misclassification) Should Be
                Dismissed Because There Is No Private Right of Action and Plaintiffs
                Have Failed to Allege Sufficient Facts Regarding Instacart's Willful
                Behavior.................................................................................................12

                1.      Plaintiffs' Labor Code claim for willful misclassification fails
                        because there is no private right of action. .................................12

                2.      Plaintiffs' Labor Code claim for willful misclassification fails
                        because it has not been sufficiently pled......................................12

        D.      Plaintiffs' Ninth Cause of Action (Advice Regarding Misclassification)
                Should Be Dismissed Because Plaintiffs Have Failed to Allege Sufficient
                Facts Regarding the Identity of the Alleged Advisor(s), the Nature of the
                Alleged Advice, and the Consideration Received .................................13

        E.      Plaintiffs' Twelfth Cause of Action (Fraud) Should Be Dismissed Because
                Plaintiffs Have Failed to Plead Fraud with Particularity .....................14

i

948531

F.   Plaintiffs' Allegations of Fraud in the Eleventh Cause of Action (Unfair, Unlawful, Fraudulent Business Practices) Should Be Stricken as Based on an Inadequately Pled Claim of Fraud.................................................................16

G.   Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken as Improper Because the Non-PAGA Claims Do Not Provide Punitive Damages as a Remedy ...........................................................................16

V.   CONCLUSION.................................................................................................17

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Adair v. City of Kirkland*
    185 F.3d 1055 (9th Cir. 1999) ........................................................................... 7

*Anderson v. Blockbuster Inc.*
    No. 210CV00158MCEGGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010)............................ 8

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)............................................................................... *passim*

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1988) ........................................................................ 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)............................................................................... *passim*

*Bly-Magee v. California*
    236 F.3d 1014 (9th Cir. 2001) ...................................................................... 14

*Campagna v. Language Line Servs., Inc.*
    No. 5:08-CV-02488-EJD, 2012 WL 1565229 (N.D. Cal. May 2, 2012)................................. 5

*Chao v. A-1 Med. Servs., Inc.*
    346 F.3d 908 (9th Cir. 2003) ...................................................................... 10

*Cooper v. Pickett*
    137 F.3d 616 (9th Cir. 1997) ...................................................................... 14

*Cotter v. Lyft, Inc.*
    No. 13-CV-04065-VC, 2014 WL 3884416 (N.D. Cal. Aug. 7, 2014) ........................ 1, 5, 6, 7

*Cunningham v. Elec. Data Sys. Corp.*
    579 F. Supp. 2d 538 (S.D.N.Y. 2008)............................................................... 10

*Decker v. GlenFed, Inc.*
    42 F.3d 1541 (9th Cir. 1994) ...................................................................... 14

*Deleon v. Time Warner Cable LLC,*
    No. CV 09-2438 AG RNBX, 2009 WL 9426145 (C.D. Cal. July 17, 2009) ...................... 8, 9

*Edgar v. MITE Corp.*
    457 U.S. 624 (1982)............................................................................... 1, 7

*Elwell v. Univ. Hospitals Home Care Servs.*
    276 F.3d 832 (6th Cir. 2002) ...................................................................... 10

*Hancock v. Walt Disney World Inc.*
    136 F. App'x 18 (9th Cir. 2005) ................................................................... 10

iii

948531

*Harding v. Time Warner, Inc.*
  No. 09CV1212-WQHWMC, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ........................... 8

*Healy v. Beer Inst., Inc.*
  491 U.S. 324 (1989) ........................................................................................ 7

*In re Stac*
  89 F.3d 1399 (9th Cir. 1996) ........................................................................ 16

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ......................................................... 15

*Jones v. Casey's Gen. Stores*
  538 F. Supp. 2d 1094 (S.D. Iowa 2008) ........................................................ 8

*Landers v. Quality Commc'ns, Inc.*
  771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015) ........................... 9

*Lopez v. Tri-State Drywall, Inc.*
  861 F. Supp. 2d 533 (E.D. Pa. 2012) ........................................................... 10

*McLaughlin v. Richland Shoe Co.*
  486 U.S. 128 (1988) ...................................................................................... 11

*Morgovsky v. Adbrite, Inc.*
  No. C10-05143, 2012 WL 1595105 (N.D. Cal. May 4, 2012) .......................... 11

*Nakahata v. New York-Presbyterian Healthcare Sys.*
  723 F.3d 192 (2d Cir. 2013) ............................................................................ 9

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ........................................................................... 4

*Nelson v. Waste Mgmt. of Alameda Cnty., Inc.*
  33 Fed. Appx. 273 (9th Cir. 2002) ................................................................ 11

*Neubronner v. Milken*
  6 F.3d 666 (9th Cir. 1993) ............................................................................ 14

*O'Connor v. Uber Techs., Inc.*
  No. 13-cv-03826-EMC, 2014 WL 4382880 (N.D. Cal. Sept. 4, 2014) ................ 1, 5, 6

*Pareto v. FDIC*
  139 F.3d 696 (9th Cir. 1998) ........................................................................... 4

*Prado-Steiman ex rel. Pardo v. Bush*
  221 F.3d 1266 (11th Cir. 2000) ....................................................................... 8

*Sarviss v. General Dynamics Info. Tech., Inc.*
  663 F. Supp. 2d 883 (C.D. Cal. 2009) ............................................................ 5

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ....................................................................... 16

iv

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

*Villalpando v. Exel Direct., Inc.*
   No. 12-cv-04137, 2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) .......................................... 12

*Wright v. Adventures Rolling Cross Country, Inc.*
   No. 12-cv-0982-EMC, 2012 U.S. Dist. LEXIS 104378 (N.D. Cal. May 3, 2012)............... 6, 7

**State Cases**

*Cicone v. URS Corp.*
   183 Cal. App. 3d 194 (1986) ................................................................................................. 15

*Harazim v. Lynam*
   267 Cal. App. 2d 127 (1968) ................................................................................................. 15

*Lazar v. Superior Court*
   12 Cal. 4th 631 (1996) .......................................................................................................... 14

*Lu v. Hawaiian Gardens Casino, Inc.*
   50 Cal. 4th 592 (2010) .......................................................................................................... 12

*North Alaska Salmon Co. v. Pillsbury*
   174 Cal. 1 (1916) ................................................................................................................ 1, 5

*Stevenson v. Superior Court*
   16 Cal. 4th 880 (1997) .......................................................................................................... 15

*Sullivan v. Oracle Corp.*
   51 Cal. 4th 1191 (2011) .......................................................................................................... 5

**Federal Statutes**

Fair Labor Standards Act ........................................................................................... *passim*
   29 U.S.C. § 206(a)(1)(C) ........................................................................................................ 7
   29 U.S.C. § 211(c) ................................................................................................................ 10
   29 U.S.C. § 216(b) ................................................................................................................ 10

**State Statutes**

California Business and Professions Code § 17200 ..................................................................... 16

California Labor Code
   § 226.8, *et seq.* ............................................................................................................. 12, 13
   § 2753 .................................................................................................................................. 13
   § 210 .................................................................................................................................... 16
   § 558 .................................................................................................................................... 16
   § 2699 .................................................................................................................................. 17

New York Labor Code §§ 198, 663 .............................................................................................. 17

Pennsylvania Minimum Wage Act § 333.101 *et seq.* ................................................................. 17

v

948531

**Federal Rules**

Federal Rule of Civil Procedure 9(b) ............................................................. 2, 14, 15, 16

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 4

**Treatises**

3 B.E. Witkin, California Procedure § 7 (4th ed. 1996) ............................................. 15

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1

## NOTICE OF MOTION

2 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3          **PLEASE TAKE NOTICE** that at the time and place set forth above, or as soon thereafter

4 as the matter may be heard, Defendant MAPLEBEAR, INC. dba INSTACART ("Instacart") will

5 move the Court for an order dismissing certain claims in and striking certain portions of

6 Plaintiffs' Collective Action Complaint and First Amended Class Action Complaint.

7          This motion is based upon this Notice of Motion, the Memorandum of Points and

8 Authorities in Support of the Motion to Dismiss and Motion to Strike, all pleadings and papers on

9 file in this action, and upon such further oral and written argument and evidence as may be

10 presented at or prior to the hearing of this matter.

11

12 Dated:  May 21, 2015                                    KEKER & VAN NEST LLP

13                                                   By:   /s/ Rachael E. Meny

14                                                         RACHAEL E. MENY
                                                          BENJAMIN BERKOWITZ
15                                                        RYAN K. WONG
                                                          REESE NGUYEN
16
                                                          Attorneys for Defendants
17                                                        MAPLEBEAR, INC. dba INSTACART

18

19

20

21

22

23

24

25

26

27

28

948531

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Dominic Corbarruviaz, Arlin Golden, John Reilly, Christopher Russell, Susan Bannon, Batya Weber, and Derek Williams' ("Plaintiffs") Collective Action Complaint and First Amended Class Action Complaint ("Amended Complaint") alleges twenty-five causes of action against Defendant Maplebear, Inc. dba Instacart ("Instacart").  Dkt. No. 17.  Pursuant to Rule 12(b)(6), Instacart hereby moves to dismiss the following claims, or strike portions thereof, which are fatally deficient:

*First*, nine of Plaintiffs' claims (the second through eleventh causes of action) fail because they improperly assert extraterritorial claims under the California Labor Code and Unfair Competition Law ("UCL") on behalf of non-California residents performing services outside of California.  Such claims are precluded by decades of California Supreme Court precedent holding that California state statutes are presumed to have no extraterritorial effect, *see, e.g.*, *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916), and by the U.S. Supreme Court's Commerce Clause jurisprudence, which "precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the state," *Edgar v. MITE Corp.*, 457 U.S. 624, 643 (1982).  Thus, this Court should reject Plaintiffs' improper attempt to apply California law to nonresidents who work in other states, as courts in this district have recently done with nearly identical claims.  *See O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2014 WL 4382880, at *2–13 (N.D. Cal. Sept. 4, 2014); *Cotter v. Lyft, Inc.*, No. 13-CV-04065-VC, 2014 WL 3884416, at *5 (N.D. Cal. Aug. 7, 2014).

*Second*, Plaintiffs' claim for violations of the Fair Labor Standards Act ("FLSA") (first cause of action) fails in two respects: (1) Plaintiffs' claim relies on conclusory allegations that do not satisfy the minimum pleading standard set forth in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*; and (2) Plaintiffs' claim for failure to keep adequate records fails as a matter of law because the FLSA does not provide a private right of action for such violations.

*Third*, Plaintiffs' claim for willful misclassification (eighth cause of action) fails because California law does not provide a private right of action for this statutory provision.  Additionally,

1

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

the claim fails because Plaintiffs simply parrot the statute and have not alleged any facts showing that Instacart knowingly misclassified Plaintiffs as independent contractors.  Plaintiffs' allegations are thus insufficient to state a claim for relief under *Twombly* and *Iqbal*.

*Fourth,* Plaintiffs' claim for allegedly improper "advice regarding misclassification" (ninth cause of action) fails because Plaintiffs again simply parrot the statute and do not properly allege either the identity of the alleged advisors or the consideration received in return for the advice.  This, too, is insufficient to state a claim for relief under *Twombly* and *Iqbal*.

*Fifth*, Plaintiffs' claims for fraud and fraudulent business practices under the UCL (eleventh and twelfth causes of action) fail because Plaintiffs' allegations in support of each claim fall far short of meeting the heightened pleading requirements for fraud set forth in Federal Rule of Civil Procedure Rule 9(b).  Thus, both of these claims must be dismissed.

*Finally*, Plaintiffs' claims for punitive damages under the California Labor Code provisions, and New York, Pennsylvania, and Colorado law, should be stricken because punitive damages are not allowed for such claims.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The following issues are raised by this motion:

1.   Whether Plaintiffs and putative class members who performed services in states other than California can assert California statutory claims for relief (second through eleventh causes of action), despite California's presumption against extraterritorial application of its laws;

2.   Whether Plaintiffs have stated a claim for failure to pay minimum wage or overtime compensation in violation of the FLSA, despite failing to plead any facts about hours worked or compensation owed;

3.   Whether Plaintiffs have stated a claim for failure to keep adequate records in violation of the FLSA, even though there is no private right of action for violations of that provision of the FLSA;

4.   Whether Plaintiffs have stated a claim for willful violations of the FLSA, despite failing to plead any facts to show knowledge;

5.   Whether Plaintiffs have stated a claim for willful misclassification, even though there is

2

948531

no private right of action for violations of this provision and even though Plaintiffs have omitted allegations essential to that claim;

6. Whether Plaintiffs have stated a claim for advice regarding misrepresentation, despite omitting allegations essential to that claim;

7. Whether Plaintiffs have stated a claim for fraud, despite failing to plead fraud with particularity;

8. Whether Plaintiffs' allegations regarding fraudulent business practices should be stricken because they are premised on an inadequately plead claim for fraud; and

9. Whether Plaintiffs' claims for punitive damages under the California Labor Code claims and New York, Pennsylvania, and Colorado law-based claims should be stricken because punitive damages are not allowed for such claims.

## III.  BACKGROUND

Plaintiffs allege that Instacart provides grocery delivery services in cities throughout the country, offering  customers the ability to purchase groceries from specified stores on a mobile phone application or over the Internet and have them delivered by "personal shoppers" within one or two hours.  Am. Compl. ¶¶ 34–35.  The Amended Complaint alleges that Plaintiffs Corbarruviaz and Golden are residents of California, Plaintiffs Reilly and Russell are residents of New York, Plaintiffs Bannon and Weber are residents of Pennsylvania, and Plaintiff Williams is a resident of Colorado.  *Id.* at ¶¶ 12–18.  Plaintiffs allege that they were employed by Instacart as shoppers, drivers and delivery persons since 2013 or 2014, and that Instacart misclassified them as independent contractors.  *Id.* at ¶ 37.

Plaintiffs contend that Instacart "voluntarily and knowingly" misclassified Plaintiffs as independent contractors.  *Id.* at ¶ 59.  They further contend that unnamed "defendants" advised Instacart to treat Plaintiffs as independent contractors, but allege no specific facts about the identity of those advisors, the nature of that advice, when such advice was rendered or received, or whether any consideration was exchanged.  *Id.* at ¶ 60.

Plaintiffs contend that Instacart "acted with malice, oppression and/or conscious disregard for the statutory and/or other rights of Plaintiffs, and committed fraud by willingly and wrongly

3

948531

1    treating Plaintiffs as independent contractors and not employees." *Id.* at ¶ 74. But Plaintiffs fail

2    to allege such details as the nature of the alleged misrepresentation; whether and how it may have

3    been material; who it was communicated to and from; when, where, and how it was

4    communicated; and whether and how it was relied upon.

5    **IV.    ARGUMENT**

6           A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

7    sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal

8    pursuant to Rule 12(b)(6) is proper when there is either a "lack of a cognizable legal theory or the

9    absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

10   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

11          Under the relevant U.S. Supreme Court precedent, Plaintiffs' complaint must satisfy

12   several requirements to survive a motion to dismiss under Rule 12(b)(6). First, although the

13   Court must accept material factual allegations as true, the Court must determine whether

14   Plaintiffs have pled such facts or simply alleged conclusions. Pleadings that are "no more than

15   conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

16   (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Pareto v. FDIC*,

17   139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations . . . and unwarranted inferences" are

18   insufficient). Additionally, where a complaint contains allegations that are simply "threadbare

19   recitals of the elements," not factual allegations, the Court should ignore such allegations. *Id.*

20          Second, the Court must also determine whether the complaint on its face states a plausible

21   claim for relief, not simply speculation. *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at

22   570). This requires Plaintiffs to allege facts showing that their "right to relief [rises] above the

23   speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs must also show "more than a sheer

24   possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (holding that, where a

25   complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

26   the line between possibility and plausibility of 'entitlement to relief'"). If a plaintiff's allegations

27   do not bring his "claims across the line from conceivable to plausible, [the] complaint must be

28   dismissed." *Twombly*, 550 U.S. at 570.

4

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

## A. The Court Should Dismiss Plaintiffs' California Claims Asserted on Behalf of Non-California Putative Class Members as an Impermissible Extraterritorial Application of California Law

Plaintiffs assert ten California Labor Code and UCL claims on behalf of a putative nationwide class that includes non-California residents.  Plaintiffs allege that these California claims are brought on behalf of themselves and "[a]ll persons who performed grocery shopping and/or delivery work *anywhere in the United States*."  *See* Am. Compl. ¶ 24 (emphasis added).  However, the California laws on which those claims are based do not apply extraterritorially, nor can contractual choice-of-law provisions create an extraterritorial cause of action.  *See O'Connor*, 2014 WL 4382880, at *9–12; *Cotter*, 2014 WL 3884416, at *5.

It is well-established under California law that state statutes are presumed to have no extraterritorial effect.  *See North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916).  As the Supreme Court of California stated in *North Alaska Salmon*, "[o]rdinarily the statutes of a state have no force beyond its boundaries. . . . Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions occurring beyond its boundaries, the presumption is that it did not intend to give its statutes any extraterritorial effect."  *Id.* at 4.  This presumption has been applied time and again to bar California Labor Code and UCL claims based on work performed outside of California.  *See, e.g., Campagna v. Language Line Servs., Inc.*, No. 5:08-CV-02488-EJD, 2012 WL 1565229, at *3–4 (N.D. Cal. May 2, 2012) (holding that language interpreters who worked outside California could not be included in a class for Labor Code and UCL claims because California wage and hour laws did not cover out-of-state work "performed by nonresidents who primarily work[ed] outside California"); *Sarviss v. General Dynamics Info. Tech., Inc.,* 663 F. Supp. 2d 883, 900 (C.D. Cal. 2009) (noting that cases "discussing the extraterritorial application of California's wage and hour law . . . have tended to find that California wage and hour provisions do not apply to non-resident Californians who work primarily outside of California."); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1198 (2011) (holding that "[n]either the language of the UCL nor its legislative history provides any basis for concluding the Legislature intended the UCL to operate extraterritorially. Accordingly, the presumption against extraterritoriality applies to the UCL in full force.").

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

Two courts in this District, including this Court, have recently rejected the extraterritorial extension of California claims in similar wage and hour class actions.  In *O'Connor*, this Court held that the California Labor Code and UCL did not create a cause of action for Uber drivers who performed work entirely outside California.  *See O'Connor*, 2014 WL 4382880, at *12 (holding that the Labor Code violations and the UCL do not apply to work performed outside of California, including because they "do not apply extraterritorially and, therefore, cannot apply to those Plaintiffs or unnamed class members who worked in states other than California.").  In *Cotter v. Lyft*, Judge Chhabria reached the same conclusion, striking claims from non-California putative class members who drove only outside of California.  *Cotter*, 2014 WL 3884416, at *3.  As both courts found, the plaintiffs' nationwide class allegations should be stricken because there is nothing in the language or legislative history of the California Labor Code or UCL that evinced any discernable legislative intent to extend their reach extraterritorially.  *See O'Connor*, 2014 WL 4382880, at *12; *Cotter*, 2014 WL 3884416, at *3.

Here, as in *O'Connor* and *Cotter*, Plaintiffs seek to assert California Labor Code and UCL claims on behalf of class members who reside and perform services entirely outside of California.  *See* Am. Compl. ¶ 24.  In attempting to extend California law beyond its borders, Plaintiffs suggest that the choice-of-law provisions contained in the Independent Contract Agreements entered into between Instacart and Plaintiffs somehow overcome the presumption against extraterritoriality.  *See* Am. Compl. ¶¶ 6, 140.[1]  However, as this Court previously observed, "a contractual choice of law provision that incorporates California law presumably incorporates all of California law—including California's presumption against extraterritorial application of its law." *O'Connor*, 2014 WL 4382880, at *12 (citing *Wright v. Adventures Rolling Cross Country, Inc.*, No. 12-cv-0982-EMC, 2012 U.S. Dist. LEXIS 104378, at *12 (N.D. Cal. May 3, 2012)).  Indeed, the law is clear that Plaintiffs cannot rely on a choice-of-law provision to overcome California's presumption against extraterritoriality.  *See also Cotter*, 2014 WL 3884416, at *4

---

[1] Plaintiffs allege that these agreements constitute "uniform contracts between Instacart and its shoppers/delivery persons applying California law to their relationships and rights." Am. Compl. ¶¶ 6, 140.

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

("[a]n employee cannot create by contract a cause of action that California law does not provide."); *Wright*, 2012 U.S. Dist. LEXIS 104378, at *12 ("[T]he California Labor Code provisions at issue implicitly contain geographical limitations and . . . when a law contains geographical limitations on its application, courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." (quotations and emphasis omitted)).[2]  Thus, Plaintiffs' California Labor Code and UCL claims on behalf of non-California plaintiffs must be dismissed with prejudice.

> ## B. Plaintiffs' First Cause of Action (Violation of the FLSA) Should Be Dismissed for Failure to State a Claim
>
> ### 1. Plaintiffs' FLSA claim based on minimum wage requirements fails because Plaintiffs have not alleged sufficient facts regarding their hours and compensation.

In their first cause of action under the FLSA, Plaintiffs allege that "pursuant to uniform policies and practices," Instacart did not pay them minimum wage for all hours worked.  Am. Compl. ¶ 80.  But the Amended Complaint offers no factual allegations to support that conclusion, which accordingly must be dismissed and/or stricken as a matter of law.

The FLSA requires that nonexempt workers be paid wages for each work week that, on average, cover the minimum wage.[3]  *See Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) (holding that district court properly rejected any minimum wage claim plaintiffs may have brought because their salary, when averaged across their total time worked, paid them above minimum wage).  Thus, to state a FLSA claim, a plaintiff must, "at least approximately, allege the

_____

[2] The prohibition on extraterritorial application of California's employment statutes is also consistent with the U.S. Supreme Court's Commerce Clause jurisprudence. As the Supreme Court has explained, the "Commerce Clause . . . precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within that state." *Edgar v. MITE Corp.*, 457 U.S. at 642–43.  In *Healy v. Beer Institute, Inc.*, the U.S. Supreme Court specified that, in evaluating the constitutionality of a state statute, "[t]he critical inquiry is whether the practical effect of the [state statute] is to control conduct beyond the boundaries of the State."  491 U.S. 324, 336 (1989).  As Judge Chhabria observed in *Cotter*, "[t]he compensation of nonresidents who work exclusively outside the state would seem to constitute 'commerce that takes place wholly outside of [California's] borders'" and "[w]hether California can constitutionally regulate this compensation is therefore, at best, a difficult question."  *Cotter*, 2014 WL 3884416, at *5.

[3] As of 2012, the commencement of the alleged class period, Am. Compl. ¶ 21, the federal minimum wage was $7.25 per hour.  *See* 29 U.S.C. § 206(a)(1)(C).

7
DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

hours worked for which [minimum] wages were not received" and "state when or how defendant failed to pay the required wages."  *Harding v. Time Warner, Inc.*, No. 09CV1212-WQHWMC, 2009 WL 2575898, at *4 (S.D. Cal. Aug. 18, 2009) (*quoting Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008)); *Anderson v. Blockbuster Inc.*, No. 210CV00158-MCEGGH, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010).  Generalized class allegations are insufficient; to state a claim, the specific named plaintiffs must plead facts to show that they experienced these alleged wage and hour violations themselves.  *See Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009).

Here, Plaintiffs have not pled any specific factual allegations to support their conclusory claims that Plaintiffs were not compensated at least the minimum wage rate on average—such as what specific weeks Plaintiffs contend they worked at a rate below minimum wage, what hours they worked, what compensation they received for those hours, and what amounts Plaintiffs contend they are owed.[4]  *See* Am. Compl. ¶¶ 76–85.  Instead of such facts, Plaintiffs rely on a boilerplate allegation that Instacart "failed to compensate Plaintiffs at a rate of not less than the minimum wage for all hours worked."  *Id.* at ¶ 80.  This allegation is "no more than [a] conclusion[]" and thus "not entitled to the assumption of truth" and insufficient to establish a viable claim.  *Iqbal*, 129 S. Ct. at 1950; *see supra* Part IV at page 4.  Accordingly, Plaintiffs' claim for violation of the FLSA's minimum wage requirements should be dismissed and/or stricken from the Amended Complaint.

> **2.   Plaintiffs' FLSA claim based on overtime pay requirements fails because Plaintiffs have not alleged sufficient facts regarding their hours and compensation.**

Plaintiffs' claim for violation of the FLSA's overtime pay requirements in its first cause of action fails for the same reasons that its FLSA minimum wage claim fails: Plaintiffs' allegations are conclusory recitations of the statute with no factual allegations to support the claim.

In a recent decision, the Ninth Circuit made clear that a Plaintiff alleging FLSA violations

---

[4] Because Plaintiffs failed to plead their own right to relief, the collective claims also fail.  *See Prado-Steiman ex rel. Pardo v. Bush*, 221 F.3d 1266, 1279–80 (11th Cir. 2000) ("[A claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.").

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1   cannot merely allege that they did not receive overtime pay for overtime hours worked.  "[I]n

2   order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must

3   allege that she worked more than forty hours *in a given workweek* without being compensated for

4   the overtime hours worked *during that workweek*."  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d

5   638, 644-45 (9th Cir. 2014) (emphasis added), *as amended* (Jan. 26, 2015), *cert. denied*, No. 14-

6   969, 2015 WL 569003 (U.S. Apr. 20, 2015).  Simply reciting the statutory language is

7   inadequate. *Id.* at 645.  Instead, in order to establish a viable claim, a plaintiff must allege facts

8   such as those "estimating the length of her average workweek during the applicable period and

9   the average rate at which she was paid, the amount of overtime wages she believes she is owed,

10   or any other facts that will permit the court to find plausibility." *Id.*  Thus, the Ninth Circuit held

11   that a FLSA claim which does not allege factual details regarding a given workweek when the

12   plaintiff worked more than forty hours and was not paid overtime for that week can be dismissed

13   because such allegations "fail[] to provide 'sufficient detail about the length and frequency of

14   [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a

15   given week'" and "merely alleged that [he was] not paid for overtime hours worked." *Id.* at 646

16   (*quoting Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013).

17       Here, Plaintiffs' allegations are similar to those that the Ninth Circuit rejected in *Landers*.

18   Plaintiffs allege only that Instacart did not compensate them with overtime wages "for all hours

19   worked in excess of 40 hours in a single week." Am. Compl. ¶ 80.  They do not allege any facts

20   about what weeks each of them worked more than forty hours, what compensation they received

21   for those particular weeks, and what compensation they allege is due.  *See id.*  The allegations do

22   no more than "recite[] the statutory language setting forth the elements of the claim, and then

23   slavishly repeat[] the statutory language as to the purported factual allegations."  *Deleon*, 2009

24   WL 9426145, at *3.  This is insufficient under *Twombly* and *Iqbal*, and the FLSA overtime claim

25   should be dismissed and/or stricken from the Amended Complaint.

26       **3.**    **Plaintiffs' FLSA claim for recordkeeping requirements fails because there is no private right of action under that provision.**

27

28       Plaintiffs' first cause of action also alleges that Instacart "failed to record, report, or

9
DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

preserve records of hours worked by Plaintiffs" in violation of the FLSA.  Am. Compl. ¶ 81.  However, because the FLSA does not provide a private right of action to permit Plaintiffs to recover for that type of violation, Plaintiffs' claim based on the FLSA's record-keeping provisions must be dismissed and/or stricken from the Amended Complaint.

The FLSA authorizes only certain types of employee suits, including for unpaid overtime or minimum wages, but does not permit employees to recover for violations of the FLSA's recordkeeping requirements.  *See* 29 U.S.C. 216(b); *Elwell v. Univ. Hospitals Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor."); *Lopez v. Tri-State Drywall, Inc.*, 861 F. Supp. 2d 533, 536 (E.D. Pa. 2012) ("This court agrees with defendant Tri–State that FLSA's record keeping and notice provisions do not afford Mr. Lopez a private right of action."); *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008) ("Defendant is correct that there is no private right of action to enforce [29 U.S.C. § 211(c)]."); *cf. Hancock v. Walt Disney World Inc.*, 136 Fed. Appx. 18, 20 (9th Cir. 2005) ("[T]he district court did not err when it dismissed with prejudice the causes of action alleging falsification of records under . . . the Fair Labor Standards Act, 29 U.S.C. § 211, because there is no private right of action for these federal claims.").  Thus, because the FLSA does not provide for a private right of action, Plaintiffs' recordkeeping claims must be dismissed and/or stricken from the Amended Complaint.  *See* Am. Compl. ¶ 81.

### 4.    Plaintiffs' FLSA claim based on willful violations fails because Plaintiffs have not alleged sufficient facts regarding willfulness.

Plaintiffs' first cause of action under the FLSA also alleges that Instacart not only violated the FLSA, but did so *willfully*.  Yet because Plaintiffs allegations of willfulness are merely conclusory and lack any "factual content," they must be dismissed and/or stricken as a matter of law.

A violation of the FLSA is willful only if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *Chao v. A-1 Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486

10

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

U.S. 128, 133 (1988)).  Mere negligence on the part of the employer will not suffice. *McLaughlin*, 486 U.S. at 133; *see also Nelson v. Waste Mgmt. of Alameda Cnty., Inc.*, 33 Fed. Appx. 273, 274 (9th Cir. 2002) ("Mere negligence by the employer in determining its legal obligation is not sufficient; there must be evidence that the employer affirmatively knew it was violating the FLSA or that it was acting with 'reckless disregard' of the FLSA.")  Moreover, "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is not willful.  *McLaughlin*, 486 U.S. at 135 n.13.

In *Morgovsky v. Adbrite*, the court dismissed as inadequately pled willfulness allegations similar to those asserted here.  *Morgovsky v. Adbrite, Inc.*, No. C10-05143, 2012 WL 1595105 (N.D. Cal. May 4, 2012).  In that case, the plaintiff alleged that "Defendants were fully aware of all aspects of the FLSA . . . and thus Defendants knowingly and willfully" permitted the plaintiff to work overtime hours without paying overtime wages.  *Id*. at *6.  The plaintiff further alleged that "Defendants intentionally and/or with reckless disregard for their responsibilities under the FLSA, and without good cause" failed to pay [ ] proper wages.  *Id*.  However, because plaintiffs did not allege any "facts showing that Defendants knew their conduct with respect to Plaintiff was prohibited by the FLSA," the Court found that "[plaintiff] has not pled factual content that allows the Court to draw the reasonable inference that Defendants willfully violated the FLSA."  *Id*. at *7.  The Court then dismissed the complaint, finding that "these conclusory allegations lack sufficient factual matter to satisfy the plausibility standard set forth in *Iqbal* and *Twombly*." *Id*.

Here, just as in *Morgovsky*, Plaintiffs' allegations of willfulness are devoid of "factual content."  Indeed, Plaintiffs allege only that "[t]he conduct described above constitutes willful violations of the FLSA," Am. Compl. ¶ 82, but do not allege facts showing that Instacart *knew* that its conduct violated the FLSA.  Elsewhere, Plaintiffs allege that Instacart "voluntarily and knowingly misclassified Plaintiffs as independent contractors," *id.* at ¶ 59, but those allegations, too, are wholly conclusory and lack the "factual content" required to plead a claim for *willful* violation of the FLSA.  *Morgovsky*, 2012 WL 1595105, *7.

Thus, Plaintiffs' claim for *willful* violation of the FLSA must be dismissed and/or stricken from the Amended Complaint.  *See* Am. Compl. ¶ 82.

11
DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1

**C.      Plaintiffs' Eighth Cause of Action (Willful Misclassification) Should Be Dismissed Because There Is No Private Right of Action and Plaintiffs Have Failed to Allege Sufficient Facts Regarding Instacart's Willful Behavior.**

2

3      Plaintiffs' eighth cause of action asserts that Instacart is liable under California Labor

4  Code § 226.8 for willfully misclassifying Plaintiffs as independent contractors.  This claim fails

5  for two independent reasons: (1) Labor Code § 226.8 does not provide a private right of action;

6  and (2) even if it did, Plaintiffs have not sufficiently alleged this claim.

7      **1.      Plaintiffs' Labor Code claim for willful misclassification fails because there is no private right of action.**

8

9      Plaintiffs' Labor Code § 226.8 claim fails at the outset because there is no private right of

10  action for this claim.  A private right of action exists under a California state statute only if "the

11  legislature has 'manifested an intent to create such a private cause of action' under the statute."

12  *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (citations omitted).  In order to

13  create a private right of action, a statute can contain "clear, understandable, unmistakable terms"

14  indicating that the Legislature intended to create a private cause of action, explicitly refer to the

15  method of enforcing its substantive provisions, or have legislative history indicating the existence

16  of such a right.  *Id.* at 597.  If these are not present, then the statute does not create a private right

17  of action and any such claim should be dismissed.  *Id.* at 604.

18      California Labor Code § 226.8 does not provide Plaintiffs with a private right of action.

19  Section 226.8(g)(3) explicitly provides that it is the Labor Commissioner, not private plaintiffs,

20  that can pursue a civil action under this section.  *See* Cal. Labor Code § 226.8(g)(3).  Thus, as

21  another court in this District has found, there is no private right of action under California Labor

22  Code § 226.8.  *Villalpando v. Exel Direct., Inc.*, No. 12-cv-04137, 2014 WL 1338297 at *14–19

23  (N.D. Cal. Mar. 28, 2014).  Plaintiffs' Labor Code § 226.8 claim should be dismissed.

24      **2.      Plaintiffs' Labor Code claim for willful misclassification fails because it has not been sufficiently pled.**

25

26      Plaintiffs' Labor Code § 226.8 claim also fails because it has not been sufficiently pled.

27  To allege a violation of California Labor Code § 226.8 for "willful misclassification," Plaintiffs

28  must allege facts showing that Instacart "willful[ly] misclassif[ied] an individual as an

12

948531

independent contractor."   Cal. Labor Code § 226.8(a).  Under this statute, willful

misclassification is defined as "voluntarily and knowingly misclassifying that individual as an

independent contractor."  *Id.* at § 226.8(i)(4).

Here, Plaintiffs' Amended Complaint speculates that Instacart "knew that Plaintiffs were

properly treated as employees but chose to misclassify them as independent contractors," but

Plaintiffs do not allege any facts to support this conclusory allegation.  *See, e.g.,* Am. Compl. ¶¶

59, 112.  Such allegations are improper under *Twombly* and *Iqbal* because they merely recite

portions of the statutory language in a conclusory fashion, without providing any factual content

to support of their conclusion.  *See Iqbal*, 556 U.S. at 678; *see supra* Part IV, at page 4.

Plaintiffs' claim for willful misclassification must therefore be dismissed.

> **D.    Plaintiffs' Ninth Cause of Action (Advice Regarding Misclassification) Should Be Dismissed Because Plaintiffs Have Failed to Allege Sufficient Facts Regarding the Identity of the Alleged Advisor(s), the Nature of the Alleged Advice, and the Consideration Received**

To allege a violation of California Labor Code § 2753, Plaintiffs must allege facts

showing that someone other than an employee or attorney "knowingly advise[d] an employer to

treat an individual as an independent contractor to avoid employee status for that individual."

Cal. Labor Code § 2753.  Here, Plaintiffs' Amended Complaint merely speculates that unnamed

and unidentified "defendants" have violated the advice-regarding-misclassification provision of

California Labor Code § 2753 by "advising Defendant Instacart to treat Plaintiffs as independent

contractors to avoid employee status for these individuals," knowing that they were allegedly

properly treated as employees.  Am. Compl. ¶¶ 60, 116.  The Amended Complaint is silent as to

the nature and circumstances of the alleged advice.

Plaintiffs' allegations do nothing more than recite portions of the statutory language in a

conclusory fashion, providing no factual content whatsoever in support of their conclusion.

Because Plaintiffs' allegations are mere conclusions, they should be disregarded when assessing

the sufficiency of this claim under *Twombly* and *Iqbal*.  *See Iqbal*, 556 U.S. at 678.  Conclusory

allegations aside, nothing remains of Plaintiffs' allegations, much less sufficient factual content to

plausibly support a claim for relief.  Plaintiffs claim for advice regarding misclassification must

13

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1    therefore be dismissed.

2        **E.    Plaintiffs' Twelfth Cause of Action (Fraud) Should Be Dismissed Because**
         **Plaintiffs Have Failed to Plead Fraud with Particularity**

3

4        Plaintiffs' twelfth cause of action for fraud and intentional misrepresentation also fails for

5    several independent reasons: (1) Plaintiffs have not pled fraud with the required particularity; (2)

6    Plaintiffs cannot base a fraud claim upon issues of law, instead of fact; and (3) Plaintiffs cannot

7    base a fraud claim upon Labor Code violations.  Each of these reasons justifies dismissing

8    Plaintiffs' twelfth cause of action.

9        *First*, Plaintiffs' fraud claim fails as a matter of law, because it fails to meet the

10   heightened pleading standard required for fraud claims under Federal Rule of Civil Procedure

11   9(b).  Rule 9(b) requires that a claim for fraud "must state with particularity the circumstances

12   constituting fraud."  Fed. R. Civ. P. 9(b).  This standard demands that the circumstances

13   constituting the alleged fraud "be 'specific enough to give defendants notice of the particular

14   misconduct . . . so that they can defend against the charge and not just deny that they have done

15   anything wrong.'"  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting

16   *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).  In particular, Rule 9(b) requires that

17   averments of fraud must be accompanied by "the who, what, when, where, and how" of the

18   misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Thus, "a plaintiff

19   must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must

20   set forth what is false or misleading about a statement, and why it is false."  *Decker v. GlenFed,*

21   *Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds by *Powers v.*

22   *Eichen,* 977 F. Supp. 1031 (1997)).

23       Here, Plaintiffs' Amended Complaint fails to set forth any actual facts to meet this

24   heightened pleading standard.  The elements of fraud are: (a) misrepresentation, (b) knowledge of

25   falsity, (c) intent to defraud, (d) justifiable reliance, and (e) resulting damage.  *See Lazar v.*

26   *Superior Court*, 12 Cal. 4th 631, 638 (1996).  Plaintiffs' sole allegations in support of their fraud

27   claim are that Instacart represented to Plaintiffs "that they are not entitled to reimbursement for

28   business-related expenses and therefore not entitled to the benefits or rights conferred by the

14
DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1    employment relationship," that Instacart "knew the[se representations] to be false," and "intended

2    to, and did induce Plaintiffs' reliance" on them, causing economic harm.  *See* Am. Compl. ¶¶

3    134–39.  These threadbare and conclusory allegations are wholly devoid of the factual specificity

4    required by Rule 9(b)'s heightened pleading standard.

5        *Second,* Plaintiffs' fraud claim fails because the misrepresentations alleged are those of

6    *law*, not of *fact*.  In order to be actionable, a claim for fraud or misrepresentation must be based

7    on factual misrepresentations.  *See Harazim v. Lynam*, 267 Cal. App. 2d 127, 131 (1968) (noting

8    that representations forming the basis for a fraud claim must "ordinarily be affirmations of fact . .

9    . misrepresentations of law or legal opinions expressed by laymen are insufficient"); *see also*

10   *Cicone v. URS Corp.,* 183 Cal. App. 3d 194, 202 (1986) ("The theory is either that everyone is

11   bound to know the law, or that a statement regarding the law is mere opinion on which one may

12   not rely.").  Here, the question of whether Plaintiffs were "entitled to reimbursement for business

13   related expenses" or "entitled to the benefits or rights conferred by the employment relationship"

14   are entirely legal conclusions about the scope of Plaintiffs' rights under the applicable labor laws.

15   To permit Plaintiffs to proceed on a fraud claim premised on a disagreement over legal rights is

16   not only contrary to law, but would turn every contract dispute and every arguable statutory

17   violation into a tort action.  Because Plaintiffs' fraud allegations do no more than allege a

18   misrepresentation about legal rights, their fraud claim warrants dismissal.

19       *Lastly,* Plaintiffs' fraud claim fails because the alleged Labor Code violations cannot

20   provide the basis for a fraud claim.  Under California law, "when a new right has been created by

21   statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive

22   and no other remedy will be allowed."  3 B.E. Witkin, California Procedure § 7 (4th ed. 1996);

23   *Stevenson v. Superior Court*, 16 Cal. 4th 880, 900 (1997) ("Where a new right is created by

24   statute, the party aggrieved by its violation is confined to the statutory remedy if one is

25   provided").  A claim for unpaid wages under the Labor Code cannot form the basis for a claim of

26   fraud "given the existence of the Labor Code's 'detailed remedial scheme for violation of its

27   provisions.'"  *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 618–19

28   (N.D. Cal. 2007) (holding that a claim for unpaid wages cannot also state a claim for conversion).

15
DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1    Thus, because the Labor Code provides the exclusive remedy for claims premised on Labor Code

2    violations, Plaintiffs' fraud claim is improper and must be dismissed.

3       **F.    Plaintiffs' Allegations of Fraud in the Eleventh Cause of Action (Unfair,
              Unlawful, Fraudulent Business Practices) Should Be Stricken as Based on an**

4       **Inadequately Pled Claim of Fraud**

5            The heightened pleading standard of Rule 9(b) also applies to "averments of fraud" in all

6    civil cases in federal district court, even for claims for which fraud is not an essential element of

7    the claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  This is because

8    the purpose of Rule 9(b) is to protect a defendant from the reputational harm and loss of goodwill

9    that may result from unsupported charges of wrongdoing, even in the absence of an independent

10   claim of fraud.  *See id.* at 1104; *In re Stac*, 89 F.3d 1399, 1405 (9th Cir. 1996).

11           Plaintiffs' eleventh cause of action under Business and Professions Code § 17200 alleges

12   that Instacart has engaged in "unfair, unlawful, and fraudulent business practices."  Am. Compl. ¶

13   126.  Plaintiffs, however, have not alleged any factual basis for claiming that Instacart engaged in

14   "fraudulent" business practices, and to the extent this claim is based on the allegations of fraud or

15   misrepresentation contained in the twelfth cause of action, the allegations are insufficient for

16   failure to plead fraud with particularity and legally insufficient as described above.  Plaintiffs'

17   allegations of fraud therefore should be stricken from Plaintiffs' eleventh cause of action.

18      **G.    Plaintiffs' Allegations Regarding Punitive Damages Should Be Stricken as
              Improper Because the Non-PAGA Claims Do Not Provide Punitive Damages**

19       **as a Remedy**

20           Nearly all of Plaintiffs' claims under the California Labor Code request statutory

21   penalties, *see, e.g.,* Am. Compl. ¶¶  92, 95, 101, 105, 110, 114, but none of the cited provisions

22   permit a private individual to recover punitive damages for their violation.  Some of the cited

23   Labor Code provisions permit the Labor Commissioner to collect certain penalties on behalf of

24   the California's Labor and Workforce Development Agency, but the provisions do not provide

25   for a private right of action against an employer in order to collect to collect those penalties.  *See,*

26   *e.g.*, Labor Code §§ 210, 558.  Such a private right of action is limited to California claims under

27   the Private Attorney General Act (PAGA), which constitutes Plaintiffs' tenth cause of action.  *See*

28   Am. Compl. ¶¶ 119–23; Labor Code § 2699.  Plaintiffs' claims for punitive damages for

16

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531

1    violations of the Labor Code in its second through ninth causes of action are thus improper and

2    should be stricken from the Amended Complaint.  Alternatively, to the extent that the punitive

3    damages claims in these causes of action are premised on PAGA, they are duplicative of

4    Plaintiffs' tenth cause of action and should be stricken.

5         For the wage and hour claims under New York, Pennsylvania, and Colorado law, there is

6    similarly no basis for punitive damages provided in any of the cited provisions.  The statutes

7    provide for damages in the amount of the unpaid wages and reasonable attorneys' fees and costs,

8    but do not provide for an award of penalties.  *See, e.g.,* N.Y. Lab. Code §§ 198, 663; Penn.

9    Minimum Wage Act § 333.101 *et seq.*, and Colo. Code Regs. § 1103-1.18.  Plaintiffs' claims for

10   punitive damages under these non-California claims, too, should be stricken from the Amended

11   Complaint.

12   **V.    CONCLUSION**

13        For the foregoing reasons, Instacart respectfully requests that the Court grant its motion to

14   dismiss or strike Plaintiffs' Amended Complaint, as detailed herein.

15
16                                             Respectfully submitted,

16   Dated:  May 21, 2015                      KEKER & VAN NEST LLP
17

18                               By:    /s/ *Rachael E. Meny*
19                                      RACHAEL E. MENY
                                        BENJAMIN BERKOWITZ
20                                      RYAN K. WONG
                                        REESE NGUYEN
21
                                        Attorneys for Defendants
22                                      MAPLEBEAR, INC. dba INSTACART

23

24

25

26

27

28

17

DEFENDANT INSTACART'S NOTICE OF MOTION, MOTION TO DISMISS, AND MOTION TO
STRIKE PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:15-cv-00697-EMC

948531