| | |
|---|---|
| Robert S. Arns (# 65071) | KEKER & VAN NEST LLP |
| rsa@arnslaw.com | RACHAEL E. MENY - #178514 |
| Jonathan E. Davis (# 191346) | rmeny@kvn.com |
| jed@arnslaw.com | BENJAMIN BERKOWITZ - #244441 |
| Kevin M. Osborne (# 261367) | bberkowitz@kvn.com |
| kmo@arnslaw.com | NIKKI K. VO - #239543 |
| Julie C. Erickson (# 293111) | nvo@kvn.com |
| jce@arnslaw.com | RYAN K. WONG - #267189 |
| **THE ARNS LAW FIRM** | rwong@kvn.com |
| A Professional Corporation | 633 Battery Street |
| 515 Folsom Street, 3rd Floor | San Francisco, CA 94111-1809 |
| San Francisco, California 94105 | Telephone: 415-391-5400 |
| Tel: (415) 495-7800 / Fax: (415) 495-7888 | Facsimile: 415-397-7188 |

Jahan C. Sagafi, State Bar No. 224887
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Tel: (415) 638-8800 / Fax: (415) 638-8810

Michael J. Scimone (*pro hac vice*)
mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Tel: (212) 245-1000 - Fax: (646) 509-2060

Attorneys for Plaintiffs

Attorneys for Defendant
MAPLEBEAR, INC. dba INSTACART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually, and On Behalf of All Others Similarly Situated Employees,<br><br>Plaintiffs,<br><br>v.<br><br>MAPLEBEAR, INC., dba INSTACART and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:15-cv-00697-EMC<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING SCOPE OF NEW EMPLOYMENT CONTRACT AND ARBITRATION AGREEMENT AND TOLLING**<br><br>Judge: Hon. Edward M. Chen |

1    WHEREAS, Defendant Maplebear, Inc. dba Instacart ("Instacart") seeks to enforce arbitration provisions in an Independent Contractor Agreement ("IC Agreement") between certain individuals and Instacart, as detailed in Instacart's pending Motion to Compel Individual Arbitration (Dkt. No. 29);

WHEREAS, Instacart recently offered a position of employment with Instacart ("the Employment Contract") (attached hereto as Exhibit A) to certain members of Plaintiffs' proposed class;

WHEREAS, the Employment Contract includes an arbitration agreement ("Employment Arbitration Agreement") with terms that are different from those in the operative version of the arbitration agreement at issue in Instacart's currently pending Motion to Compel Arbitration (Dkt. No. 29);

WHEREAS, Plaintiffs' counsel are concerned that proposed class members may construe the Employment Contract as resolving, undermining, or otherwise affecting their claims in this litigation;

WHEREAS, Instacart's position is that the Employment Contract and Employment Arbitration Agreement do not affect the pending Motion to Compel Individual Arbitration, do not apply to any IC Agreement, and do not affect the rights of putative class members to participate in this pending litigation related to relationships allegedly created under the IC Agreement; and

WHEREAS, the Parties wish to avoid any motion practice in this litigation regarding the effect of the Employment Contract and the Employment Arbitration Agreement on the Instacart's pending Motion to Compel Individual Arbitration, and also to avoid any motion practice regarding any assertion by Plaintiffs regarding whether a "corrective notice" should be issued relating to the Employment Contract or Employment Arbitration Agreement, an assertion that is disputed by Instacart.

NOW THEREFORE, the Parties stipulate and agree as follows:

1. The Employment Contract, including the Employment Arbitration Agreement therein, applies only to employment relationships created with Instacart from the time of execution forward, and does not apply retroactively to any relationship created under a

previously existing IC Agreement.

2. Nothing in the Employment Contract (including the Employment Arbitration Agreement therein) affects the ability of putative class members to participate in this litigation related to relationships allegedly created under a previously existing IC Agreement.

3. The statutes of limitations for Fair Labor Standards Act ("FLSA") claims asserted by Plaintiffs in their "[PROPOSED] COLLECTIVE ACTION COMPLAINT [29 U.S.C. §§ 201] AND FIRST AMENDED CLASS ACTION COMPLAINT," dated April 8, 2015, to the extent they are still currently running, are hereby tolled from June 23, 2015 until fourteen days after a decision on Defendant's Motion to Compel Arbitration (Dkt No. 29) and Motion to Dismiss (Dkt No. 27).

Dated: July 21, 2015					KEKER & VAN NEST LLP

						By:	/s/ Rachael E. Meny
							RACHAEL E. MENY
							BENJAMIN BERKOWITZ
							NIKKI K. VO
							RYAN K. WONG

							Attorneys for Defendant
							MAPLEBEAR, INC. dba INSTACART

Dated: July 21, 2015					THE ARNS LAW FIRM

						By:	/s/ Robert S. Arns
							ROBERT S. ARNS
							JONATHAN E. DAVIS
							KEVIN M. OSBORNE
							JULIE C. ERICKSON

							OUTTEN & GOLDEN LLP
							JAHAN C. SAGAFI
							MICHAEL J. SCIMONE (*pro hac vice*)

Attorneys for Plaintiffs
DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually, and On Behalf of All Others Similarly Situated Employees

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: 7/22/15

_____
Honorable District Judge Edward M. Chen
UNITED STATES DISTRICT COURT

IT IS SO ORDERED
Judge Edward M. Chen