Robert S. Arns (# 65071)
Jonathan E. Davis (#191346)
Kevin M. Osborne (#261367)
Robert C. Foss (#275489)
Julie C. Erickson (#293111)
THE ARNS LAW FIRM
515 Folsom Street, 3d Floor
San Francisco, CA 94105
Tel: 415-495-7800
Fax: 415-495-7888
rsa@arnslaw.com
jed@arnslaw.com
kmo@arnslaw.com
ref@arnslaw.com
jce@arnslaw.com

Jahan C. Sagafi
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111-3339
Tel: 415-638-8800
Fax: 415-638-8810
jsagafi@outtengolden.com
Michael Scimone
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: 212-245-1000
Fax: 646-5092060
mscimone@outtengolden.com
*Attorneys for Plaintiffs and Proposed Class Members*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually, and On Behalf of All Other Similarly Situated Employees, Plaintiffs, v. MAPLEBEAR, INC., dba INSTACART; AND DOES 1 through 100, inclusive, Defendants. | Case No.  3:15-cv-00697-EMC  **DECLARATION OF ROBERT S. ARNS IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**  Date: August 20, 2015 Time: 1:30 p.m. Judge: Hon. Edward M. Chen Ctrm: 5 |

-1-

DECLARATION OF ROBERT S. ARNS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY, CASE NO. 3:15-CV-00697-EMC

I, Robert S. Arns, declare:

1. I am a partner with The Arns Law Firm, one of the firms serving as Plaintiffs' counsel herein. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. I am a member in good standing of the bar of the State of California, as well as the U.S. District Courts in California.

3. This Declaration is submitted in support of Plaintiffs' Administrative Motion For Leave To File Surreply.

4. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Shannon Liss-Riordan. Ms. Liss-Riordan is one of the attorneys representing Donna Busick in the class arbitration pending against Instacart in Boston, MA. Ms. Liss-Riordan submits this declaration to clarify the sequence of events that led to the *Busick* arbitration.

5. On the afternoon of August 12, 2015, I communicated to counsel for Defendant, Ben Berkowitz, Rachel Meny, and Ryan Wong, by way of e-mail, that Plaintiffs would be seeking permission from the Court to file a surreply in connection with the pending Motion to Compel Arbitration. I explained the grounds therefore as well. At 2:00pm on August 13, 2015, I met and conferred via telephonic conference with Mr. Berkowitz and Mr. Wong about whether they would stipulate to this filing. Mr. Berkowitz stated that Instacart would likely object to Plaintiffs' request for leave to file a surreply. Later in the evening, on August 13, 2015, I provided a copy of Plaintiffs' Surreply (Exhibit A to Plaintiffs' Administrative Motion For Leave to File Surreply). Mr. Berkowitz stated he will review the document and inform me within 24 hours whether Instacart will object to the filing of this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of August, 2015,
at San Francisco, California.

# Exhibit 1

Robert S. Arns, State Bar No. 65071, rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346, jed@arnslaw.com
Kevin M. Osborne, State Bar No. 261367, kmo@arnslaw.com
Robert C. Foss, State Bar No. 275489, rcf@arnslaw.com
Julie C. Erickson, State Bar No. 293111, jce@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887, jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Michael J. Scimone (*pro hac vice*), mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually and On Behalf of All Others Similarly Situated Employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MAPLEBEAR, INC. dba INSTACART; AND DOES 1 through 100, inclusive;<br><br>Defendants. | Case No. C15-0697 EMC<br><br>**DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY INDIVIDUAL CLAIMS, AND DISMISS CLASS/REPRESENTATIVE CLAIMS**<br><br>JUDGE: Hon. Edward M. Chen<br>DATE: August 20, 2015<br>TIME: 1:30pm |

-1-
DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY INDIVIDUAL CLAIMS, AND DISMISS CLASS/REPRESENTATIVE CLAIMS

I, Shannon Liss-Riordan, Esq. hereby state and declare:

1. I am a partner with the law firm of Lichten & Liss-Riordan, P.C. in Boston, Massachusetts. I have personal knowledge of the facts stated in this declaration, and if called upon to testify, could and would competently testify thereto.

2. On June 30, 2015, I filed a class arbitration complaint against Maplebear, Inc. d/b/a Instacart with JAMS on behalf of Donna Busick, individually and on behalf of other Instacart shoppers and drivers who have worked in Massachusetts, challenging the company's misclassification of them as independent contractors.

3. Before filing the complaint, I reviewed and evaluated Instacart's arbitration agreement, which Ms. Busick had signed.

4. I believed that Instacart's arbitration agreement contained a number of unconscionable features, which could subject it to not being enforced in court. Those features are spelled out in Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration in this case, *Cobarruviaz et al v. Maplebear, Inc. dba Instacart*, Case No. C15-0697 EMC (N.D. Cal.) (Dkt. 52), and I agree with the points raised therein.

5. I nevertheless chose to file the *Busick* complaint in arbitration, as the arbitration agreement does not contain a class action waiver.

6. In making this decision, I took the chance on behalf of Ms. Busick and the putative class that Instacart would waive the unconscionable terms of the agreement, for example, that the workers would not be required to split the cost of arbitration.

7. After filing the arbitration demand, I learned that Instacart would not require Ms. Busick to advance half of the costs of arbitration or arbitrate the case in San Francisco.

8. Of course, as this Court has noted, a party cannot cure an unconscionable contract by agreeing not to enforce an unconscionable term at a later date (after a complaint has been filed). See *Mohamed v. Uber Technologies, Inc.*, C.A. No. 14-5200 (N.D. Cal.) (Dkt. 70), at 31-32 ("This after-the-fact concession cannot render the delegation clause conscionable. As the Supreme Court in *Armendariz* explained, whether a party is now willing to excise an unconscionable clause in a contract "does not

-2-
DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY INDIVIDUAL CLAIMS, AND DISMISS CLASS/REPRESENTATIVE CLAIMS

change the fact that the arbitration agreement as written is unconscionable and contrary to public policy."), citing *Armendariz*, 24 Cal. 4th 83, 125 (2000) (internal quotation marks and citation omitted), and *Sonic-Calabasas*, 57 Cal. 4th 1109, 1134 (2013) (explaining that under California law, unconscionability is measured by "whether a contract provision was unconscionable at the time it was made").

9. Thus, my firm's having filed this arbitration complaint does not demonstrate that Instacart's arbitration clause is not unconscionable. I simply made a calculated choice on behalf of my client and the putative class to attempt to proceed in arbitration notwithstanding the unconscionable terms.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that if called upon to testify, I could verify the accuracy of the same. This document was executed on August 12, 2015 in Boston, Massachusetts.

SHANNON LISS-RIORDAN
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com

DECLARATION OF SHANNON LISS-RIORDAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY INDIVIDUAL CLAIMS, AND DISMISS CLASS/REPRESENTATIVE CLAIMS