UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, *et al.*, | No. C-15-0697 EMC |
| Plaintiffs, | |
| v. | **ORDER RE DEFENDANT'S MOTION TO COMPEL ARBITRATION** |
| MAPLEBEAR, INC., *et al.*, | **(Docket No. 29)** |
| Defendants. | |

On August 20, 2015, the Court heard oral argument on Defendant's currently pending motion to compel Plaintiffs' claims to arbitration. Docket No. 29. For the reasons stated on the record at the hearing, the Court concludes that a threshold inquiry in this case is whether JAMS will *accept* an arbitration demand in this case, and conduct an arbitration under the identical Independent Contractor Agreements that govern the relationship between Plaintiffs and Defendant. *See, e.g.*, Docket No. 30, Ex. A (Agreement).

The relevant agreements here provide that any arbitration "shall be administered by JAMS at its office located at Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, pursuant to its Employment Arbitration Rules and Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness (collectively, 'Rules') that are in effect when arbitration is demanded." Agreement at § 7.2. Plaintiffs have argued that the selected arbitral forum is unavailable because the Agreement contains terms that conflict with the JAMS Rules, the Agreement states that in the event of a conflict with JAMS Rules, the terms of the Agreement prevail, and that JAMS's Rules provide that an "arbitration demand will not be accepted unless there

is full compliance with" JAMS's Rules and standards.  *See, e.g.*, Agreement, Ex. B (JAMS Minimum Standards) at Standard No. 8.

The Court hereby **ORDERS** Defendant to file an arbitration demand with JAMS covering the instant dispute for the *sole purpose* of obtaining a determination from JAMS whether it will accept such arbitration demand.  No such arbitration may actually be conducted, however, nor shall JAMS make any dispositive adjudication regarding the scope and enforceability of the delegation clause contained in the Agreements, nor otherwise adjudicate whether this dispute is properly arbitrable or terms of the Agreement unconscionable, until this Court, if necessary, first resolves the delegation issue.  *See Rent-a-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (court must decide scope of delegation clause to determine whether issues such as unconscionability are to be decided by court or arbitrator).  The instant motion to compel arbitration remains subject to this Court's jurisdiction and will remain under submission.  Defendant shall file its arbitration demand within five (5) days of the date of this Order.

The parties are **ORDERED** to file a status report concerning JAMS's determination in advance of the next Case Management Conference, which is hereby set to occur on October 1, 2015, at 10:30 a.m.  If the parties receive a determination from JAMS more than one week before the scheduled CMC date, they shall file a joint status report with the Court within three (3) days of date JAMS's determination is received.

IT IS SO ORDERED.

Dated:  August 21, 2015

_____
EDWARD M. CHEN
United States District Judge

2