Robert S. Arns (# 65071)
rsa@arnslaw.com
Jonathan E. Davis (# 191346)
jed@arnslaw.com
Kevin M. Osborne (# 261367)
kmo@arnslaw.com
Julie C. Erickson (# 293111)
jce@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Tel: (415) 495-7800 / Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Tel:  (415) 638-8800 / Fax:  (415) 638-8810
Michael J. Scimone (*pro hac vice*)
mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Tel:  (212) 245-1000 - Fax: (646) 509-2060

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS**,** Individually and On Behalf of All Others Similarly Situated Employees,<br><br>Plaintiffs,<br>vs.<br><br>MAPLEBEAR, INC., dba INSTACART; AND DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. 3:15-cv-00697-EMC<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [N.D. CAL. L.R. 7-8]**<br><br>Judge: Hon. Edward M. Chen<br>Date:   September 22, 2016<br>Time:  1:30 p.m. |

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................ 1

II.  STATEMENT OF ISSUES TO BE DECIDED ............................................ 3

III. FACTUAL AND PROCEDURAL BACKGROUND .................................... 3

    A.   The Cobarruviaz Action ................................................................................ 3

    B.   The Court's Order Compelling Individual Arbitration ................................... 3

    C.   Status of Instacart Shoppers' Individual Arbitrations .................................. 4

    D.   The *Sumerlin* Lawsuit and Proposed Class Action Settlement ..................... 4

    E.   Instacart Moves to Stay the Golden Arbitration ........................................... 5

IV. ARGUMENT ................................................................................................... 6

    A.   Instacart Violated Civil Local Rule 3-13 By Failing to File a Notice of Pendency of Other Proceeding Regarding the *Sumerlin* Action ......................................................... 6

    B.   Instacart Violated Local Rule 16-9 and the Standing Order of this Court by Failing to Notify the Court of the Related *Sumerlin* Action in its June 23, 2016 Case Management Conference Statement ............................................................................ 8

    C.   Instacart and Its Counsel Breached Their Duty of Candor Owed to This Court .... 9

    D.   Sanctions Should Be Imposed In Light of Instacart's Violations ........................... 12

        1.   Sanctions Are Authorized Under the Local Rules ...................................... 12

        2.   Sanctions Are Appropriate Under the Court's Inherent Power .................. 13

        3.   Sanctions In The Amount of Plaintiffs' Attorneys Fees Are Appropriate ................. 13

V.  CONCLUSION ............................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**

*Arias v. Sup. Ct.*, 46 Cal.4th 969 (2009) ................................................................... 15

*Bank of Montreal v. SK FOODS, LLC,* 476 B.R. 588 (N.D. Cal. 2012) ..................................... 8

*Cobarruviaz v. Maplebear, Inc. dba Instacart,* 143 F.Supp.3d 930 (N.D. Cal. Nov. 3, 2015) 4, 7

*Cunningham v. County of Los Angeles,* 879 F.2d 481 (9th Cir.1988) ....................................... 12

*Cyman (U.S.A.), supra,* Case No. C-09-2802 MHP (EMC), 2011 WL 1483394 .......... 13, 14, 20

*Guru Denim, Inc. v. Hayes,* Case No. CV-08-4493 SVW (RCx), 2010 WL 1854020 (C.D. Cal.
    May 5, 2010) ................................................................................................ 16

*Miranda v. Southern Pacific Transp. Co.,* 710 F.2d 516 (9th Cir. 1983) .................................. 12

*Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385 (9th Cir. 1993) .......................................... 14

*Ortiz v. Hobby Lobby*, 52 F.Supp.3d 1070 (E.D. Cal. 2014) ................................................. 15

*Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989) ....................................... 12, 13, 14

**Statutes**

29 U.S.C. §§ 201, *et seq* ................................................................................................ 3, 4

Cal. Bus. & Prof. Code Section 17200 ........................................................................... 3, 4

**Rules**

California Rule of Court 3.300 ........................................................................................ 5

N.D. Cal. Civ. L.R. 3-13(b) ........................................................................................ 7, 8

N.D. Cal. Civ. L.R. 16-9 ........................................................................................... 2, 9

N.D. Cal. Civ. L.R. 1-4 .............................................................................................. 3

N.D. Cal. Civ. L.R. 3-13 ...................................................................................... passim

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 22, 2016, at 1:30 p.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Judge Edward M. Chen, located in Courtroom 5 of the United Stated Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Dominic Cobarruviaz and Arlin Golden ("Plaintiffs") will and hereby do move this Court for an Order issuing monetary sanctions against Defendant Maplebear, Inc. d/b/a Instacart's ("Defendant" or "Instacart") and its counsel, Keker & Van Nest, LLP, in the amount of Plaintiffs' attorneys' fees incurred from December 2, 2015 to the present in the above-captioned matter and all California arbitrations pursued according to this Court's November 3, 2015 Order compelling arbitration of the claims originally asserted herein.[1] (Dkt. 93.)

Plaintiffs submit this Motion for Sanctions under Civil Local Rules 1-4 and 7-8 and the Court's General Civil Standing Order based on Instacart's repeated violations of this Court's Local Rules and Standing Orders. Specifically, Instacart willfully violated Civil Local Rule 3-13 by failing to notify the Court and Plaintiffs of the pendency of a related state court action, *Sumerlin v. Maplebear, Inc. dba Instacart*, Case No. BC603030 (Los Angeles Sup. Ct.), filed over eight months ago. Instacart also willfully violated Local Rule 16-9, this Court's Civil Standing Order, and the Standing Order for All Judges of the Northern District of California by similarly failing to disclose the existence of the *Sumerlin* action in the Joint Case Management Conference Statement filed in advance of the Case Management Conference held on June 23, 2016. (*See* Dkt. 97.) This knowing and willful conduct also amounts to a violation of Instacart's counsel's duty of candor and resulted in significant prejudice to Plaintiffs. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the

---

[1] This Motion is brought by Plaintiffs Cobarruviaz and Golden only. The claims of the remaining Plaintiffs were ordered to individual arbitration on November 3, 2015. The Court retained jurisdiction over the representative action brought pursuant to the California Labor Code's Private Attorneys General Act of 2004 (Cal. Lab. Code, §§ 2698 *et seq.*) ("PAGA"), which is brought by the two named plaintiffs from California, Dominic Cobarruviaz and Arlin Golden.

accompanying Declaration of Robert S. Arns, and the exhibits attached thereto, the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Dated: August 12, 2016          THE ARNS LAW FIRM

_____

Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Kevin M. Osborne, State Bar No. 261367
kmo@arnslaw.com
Julie C. Erickson, State Bar No. 293111
jce@arnslaw.com
THE ARNS LAW FIRM
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887,
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
Michael J. Scimone (*pro hac vice*),
mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060

Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On November 3, 2015, this Court issued an order compelling individual arbitration of Plaintiffs' wage and hour class claims and staying California Plaintiffs Cobarruviaz and Golden's claims brought pursuant to California's Private Attorneys General Act of 2004 (Cal. Lab. Code, §§ 2698 *et seq.*) ("PAGA") representative claim.  (Dkt. 93.) Less than a month later, on December 2, 2015, a follow-on class action lawsuit was filed against Instacart in Los Angeles Superior Court on behalf of all California Instacart Shoppers. (*See* Dkt. 105, Plaintiffs' Notice of Pendency re *Sumerlin v. Maplebear, Inc. dba Instacart*, Case No. BC603030.)  The *Sumerlin* action asserts, *inter alia*, claims brought pursuant to PAGA, identical to those pending before this Court.  This case was filed unbeknownst to Plaintiffs.

Despite the clear overlap of claims and parties involved in *Sumerlin* and the present case, Instacart failed to provide notice to Plaintiffs or the Court that the *Sumerlin* action had been filed, in violation of Civil Local Rule 3-13.

Instead, Instacart engaged in undisclosed negotiations with the *Sumerlin* Plaintiffs and reached a settlement agreement within three months of the filing of the operative complaint in that action.  The proposed settlement, which was submitted for preliminary approval on July 5, 2016, stands to subsume Plaintiffs' individual wage and hour claims as well as the PAGA action pending in this Court.

Despite having reached this settlement in March 2016, Instacart continued to conceal the *Sumerlin* action, including in the parties' June 23, 2016 Case Management Conference Statement, in which Instacart compounded the effect of its omission by misleadingly representing to the Court that "[t]here are no related cases in this district." (Dkt. 97 at 16, ¶ 10.) Through this omission and misrepresentation, Instacart knowingly violated Local Rule 16-9, this Court's Civil Standing Order, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, all of which require that "[a]ny related cases or proceedings pending before another judge of this court, <u>or before another court or administrative body</u>" be disclosed in case management conference statements.

(Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement [hereinafter "N.D. Cal. Standing Order"] at ¶ 10 (emphasis added); N.D. Cal. Civ. L.R. 16-9 (requiring CMC statements to include all elements specified in the N.D. Cal. Standing Order); Civil Standing Order – General, U.S. District Judge Edward M. Chen [hereinafter "the Court's Standing Order"] at § 6 (same).)

It was not until July 8, 2016—over seven months after *Sumerlin* was filed and four months after a settlement had been reached—that Instacart informed counsel for Plaintiffs for the first time of the existence of the *Sumerlin* action. In the same correspondence, Instacart informed Plaintiffs for the first time of the proposed settlement and that Instacart intended to use the proposed settlement as a basis to stay all California arbitrations currently pending with JAMS. On July 13, 2016, Instacart formally moved the arbitrator in Plaintiff Golden's arbitration for a stay of the action pending the final approval of the *Sumerlin* class settlement. As a result of that motion, Plaintiff Golden's arbitration was stayed for 60 days.

Instacart never informed this Court of the *Sumerlin* case. It was ultimately Plaintiffs who, after learning the *Sumerlin* settlement agreement purportedly settled the PAGA claims still before this Court, informed the Court of the *Sumerlin* case on July 29, 2016.

Instacart's violations of this Court's Local Rules and the Court's Standing Order misled the Court and Plaintiffs and necessitated the wasteful expenditure of extensive party and judicial resources.[2] Over the course of the seven months during which Instacart concealed the existence of the *Sumerlin* action, Plaintiffs' counsel expended significant resources and time pursuing court-ordered arbitrations and developing strategies for the eventual litigation of the PAGA claim. The parties have also utilized this Court's time and resources. Had Instacart complied with the Local Rules and the Court's Standing Order, much, if not all, of this work may not have been necessary. Local Rule 1-4 and the Court's Standing Order both authorize the Court

---

[2] This Court is not the only tribunal to have been misled by Instacart. Both Instacart and the *Sumerlin* Plaintiffs violated California Rule of Court 3.300 by not filing a notice of related action with Judge Wiley in the *Sumerlin* action. Instacart also failed to notify Judge Cahill (Ret.), the arbitrator in Plaintiff Golden's individual arbitration, of the *Sumerlin* case.

to impose sanctions against Instacart and its counsel for violations of these rules. (N.D. Cal. Civ. L.R. 1-4; Standing Order at No. 1.) Under these circumstances, monetary sanctions in the amount of Plaintiffs' attorneys' fees incurred since December 2, 2015 related to this case and the California arbitrations are appropriate and necessary.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided are whether the Court should issue monetary sanctions against Instacart and its counsel for violating Local Rule 3-13, Local Rule 16-9, the Court's Standing Order, and the N.D. Cal. Standing Order in the amount of Plaintiffs' attorneys' fees incurred since December 2, 2015.

## III.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Cobarruviaz Action

Plaintiff Cobarruviaz filed a class action complaint against Instacart in San Francisco Superior Court on January 9, 2015. Instacart removed the case to federal court on February 13, 2015 (*see* Dkt. 1), and Plaintiffs filed an amended complaint on April 8, 2015. The action, filed on behalf of a national class of Instacart "personal shoppers," asserted causes of action for unpaid wages, including overtime and minimum wage, under both the federal Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)("FLSA") and the California Labor Code, California for business expense reimbursement, and for violations of wage statement requirements, meal and rest break provisions, and Section 17200 of the California Business & Professions Code ("UCL"). It also asserted a representative claim under PAGA on behalf of all California Instacart Shoppers for civil penalties.

### B.   The Court's Order Compelling Individual Arbitration

In May 2015, Instacart moved to compel arbitration, stay the individual claims pending arbitration, and dismiss the class and representative claims. On November 3, 2015, after multiple rounds of briefing and two hearings on the matter, the Court granted Instacart's motion, compelling arbitration of all claims on an individual basis, except for the PAGA representative claim. The Court granted Defendant's request to stay the litigation, including the PAGA claim, pending the outcome of the arbitration. (*Cobarruviaz v. Maplebear, Inc. dba*

*Instacart,* 143 F.Supp.3d 930 (N.D. Cal. Nov. 3, 2015) [hereinafter "Order"].) As provided in the Order, "[t]he PAGA representative claim […] will be severed from the individual claims and remain before this Court." (*Id.* at 19:16-17.)

### C.  Status of Instacart Shoppers' Individual Arbitrations

Following the issuance of and pursuant to the Court's Order, Plaintiffs' counsel proceeded with filing numerous demands for arbitration against Instacart on behalf of both the class representatives and other former putative class members. (Arns Decl., ¶¶ 4-5.)

Plaintiff Arlin Golden filed a demand for individual arbitration with JAMS San Francisco office on December 30, 2015.  (Arns Decl., ¶ 4.) Mr. Golden's demand asserted causes of action for violations of the FLSA, various sections of the California Labor Code, and the UCL.  Plaintiffs' counsel has actively pursued these claims in arbitration for nearly seven months.

Also pursuant to the Court's November 3, 2015 Order, Plaintiffs' counsel has filed similar demands for arbitration with JAMS on behalf of five other former putative class members, four of whom are California residents. (Arns Decl., ¶ 5.) Plaintiffs' counsel additionally drafted and prepared arbitration demands on behalf of eight other California Instacart Shoppers and has repeatedly declared their intention to continue to file demands on behalf of additional former putative class members and the other Plaintiffs. (*Id.*)

### D.  The *Sumerlin* Lawsuit and Proposed Class Action Settlement

Less than one month after this Court issued its Order granting Instacart's Motion to Compel Individual Arbitration, a different set of plaintiffs filed a nearly identical lawsuit in Los Angeles Superior Court on December 2, 2015. The lawsuit, titled *Sumerlin v. Maplebear, Inc. d/b/a Instacart*, Case No. BC603030, was filed as a class action on behalf of all California Instacart Shoppers and asserted causes of action for unfair business practices under the UCL, unpaid overtime and unpaid wages, wage statement violations, and business expense reimbursements.  (*See* Dkt. 105, Plaintiffs' Notice of Pendency re *Sumerlin*.) Instacart, despite having just prevailed on a motion to compel individual arbitration of identical claims in this Court, did not move to compel arbitration in *Sumerlin*.  In fact, Instacart did not file any

responsive pleading of any kind. On January 26, 2016, presumably after having held settlement discussions, the *Sumerlin* Plaintiffs filed an amended complaint in order to add a cause of action under PAGA—the same claim still pending before this Court. Again, Instacart filed neither a motion to compel arbitration nor any other responsive pleading.

Less than two months later, the *Sumerlin* parties had apparently reached a full settlement of all the claims involved in *Sumerlin*. (Arns Decl., ¶ 6.) Still Instacart did not inform the *Cobarruviaz* Plaintiffs or this Court of the *Sumerlin* action or the settlement. (*Id.*) Similarly, at no time did Instacart or the *Sumerlin* Plaintiffs notify the court in that matter of the pendency of the *Cobarruviaz* action, in violation of California Rule of Court 3.300.[3]

On July 5, 2016, the *Sumerlin* Plaintiffs filed a motion for preliminary approval of the class action settlement. (Arns Decl., ¶ 6.) The settlement seeks to release Instacart from all claims raised in the *Cobarruviaz* case, including the PAGA claim, in exchange for a payment of $2,000,000. This gross fund is inclusive of attorneys fees, expenses, and service awards. It allots a mere $20,000 to the release of the PAGA claims. (*Id.* at ¶ 7.)

### E. Instacart Moves to Stay the Golden Arbitration

On July 8, 2016, counsel for Instacart informed Plaintiffs' counsel of the existence of the *Sumerlin* case and the proposed class action settlement. (Arns Decl., ¶ 6.) In the letter, Instacart stated: "In light of this pending settlement, we propose that the parties agree to stay the individual arbitrations proceedings for anyone who worked in California pending final approval of the settlement. … If we cannot reach agreement we expect to request stays from the relevant arbitrators." (*Id.*, Ex. 1, Rachael Meny Letter to Robert S. Arns and Jonathan Davis.)

---

[3] CRC 3.300(b) provides: "Whenever a party in a civil action knows or learns that the action or proceeding is related to another action or proceeding pending, dismissed, or disposed of by judgement in any state or federal court in California, the party must serve and file a Notice of Related Case." Cases are "related" if they "[i]nvolve the same parties and are based on the same or similar claims; [a]rise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; … or [a]re likely for other reasons to require substantial duplication of judicial resources if heard by different judges." CRC 3.300(a). The Notice of Related Case "must be filed in all pending [related] cases…and must be served on all parties in those cases…as soon as possible, but no later than 15 days after the facts concerning the existence of related cases become known. CRC 3.300(d), (e). This requirement is a "continuing duty." CRC 3.300(f).

On July 13, 2016, in connection with Plaintiff Golden's arbitration, Instacart filed a motion with Judge Cahill at JAMS seeking a stay of the arbitration pending final approval of the *Sumerlin* settlement. (Arns Decl., ¶ 8; Ex. 2, at 1.) Despite countless opportunities over the past seven months of arbitrating this case, this was the first time Instacart disclosed to Judge Cahill the existence of the *Sumerlin* action and the proposed settlement. (Arns Decl., ¶ 10.) In its July 13th motion to stay, Instacart asserted its position that "the settlement in the *Sumerlin* litigation will fully resolve the claims brought by Claimant Arlin Golden in the present arbitration, as Mr. Golden is a member of the *Sumerlin* settlement class." (*Id.*, Ex. 2 at 1.) As a result of this motion, the Golden arbitration was stayed until September 19, 2016.[4]

Instacart has expressed its intention to seek stays of the four other arbitrations involving California Instacart Shoppers. (Arns Decl., ¶ 5.)

## IV. ARGUMENT

### A. Instacart Violated Civil Local Rule 3-13 By Failing to File a Notice of Pendency of Other Proceeding Regarding the *Sumerlin* Action

Under the Civil Local Rules for the Northern District of California, Instacart had an obligation to notify this Court and Plaintiffs of the *Sumerlin* action. Instacart violated this duty repeatedly.

Civil Local Rule 3-13 provides:

> Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party must promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.

(N.D. Cal. Civ. L.R. 3-13(a).)

The Notice must contain a description of the other case and where it is pending, a brief statement of the relationship between the cases, and, "[i]f the other action is pending before any

---

[4] Faced with the likelihood of the Motion to Stay being granted and significant concern over the failure to file any notice of related actions in *Sumerlin* or *Cobarruviaz,* along with the red flags presented by the proposed settlement, Plaintiff Golden agreed to a 60-day temporary stay primarily to allow for time to intervene in the *Sumerlin* matter. (Arns Decl., ¶¶ 9-11.)

state court, whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action." (Civ. L.R. 3-13(b).)

There can be no genuine dispute that Local Rule 3-13 required Instacart to disclose the pendency of the *Sumerlin* action, as it involves all or a material part of the subject matter of and all or substantially all of the same parties to the present action. Instacart acknowledged as much in its July 13th motion to stay when it claimed the *Sumerlin* settlement will "fully resolve" this case. (Arns Decl., Ex. 2 at 1.)

Following the Court's November 3, 2015 Order, what remains at issue in this case is the PAGA representative action, which seeks civil penalties against Instacart for alleged violations of meal and rest break provisions, wage statement requirements, willful misclassification and related advice. (*See* Order, Dkt. 93 at 19:16-17; Arns Decl., Ex. 5, Transcript of June 23, 2016 Case Management Conference, at 12:23-13:1 (Judge Chen: "The only thing I have jurisdiction over at this point [...] is the PAGA action.").) Plaintiffs Cobarruviaz and Golden stand in the shoes of the California Labor and Workforce Development Agency ("LWDA") on behalf of all other California Instacart Shoppers to bring this claim against Instacart.

Both the parties to and the subject matter of the *Cobarruviaz* case are involved in the *Sumerlin* case. The PAGA claim in *Sumerlin* seeks civil penalties against Instacart for alleged violations of meal and rest break provisions and wage statement requirements and is brought by California Instacart Shoppers standing in the shoes of the LWDA on behalf of all other California Instacart Shoppers. Local Rule 3-13 therefore clearly applied to Instacart with respect to the *Sumerlin* action.

Intacart has taken the position that Local Rule 3-13 does not apply to this situation due to "significant differences between the two litigations," because, "[w]hereas *Cobarruviaz* involved nationwide and a majority of non-California claims and plaintiffs, *Sumerlin* involved only California claims." (Arns Decl., Ex. 4, Instacart's Response to Opp. to Mtn. for Prelim. Approval of Class Action Settlement, *Sumerlin v. Maplebear, Inc. dba Instacart*, No. BC603030, at 4.) This position is duplicitous. The nationwide class claims originally asserted in *Cobarruviaz* were ordered to arbitration and, thus, no longer at issue at the time *Sumerlin* was

filed. (*See id.* ("the *Cobarruviaz* class-action claims had already been dismissed before the *Sumerlin* litigation was filed"); Dkt. 97, June 2, 2016 Joint Case Management Conference Statement at 12, ¶ 3 (Instacart recognizing that "[t]he only legal issue that remains pending in this Court following the resolution of Instacart's Motion to Compel Arbitration is the PAGA claim.").) More importantly, in making this argument, Instacart conveniently omits that PAGA representative claims asserted on behalf of all California Instacart Shoppers are pending against Instacart in both *Sumerlin* and *Cobarruviaz*. Instacart's omission of this key fact proves its violation of Local Rule 3-13.

This conduct also undermines Local Rule 3-13's policy of avoiding conflicts and promoting judicial efficiency. (*See* N.D. Cal. Civ. L.R. 3-13(b)(3)(C) (the stated purpose of the Rule is "to avoid conflicts, conserve resources and promote an efficient determination of the action"); *see also Bank of Montreal v. SK FOODS, LLC,* 476 B.R. 588, 596 (N.D. Cal. 2012) (as contemplated by Local Rule 3-13(d), a district court may enter an "appropriate order" upon learning of pending related proceedings, which could entail declining to exercise jurisdiction over the case or transferring it to another district where the related proceeding is pending).) Had Instacart notified the Court and Plaintiffs of *Sumerlin* earlier, the Court may have responded by lifting the stay on the PAGA claims to allow for coordination with the PAGA claims in *Sumerlin* so as to avoid a potential conflict, promote an efficient determination of the action, and conserve resources.

Because the *Sumerlin* action involves all of the subject matter and parties involved in the present case, Instacart had an unequivocal obligation under Local Rule 3-13 to file a Notice of Pendency of Other Proceeding. This obligation was ongoing from the day Instacart first learned of *Sumerlin*. Instacart's continued failure to file the required Notice therefore repeatedly and willfully violated Local Rule 3-13.

**B. Instacart Violated Local Rule 16-9 and the Standing Order of this Court by Failing to Notify the Court of the Related *Sumerlin* Action in its June 23, 2016 Case Management Conference Statement**

According to Local Rule 16-9 and the Court's Standing Order, case management

conference statements "must include all elements requested in the [N.D. Cal. Standing Order].'" (Court's Standing Order at § 6; N.D. Cal. Civ. L.R. 16-9(a).)  The N.D. Cal. Standing Order in turn provides that "parties must include the following information in their statement […]: 10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body."  (N.D. Cal. Standing Order re CMC Statements at § 10.) Instacart and its counsel violated Local Rule 16-9 and both of these Standing Orders.

The most recent Case Management Conference ("CMC") in this matter was held before the Court on June 23, 2016.  In advance of that CMC, the parties filed a joint CMC Statement on June 2, 2016. (*See* Dkt. 97.)  Instacart structured its section of the CMC statement based on the N.D. Cal. Standing Order's requirements for CMC statements, providing different paragraphs for the 21 categories of information, including a paragraph for "Related Cases." (*See* Dkt. 97 at 10-19; *see also id.* at 10 ("Instacart submits the following information as required by Civil L.R. 16-9 and the Standing Order for all Judges of the Northern District of California.").)  In that paragraph, however, Instacart not only failed to disclose the *Sumerlin* action, it <u>affirmatively misled</u> the Court to believe no related actions were pending: "There are no related cases in this district as provided under Civil Local Rule 3-12." (*Id.* at 16, ¶ 10.)  This statement misinforms the Court and violates Instacart counsel's duty of candor.

Instacart blatantly ignores the N.D. Cal. Standing Order's language, which explicitly requires disclosure of "[a]ny related cases or proceedings pending before another judge of this court, <u>or before another court or administrative body</u>." (N.D. Cal. Standing Order at § 10 (emphasis added).)

Instacart's failure to disclose the existence of the *Sumerlin* action in combination with its misleading statement that no related actions exist deliberately violated the N.D. Cal. Standing Order and Local Rule 16-9, affirmatively misled the Court, and necessitated the wasteful expenditure of party and judicial resources.

**C. Instacart and Its Counsel Breached Their Duty of Candor Owed to This Court**

Under Rule 3.3 of the American Bar Association's Model Rules of Professional Conduct, attorneys must be candid with and must not knowingly make a false statement of fact or law to a tribunal or fail to correct one. This duty encompasses the obligation to prevent abuse of the system and to refrain from conduct that undermines the integrity of the adjudicative process, such as "failing to disclose information to the tribunal when required by law to do so." (*See* ABA Model Rule of Prof. Conduct, Rule 3.3, Comments 2 & 12; *see also id.* at Comment 3 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation.").)

The representations and omissions by Instacart's counsel at the June 23, 2016 CMC and in its portion of the CMC statement, namely the failure to disclose the *Sumerlin* case and the misleading statement as to the non-existence of related actions, violated the duty of candor owed to the Court. Had Instacart properly disclosed the *Sumerlin* case, the Court may have avoided the expenditure of judicial resources necessitated by proceeding with the June 23, 2016 CMC.

It was clear from Plaintiffs' position in the June 2016 CMC statement that their intention was to fully litigate the PAGA claim as soon as possible. Plaintiffs even sought to commence PAGA discovery early. (*See* Dkt. 97 at 9-10, Sec. E, PAGA Claims.) The parties discussed these topics with the Court at the June 23, 2016 CMC. (*See* Arns Decl., Ex. 5, Tr. of June 23, 2016 Case Management Conference, at 5:14-15 (Mr. Arns stating intention to litigate PAGA claim); at 10:5-7 (Mr. Arns requesting leave to commence PAGA discovery); at 12:24-13:11 (Judge Chen addressing jurisdiction over PAGA claim and request to commence PAGA discovery).)

The June 23, 2016 CMC and related CMC statement were therefore very apt opportunities through which Instacart's counsel should have disclosed the existence of the *Sumerlin* action and the proposed settlement. Instacart's counsel, however, chose to conceal these facts and affirmatively mislead the Court and Plaintiffs. (*See* Dkt. 97 at 16, ¶ 10 ("[t]here are no related cases in this district"); *see generally* Arns Decl., Ex. 5, Tr. of June 23, 2016 CMC (Mr. Berkowitz, counsel for Instacart, making no mention of *Sumerlin*).)

Instacart's counsel compounded their omissions by misleading the Court to believe that the arbitrations and PAGA claim would proceed in accordance with the Court's plan. (*See* Dkt. 97 at 16, ¶ 15 ("The parties will meet-and-confer regarding narrowing the issues presented by Plaintiffs' PAGA claim once the individual arbitrations are completed."); at 15, ¶ 5 ("Instacart reserves all rights to challenge Plaintiffs' pleadings once the individual arbitrations are completed and the stay is lifted"); at 12, ¶ 2 (stating that Mr. Golden's arbitration "remain[s] on track to be heard at arbitration within months of having been filed"); at 12, ¶ 3 ("Instacart denies that it is liable under PAGA, that any of Plaintiffs' claims can be resolved under PAGA, and further denies that Plaintiffs' are entitled to any legal or equitable relief whatsoever.").)[5] Instacart made these statements knowing that it had reached a settlement that was intended to render Plaintiffs' arbitrations and the PAGA action moot. Indeed, less than two weeks after the CMC, the *Sumerlin* Plaintiffs filed their motion for preliminary approval and, on July 13, 2016, Instacart filed a motion to stay Plaintiff Golden's arbitration. (Arns Decl., ¶¶ 6, 8.)

Instacart's undisclosed parallel litigation of the identical PAGA claim in *Sumerlin* also directly undermines the Court's management of this action and thus further violates the duty of candor. (*See* Arns Decl., Ex. 5, Tr. of June 23, 2016 CMC, at 12:24-13:11 (in denying Plaintiffs' request to commence PAGA discovery before the completion of Plaintiff's arbitration, Judge Chen explained that "the reasons why we stayed [the] PAGA action…would be undermined very easily by saying, okay, let's go ahead and started litigating it in parallel with everything else").)

By failing to disclose the existence of the *Sumerlin* action and the proposed settlement and misleading the Court and Plaintiffs to believe the arbitrations and PAGA claim would

---

[5] In the same June 23, 2016 CMC statement, Instacart boldly accused Plaintiffs of violating the Court's Order by having not yet filed arbitration demands on behalf of the other named plaintiffs, including Mr. Cobarruviaz. (Dkt. 97 at 12.) While Instacart was accusing Plaintiffs of violating the Order, it was deliberately concealing that it had negotiated a settlement months ago that it knew would stand to subsume any claims Mr. Cobarruviaz might pursue in arbitration. But rather than notify Plaintiffs of the *Sumerlin* settlement so as to avoid the expenditure of any additional resources in the individual arbitrations, Instacart demanded the wasteful expenditure Plaintiffs' counsel's resources.

proceed as envisioned by the Court, Instacart's counsel breached the duty of candor owed to this Court.

### D. Sanctions Should Be Imposed In Light of Instacart's Violations

"For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." (*Cunningham v. County of Los Angeles,* 879 F.2d 481, 490 (9th Cir.1988) (internal quotations omitted), *cert. denied,* 493 U.S. 1035 (1990).) Here, the Court has the power to issue the requested sanctions under its local rules and pursuant to its inherent authority.

### 1. Sanctions Are Authorized Under the Local Rules

The Ninth Circuit has repeatedly stated that district courts may impose monetary sanctions for violations of local rules. (*Miranda v. Southern Pacific Transp. Co.,* 710 F.2d 516, 519-21 (9th Cir. 1983) (monetary sanctions may be imposed for violations of local rules); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) (district courts are authorized to penalize attorneys for violations of local rules if the conduct amounts to recklessness, gross negligence, repeated flouting of court rules, or willful misconduct).)

Here, the Court has the power under Local Rule 1-4 to issue the requested sanctions for Instacart's violations of Local Rules 3-13 and 16-9. Local Rule 1-4 provides: "Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction." Similarly, this Court's Standing Order provides that "[a]ny failure to comply with any of the [Federal Rules of Civil Procedure or Civil Local Rules] and [the N.D. Cal. Standing Orders] may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanction." (Court's Standing Order at § 1.) Local Rule 1-5 supports that sanctions may be imposed for violating standing orders. (N.D. Cal. Civ. L.R. 1-5(o) ("It is the policy of the Court to provide notice of any applicable Standing Orders to parties <u>before they are subject to sanctions for violating such orders.</u>") (emphasis added).)

District courts are accorded a "large measure of discretion in interpreting and applying its own local rules." (*Los Angeles Mem'l Coliseum Comm'n v. City of Oakland*, 717 F.2d 470,

473 (9th Cir. 1983) (citations omitted) (affirming district court's award of sanctions for violation of the court's local rules in amount of costs and attorneys' fees).)

As established above, Instacart repeatedly and willfully violated the plain language and policy of Local Rule 3-13 by failing to file a Notice of Pendency of Other Proceeding with respect to *Sumerlin*.  Instacart's conduct with respect to the June 2016 CMC statement also willfully violated Local Rule 16-9 and the Court's Standing Order.

"Willful or reckless disregard of court rules justifies punitive action; such conduct contributes to the glacial pace of litigation; when lawyers and litigants ignore the procedures established by the court, they invite delay and conflict into the courtroom." (*Zambrano v. City of Tustin*, 885 F.2d 1473, 1484 (9th Cir. 1989).) Instacart and its counsel's willful and repeated disregard for this Court's rules and orders may be sanctioned pursuant to Local Rule 1-4. (*See Cyman (U.S.A.) Ltd. v. Lumondi, Inc.*, Case No. C-09-2802 MHP (EMC), 2011 WL 1483394, *2-3 (N.D. Cal., April 19, 2011) (granting motion for sanctions pursuant to Civil Local Rule 1-4 and FRCP 16(f) where party violated judge's order).)

## 2. Sanctions Are Appropriate Under the Court's Inherent Power

"Courts are endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction." (*Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir. 1993); *see also Roadway Express Inc. v. Piper*, 447 U.S. 752, 766 (1980) (recognizing the "well-acknowledged" inherent power of the court to levy sanctions).) A court may impose monetary sanctions pursuant to its inherent powers where there is a specific finding of bad faith. (*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).)  Here, Instacart's failure to disclose the *Sumerlin* action and its statement that "there are no related cases," in direct violation of Local Rule 3-13 and the N.D. Cal. Standing Order, which both explicitly apply to related <u>state court actions</u>, were made in bad faith and therefore is sanctionable conduct. Instacart's self-serving interpretation of the Standing Order's requirements so as to avoid disclosure of *Sumerlin* is further evidence of bad faith and an intention to mislead the Court.  Sanctions may therefore be imposed pursuant to the Court's inherent power.

## 3. Sanctions In The Amount of Plaintiffs' Attorneys Fees Are Appropriate

Instacart's deliberate violations of Local Rule 3-13, Local Rule 16-9, and the Standing Orders warrant monetary sanctions in the amount of Plaintiffs' attorneys' fees incurred since December 2, 2015 to the present related to this case and any California arbitrations filed pursuant to the Court's November 3, 2015 order, as this work was wasteful or unnecessary in light of the *Sumerlin* action. (*See Zambrano v. City of Tustin*, 885 F.2d 1473, 1482 (9th Cir. 1989) ("[I]f a case is prosecuted in bad faith or in deliberate violation of a court order, the trial court may be justified in sanctioning the attorney by fining him or ordering him to compensate the prevailing party for attorneys' fees.").) Plaintiffs and their counsel have spent significant time and resources on these proceedings since the *Sumerlin* action was filed, with a majority of their hours being incurred after the settlement was reached on March 25, 2016. (Arns Decl., ¶¶ 14-31.) While it is impossible to say exactly what Plaintiffs' course of action would have been had they been properly and timely informed of the *Sumerlin* action, it is clear that they would have approached things differently, and therefore many, if not all, of their attorney's hours were prejudicial. (*Id.* at ¶ 14.) Sanctions in the amount of Plaintiffs' counsel's lodestar since December 2, 2015 are therefore appropriate in light of Instacart's violations and deceit. (*See Cyman (U.S.A.), supra,* Case No. C-09-2802 MHP (EMC), 2011 WL 1483394 at *2-3 (ordering $10,971 in sanctions, representing moving party's attorneys' fees and costs incurred due to sanctioned party's failure to comply with judge's order); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993) (awarding costs unnecessarily incurred because of sanctioned party's failure to comply with the court's order).)

### a) *Party and Judicial Resources Were Invested in the Cobarruviaz Matter*

Plaintiffs' counsel spent significant time working on the *Cobarruviaz* action since December 2, 2015 in relation to the PAGA claim, the June 23, 2016 Case Management Conference, and Plaintiffs' proposed corrective notice. (Arns Decl., ¶¶ 23-26.)

Even though the PAGA claim was stayed, Plaintiffs' counsel invested time and resources related to the PAGA claim since December 2, 2015, as Plaintiffs intended to fully litigate the PAGA claim as soon as possible—a position made clear in their portion of the June 2016 CMC statement. (*See* Dkt. 97 at 9-10, Sec. E, PAGA Claims; Arns Decl., ¶ 24.) Again,

while it is impossible to say exactly what Plaintiffs would have done had Instacart properly notified Plaintiffs of the *Sumerlin* action, there are several possible approaches through which Plaintiffs' counsel would not have spent the many hours in strategy meetings, conducting further investigation, and other work related to the PAGA claim. One approach is that Plaintiffs may have stopped working on the PAGA claim altogether. As mentioned above, the *Sumerlin* action includes a PAGA claim nearly identical to the one in the present case but with the important distinction that it is not subject to a stay as the PAGA claim in *Cobarruviaz* is. Thus, at least as of January 25, 2016 when the PAGA claim was added to the *Sumerlin* complaint, there was a chance that the *Sumerlin* action could have resolved the PAGA claim on favorable terms faster than Plaintiffs in this action. This was especially important since a judgment on the PAGA claim in *Sumerlin* would preclude Plaintiffs from pursuing the overlapping PAGA claim in this case. (*See Arias v. Sup. Ct.*, 46 Cal.4th 969, 986 (2009); *Ortiz v. Hobby Lobby*, 52 F.Supp.3d 1070, 1089 (E.D. Cal. 2014).) Alternatively, Plaintiffs might have approached the situation by coordinating with counsel for the *Sumerlin* plaintiffs on the overlapping PAGA claims, which would have reduced or eliminated many hours of work. Regardless of which of the many possible approaches Plaintiffs may have taken had they been informed of the *Sumerlin* action in December 2015, the outcome remains that Plaintiffs would not have incurred the same attorneys' fees they did proceeding without knowledge of the *Sumerlin* action. Instacart's late notice has forced Plaintiffs, at significant cost, to revise its strategy as to the PAGA claim here and to file extensive pleadings in the *Sumerlin* case in order to preserve Plaintiffs' rights with respect to that claim. Plaintiffs are therefore entitled to all attorneys' fees for work performed on the PAGA representative action between December 2, 2015 and the present.

Plaintiffs' counsel also invested time into drafting, editing, and filing the June 6, 2016 Case Management Conference statement and preparing for and appearing at the June 23, 2016 Case Management Conference. (Arns Decl., ¶ 24.) Had Instacart informed the Court and Plaintiffs of the *Sumerlin* case, Plaintiffs' counsel would never have preformed any of this work. In one scenario, the CMC may not have been held at all, either by stipulation between the parties or by the Court. (*See supra*, explaining possible reasons Plaintiffs may have ceased

or reduced work on PAGA claim.)  If the CMC had gone forward, the focus would have been on different issues such as whether the stay of the PAGA claim should be lifted to allow for coordination with the overlapping claim in *Sumerlin* and what effect Instacart's parallel litigation of Plaintiffs' individual claims in a state-based class action has on the Court's November 3, 2015 Order or the arbitrations.  Either way, Instacart's failure to disclose the *Sumerlin* action is responsible for Plaintiffs' incursion of wasteful attorney time, and therefore, Plaintiffs are entitled to their attorneys' fees related to the June 23, 2016 CMC. (*See Guru Denim, Inc. v. Hayes,* Case No. CV-08-4493 SVW (RCx), 2010 WL 1854020, at *12 (C.D. Cal. May 5, 2010) (holding that defendants "are entitled to the expenses they incurred in preparing for and traveling to the Pretrial Conference" where plaintiff's counsel was unprepared and had misplaced and important piece of evidence).)

Finally, Plaintiffs also spent time in connection with their proposed corrective notice to the former *Cobarruviaz* class, which sought to inform the former putative class members of the effects of the Court's November 3, 2015 Order and instruct them to preserve evidence for use in arbitrations.  (Arns Decl., ¶ 24.) Plaintiffs' work related to this included strategy meetings, drafting the proposed notice, and written and telephonic meet and confers with Intacart's counsel.[6]  (*Id.*) Plaintiffs sought this corrective notice based on an understanding that the Court's November 3, 2015 Order extended to all Instacart Shoppers and not just the named class representatives.  Despite the appearance that Instacart was operating according to the same understanding, Instacart was litigating—not arbitrating—the claims of California Instacart Shoppers on a class-wide basis. Had Plaintiffs known about *Sumerlin* and Instacart's apparent position that this Court's Order did not apply to Shoppers other than Plaintiffs, Plaintiffs' counsel may have filed a separate state action, may have moved for clarification or reconsideration of the Court's Order, or undertaken a variety of other approaches.  What

---

[6]  A section of Plaintiffs' June 6, 2016 CMC statement was also dedicated to addressing the proposed corrective notice.  Plaintiffs' attorney hours related to the CMC statement as well as time spent preparing for the CMC during which the corrective notice was addressed are included in the above paragraph discussing hours related to the CMC and CMC statement.

Plaintiffs would <u>not</u> have done, however, is undertake the work related to the corrective notice. (Arns Decl., ¶ 24.) Therefore, Plaintiffs should be reimbursed for all attorney hours related to this corrective notice.

   b) *Significant Time and Resources Were Invested in Court-Ordered Arbitrations*

Since December 2, 2015, Plaintiffs' counsel has spent significant time, money, and other resources on Plaintiff Golden's arbitration, as well as twelve other arbitrations on behalf of California Instacart Shoppers, four of which are currently pending with JAMS. (Arns Decl., ¶¶ 27-31.) Had Plaintiffs' counsel been informed of the *Sumerlin* case when it was first filed, this extensive work and time may have been avoided.

A substantial amount of work went into the Golden arbitration over the course of the seven months during which Instacart concealed the *Sumerlin* action. (Arns Decl., ¶ 27-29.) This work included drafting and preparing the arbitration demand, substantial meet and confers to attempt to streamline the arbitration, and two scheduling hearings with the arbitrator. Additionally, the parties briefed and held a hearing on Instacart's motion to dismiss after which Mr. Golden prepared and filed an amended demand. The parties also engaged in an informal document exchange as well as written discovery, including document requests, interrogatories, and requests for admission. In relation to their written discovery, the parties held extensive meet and confers, and briefed and argued motions to compel discovery responses. Over 4,000 pages of documents have been exchanged. Plaintiffs' counsel conducted "Person Most Knowledgeable" depositions on 13 categories and defended Mr. Golden's deposition, all of which necessitated extensive preparation. Plaintiff Golden also served subpoenas on Instacart's investors that funded Instacart to the tune of $250 million in venture capital. Additionally, Golden had recently disclosed key former employee witnesses and was seeking to depose Instacart's CEO. Fact discovery was set to close on August 1, 2016, and Golden had retained and engaged experts to be disclosed on August 1st with reports to be exchanged on August 15th. The hearing was scheduled to begin on October 17, 2016. (Arns Decl., ¶ 28; *see also* Arns

Decl., Ex. 2, Instacart's Motion to Stay (acknowledging the "significant" work already spent on the Golden arbitration).)[7]

Had Plaintiffs' counsel been informed of the *Sumerlin* case when it was first filed, they could have avoided the extensive work that went into Plaintiff Golden's arbitration for the same reasons Plaintiffs' PAGA-related lodestar might have been avoided. Specifically, since *Sumerlin* was filed December 2, 2015 and Golden did not file his arbitration demand until December 30, 2015, Golden might have refrained from filing his arbitration demand pending a resolution in *Sumerlin*. This is because the *Sumerlin* action includes claims nearly identical to those asserted in Plaintiff Golden's arbitration but with the added benefit of being free of the constraints of the arbitral forum, such as limited discovery. Thus, there was a chance that the *Sumerlin* action might have resolved Plaintiff Golden's claims on favorable terms without Golden having to do any work. Alternatively, Plaintiff Golden may have stipulated to stay his arbitration pending a resolution in *Sumerlin*. Even if he had chosen to pursue his claims in arbitration notwithstanding the existence of *Sumerlin*, Golden may have sought to coordinate with the *Sumerlin* attorneys, thereby possibly reducing the workload. Regardless of which of the many possible approaches, the outcome remains that Plaintiff would not have incurred the same attorneys' fees he did proceeding without knowledge of the *Sumerlin* action. Instacart's late notice has forced Plaintiff Golden, at significant cost, to file extensive pleadings in the *Sumerlin* case in order to preserve his rights with respect to his individual claims. (Arns Decl., ¶ 29.) Plaintiffs are therefore entitled to all attorneys' fees for work performed on the Golden arbitration between December 2, 2015 and the present.

Plaintiffs' counsel has also spent many hours preparing, filing, and managing the other arbitrations asserted on behalf of California Instacart Shoppers. (Arns Decl., ¶¶ 30-31.) In addition to the four cases currently pending with JAMS, Plaintiffs' counsel has drafted and

---

[7] Instacart's attempt to diminish the amount of work done in Plaintiff Golden's arbitration ignores the breadth of work described herein. (*See* Arns Decl., Ex. 3, Intacart's Opp. to *Ex Parte* Appl. at 6, fn. 5 ("claims regarding discovery *later* taken in the *Golden* arbitration are overstated…consisted of two depositions and limited written discovery").)

prepared eight additional arbitration demands on behalf of California Instacart Shoppers. (Arns Decl. ¶ 5.) The fact that eight of these demands have not yet been filed, or that the other four arbitration demands were not filed until May 2016 and are still in relatively early stages does not change the fact that every minute of work spent on these arbitrations would have been avoided had Instacart properly notified Plaintiffs' counsel of the *Sumerlin* action for the same reasons explained above with respect to the Golden arbitration.

Instacart claims that there has been no prejudice to Plaintiffs or their counsel because the proposed settlement was reached in March 2016 and, at that time, discovery in the Golden arbitration had not yet commenced and none of the other California arbitration demands had been field. (*See* Arns Decl., Ex. 3, Intacart's Opp. to *Ex Parte* Appl. at 6 ("as of the date [the *Sumerlin*] settlement was reached, a scheduling order had not yet issued for Mr. Golden's arbitration, *zero* discovery had commenced in Mr. Golden's arbitration, and *zero* other California arbitrations were pending.").) This might bear some relevance if Instacart had informed Plaintiffs' counsel of the proposed settlement in March 2016. As it happened, Instacart did not disclose the existence of *Sumerlin* or the proposed settlement for another three and a half months and did not move to stay the arbitration until July 13, 2016.[8] By that time, the above-described work in the Golden arbitration had taken place, four other arbitration demands had been filed, and eight others had been drafted and prepared for filing. (Arns Decl., ¶¶ 4-5, 27-31.) Plaintiffs' counsel have therefore been directly prejudiced by Instacart's

---

[8] Instacart relies on a confidentiality provision in the proposed settlement to justify its failure to notify Plaintiffs of the proposed settlement until July 8, 2016. (*See* Arns Decl., Ex. 3, Instacart Opp. to *Ex Parte* Appl. at 7, fn. 7.) Looking beyond the self-serving nature of such a term, the confidentiality provision did not relieve Instacart of its obligation to notify Plaintiffs of the *Sumerlin* action under Local Rule 3-13. Instacart could and should have also informed Plaintiffs that a tentative settlement had been reached without disclosing the actual terms. Instacart did not take any of these actions.

intentional withholding of information such that monetary sanctions in the amount of Plaintiffs' counsel's lodestar is appropriate.[9]

### c) *Instacart Should Be Sanctioned for Seeking Strategic Advantage Through Non-disclosure*

Instacart's true motives for hiding the *Sumerlin* case are unknown to Plaintiffs but are, by all appearances, dubious. Unlike the *Cobarruviaz* case, Instacart did not move to compel arbitration in the *Sumerlin* case. This allowed Instacart to design a class wide settlement intended to eliminate what was left of the *Cobarruviaz* case. For example, by keeping the *Sumerlin* case under wraps, Instacart could claim a settlement of the PAGA claim for a fraction of its value without facing further litigation in this Court or an early intervention in the California court by the *Cobarruviaz* Plaintiffs. Additionally, the *Sumerlin* settlement includes terms designed to stave off the oncoming wave of arbitrations by individual workers that Instacart knew the counsel in the *Cobarruviaz* case were beginning to file. Had Instacart disclosed the *Sumerlin* case, this Court may have lifted the PAGA stay and the *Cobarruviaz* Plaintiffs may have intervened prior to settlement of the *Sumerlin* case.

The timing of Instacart's ultimate disclosure is also suspect. The hearing in the Golden arbitration was weeks away and Instacart faced potentially damning testimony from former and current employees. Golden's counsel had subpoenaed documents from Instacart's investors that may have also contained unfavorable admissions. And the arbitrator in the Golden case may have found that Golden was an employee of Instacart, leading to a cascade of like findings. The *Sumerlin* settlement gave Instacart grounds to move for stays in this and the other arbitrations and prevent discovery and rulings that potentially threatened Instacart's independent contractor model.

---

[9]  In support of this motion, Plaintiffs submit the Declaration of Robert S. Arns, one of the attorneys for Plaintiffs, and exhibits establishing the fees and costs reasonably expended by Plaintiffs. (*See Cyman (U.S.A.), supra,* Case No. C-09-2802 MHP (EMC), 2011 WL 1483394 at *3 (finding attorney declarations to be sufficient evidence of reasonable attorneys' fees and costs in ordering monetary sanctions in the amount of moving party's attorneys' fees and costs).)

The mere fact that Instacart withheld the *Sumerlin* case raises red flags. Its continued concealment of the *Sumerlin* case until its purported settlement on the eve of Instacart's first *Cobarruviaz* plaintiff arbitration leaves little doubt Instacart's motives involved strategic advantage. The Court should sanction Instacart because it intentionally withheld the existence of another case, which resulted in prejudice to Plaintiffs.

## V.    CONCLUSION

For all of the above reasons, the Court should issue an order finding that Instacart violated Civil Local Rule 3-13, Civil Local Rule 16-9, this Court's Standing Orders, and the Standing Order for All Judges of the Northern District of California and that Instacart's counsel has violated its duty of candor owed to this Court.  As a consequence of these violations, the Court should issue monetary sanctions against Instacart in the amount of Plaintiffs' attorneys' fees and costs incurred as a result of Instacart's violations, or in an amount the Court finds appropriate in light of Instacart's repeated and willful violations.

Respectfully submitted:

THE ARNS LAW FIRM

_____
Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Kevin M. Osborne, State Bar No. 261367
kmo@arnslaw.com
Julie C. Erickson, State Bar No. 293111
jce@arnslaw.com
THE ARNS LAW FIRM
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887,
jsagafi@outtengolden.com

**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
Michael J. Scimone (*pro hac vice*),
mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060

Attorneys for Plaintiffs