
Robert S. Arns (# 65071)
rsa@arnslaw.com
Jonathan E. Davis (# 191346)
jed@arnslaw.com
Kevin M. Osborne (# 261367)
kmo@arnslaw.com
Julie C. Erickson (# 293111)
jce@arnslaw.com
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Tel: (415) 495-7800 / Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Tel:  (415) 638-8800 / Fax:  (415) 638-8810
Michael J. Scimone (*pro hac vice*)
mscimone@outtengolden.com
685 Third Avenue, 25th Floor
New York, New York 10017
Tel:  (212) 245-1000 / Fax:  (646) 509-2060

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually and On Behalf of All Others Similarly Situated Employees,<br><br>            Plaintiffs,<br>vs.<br><br>MAPLEBEAR, INC., dba INSTACART; AND DOES 1 THROUGH 100, inclusive,<br><br>            Defendants. | **Case No. 3:15-cv-00697-EMC**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [N.D. CAL. L.R. 7-9(a), (b)(2)]**<br><br>Judge: Hon. Edward M. Chen<br>Date:    October 27, 2016<br>Time:   1:30 p.m. |


**TABLE OF CONTENTS**

I. Introduction ..................................................................................................................1

II. Factual Background .....................................................................................................2

   A. The *Cobarruviaz* Action and the Court's Order Compelling Individual Arbitration. 2

   B. Status of Instacart Shoppers' Individual Arbitrations ................................................. 2

III. Legal Analysis .............................................................................................................4

   A. The Ninth Circuit Decision in *Morris* Finding Arbitration Clauses that Require Workers to Pursue Work-Related Claims in Separate Proceedings to be "Illegal" and Unenforceable Requires Reconsideration of this Court's Order Compelling Individual Arbitration................................................................................................................... 4

   B. The Savings Clause of the FAA Cannot Remedy an Illegal Contract ........................ 5

   C. In Light of the *Morris* Decision, the Court's Order to Proceed with Individual Arbitrations is Contrary to New Law and the Agreement is Unenforceable...................... 6

   C. Instacart Clearly Intended For Arbitration To Proceed On an Individual Basis and Not as Class Arbitration................................................................................................... 7

   D. Under *Morris*, Plaintiffs' Inability to Opt Out of the Arbitration Agreement Further Violates Section 8 of the NLRA ...................................................................................... 7

   E. Because The Court Cannot Sever the Illegal Aspect of the Arbitration Agreement, the Entire Arbitration Agreement is Unenforceable ............................................................. 8

IV. Conclusion ..................................................................................................................8

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 27, 2016, at 1:30 p.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Judge Edward M. Chen, located in Courtroom 5 of the United Stated Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Dominic Cobarruviaz, Arlin Golden, John Reilly, Christopher Russell, Susan Bannon, Batya Weber, and Derek Williams ("Plaintiffs") will and hereby do move this Court for an order granting leave to file a motion for reconsideration of this Court's Order Granting Defendant Maplebear, Inc. d/b/a Instacart's ("Defendant" or "Instacart") Motion to Compel Arbitration, Dkt. No. 93 (Nov. 3, 2015).

Plaintiffs submit this Motion for Leave to File a Motion for Reconsideration pursuant to Civil Local Rule 7-9 and Federal Rule of Civil Procedure 54(b). The Motion is warranted under Local Rule 7-9(b)(2), in light of the Ninth Circuit's recent decision in *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016), which held that labor contracts requiring employees to pursue legal claims exclusively in arbitration and only as individuals in separate proceedings violate the National Labor Relations Act and cannot be enforced. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Julie C. Erickson, and the exhibits attached thereto, the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Dated: September 9, 2016                         THE ARNS LAW FIRM

  /s/ Jonathan E. Davis
Robert S. Arns, State Bar No. 65071
rsa@arnslaw.com
Jonathan E. Davis, State Bar No. 191346
jed@arnslaw.com
Kevin M. Osborne, State Bar No. 261367
kmo@arnslaw.com
Julie C. Erickson, State Bar No. 293111
jce@arnslaw.com

THE ARNS LAW FIRM
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Jahan C. Sagafi, State Bar No. 224887,
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
Michael J. Scimone (*pro hac vice*),
mscimone@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (646) 509-2060

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Local Rule 7-9(a) and Federal Rule of Civil Procedure 54(b), Plaintiffs Dominic Cobarruviaz, Arlin Golden, John Reilly, Christopher Russell, Susan Bannon, Batya Weber, and Derek Williams ("Plaintiffs") respectfully submit this Motion for Leave to File a Motion for Reconsideration of this Court's Order Granting Defendant Maplebear, Inc. d/b/a Instacart's ("Defendant" or "Instacart") Motion to Compel Arbitration, Dkt. No. 93 (Nov. 3, 2015) ("the Order").  The Order required all claims except the representative claims brought pursuant to California's Private Attorney General Act of 2004 (Cal. Lab. Code, §§ 2698 *et seq.*) ("PAGA") to proceed via arbitration on an individual basis and stayed the entire litigation.  *See* Dkt. No. 93.  Plaintiffs' Motion for Leave to File a Motion for Reconsideration is warranted under Civil L.R. 7-9(b)(2) due to a change in law that occurred after the issuance of the Order.

Local Rule 7-9(b)(2) states:

> **(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> …
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order;

This Motion meets the requirements set forth above as a new decision issued by the Ninth Circuit on August 22, 2016, *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016) [hereinafter "*Morris*"], directly changes the law controlling this case.  As the *Morris* decision is less than a month old, Plaintiffs have shown reasonable diligence in bringing this Motion for Leave under Local Rule 7-9.

In *Morris,* the Ninth Circuit held that labor contracts requiring employees to pursue legal claims exclusively in arbitration and only as individuals in separate proceedings violate the National Labor Relations Act and cannot be enforced.  2016 WL 4433080 at *5.  Here, in this independent contractor misclassification case, Defendant filed a Motion to Compel Arbitration and sought to compel such arbitrations to proceed on an individual, non-class, basis.  *See* Dkt.

No. 29 at 14-16. The Motion to Compel Arbitration was granted and the Court ordered that all claims be pursued through arbitration on an individual basis. Dkt. No. 93. The Court's Order compelling individual arbitration is therefore contrary to Ninth Circuit precedent under *Morris* and should be reconsidered and reversed.

## II. FACTUAL BACKGROUND

### A. The *Cobarruviaz* Action and the Court's Order Compelling Individual Arbitration

Plaintiff Cobarruviaz filed a class action complaint against Instacart in San Francisco Superior Court on January 9, 2015. Instacart removed the case to federal court on February 13, 2015 (Dkt. No. 1) and Plaintiffs filed an amended complaint on April 8, 2015 (Dkt. No. 17). The action, filed on behalf of a national class of Instacart "personal shoppers," asserted causes of action for unpaid wages, including overtime and minimum wage, under both the federal Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) ("FLSA") and the California Labor Code, for business expense reimbursements, and for violations of wage statement requirements, meal and rest break provisions, and Section 17200 of the California Business & Professions Code ("UCL"). Dkt. No. 17. It also asserted a representative claim under PAGA on behalf of all California Instacart Shoppers for civil penalties. *Id.*

In May 2015, Instacart moved to compel arbitration, stay the individual claims pending arbitration, and dismiss the class and representative claims. Dkt. No. 29. On November 3, 2015, after multiple rounds of briefing and two hearings on the matter, the Court granted Instacart's Motion to Compel Arbitration of all claims on an individual basis, except for the PAGA representative claim. The Court granted Defendant's request to stay the litigation, including the PAGA claim, pending the outcome of the arbitration. Dkt. No. 93, pp. 18:6-7; 19:16-17; 20:3–6.

### B. Status of Instacart Shoppers' Individual Arbitrations

Following the issuance of and pursuant to the Court's Order, Plaintiffs' counsel proceeded with filing numerous demands for arbitration against Instacart on behalf of both the class representatives and other former putative class members. Erickson Decl., ¶¶ 4-6.

Plaintiff Arlin Golden filed a demand for individual arbitration with JAMS on December 30, 2015. Erickson Decl., ¶ 4. Mr. Golden's demand asserted causes of action for violations of the FLSA, various sections of the California Labor Code, and the UCL. Plaintiffs' counsel has actively pursued these claims in arbitration for nearly seven months.[1] *Id.*

Plaintiff Batya Weber filed a similar arbitration demand on April 1, 2016. Erickson Dec., ¶ 5. Plaintiffs' counsel has actively pursued these claims in arbitration for over five months. *Id.*

Also pursuant to the Court's November 3, 2015 Order, Plaintiffs' counsel has filed similar demands for arbitration with JAMS on behalf of five other former putative class members. Erickson Decl., ¶ 6.[2] Like the demands of Plaintiffs Golden and Weber, the arbitration demands of these non-class representatives were filed on an individual basis pursuant to the Court's Order compelling individual arbitration. *Id.*

Thus, there are at least seven pending arbitration proceedings, and many more to come, that are directly impacted and controlled by the *Morris* decision as it affects the Court's November 3, 2015 Order. The Motion for Leave to File a Motion for Reconsideration and Reconsideration of the Order here is critical for the effective and fair administration of justice of this case and the pending and anticipated proceedings arising out of it. Because the Motion is based on a change in law occurring after the issuance of the Court's Order and Plaintiffs have been diligent in bringing the Motion, the Motion for Leave should be granted. Further, because the Court's Order granting Instacart's Motion to Compel Arbitration on an individual basis is now contrary to the recent *Morris* decision, the Court should reconsider and reverse the November 3, 2015 Order.

---

[1] In light of the proposed settlement reached for California Instacart shoppers in *Sumerlin v. Maplebear, Inc. dba Instacart*, Case No. BC603030 (Los Angeles Superior Court), the Golden arbitration is stayed until September 19, 2016. Erickson Decl., ¶ 4.

[2] Plaintiffs' counsel has additionally drafted and prepared arbitration demands on behalf of twenty other Instacart Shoppers and has repeatedly declared their intention to continue to file demands on behalf of additional former putative class members and the other Plaintiffs. At least one of these demands will be filed on behalf of a California and national class. Erickson Decl., ¶ 6.

### III. LEGAL ANALYSIS

**A.   The Ninth Circuit Decision in *Morris* Finding Arbitration Clauses that Require Workers to Pursue Work-Related Claims in Separate Proceedings to be "Illegal" and Unenforceable Requires Reconsideration of this Court's Order Compelling Individual Arbitration**

On August 22, 2016, the Ninth Circuit held that an agreement that prevents employees from bringing, in any forum, a concerted legal claim regarding wages, hours, and terms of conditions of employment violates the National Labor Relations Act ("NLRA"), is therefore illegal, and cannot be enforced. *Morris*, *supra*, 2016 WL 44330080, *1, *5.

In *Morris*, a class and collective action for alleged misclassification under the FLSA and California law, plaintiffs were required to sign, as a condition of employment, agreements that contained a collective action waiver that required employees to pursue claims exclusively through arbitration and only as individuals in separate proceedings. *Id.* at *1-2. The plaintiffs claimed the "separate proceedings" clause contravened three statutes, the National Labor Relations Act (§§515 *et. seq.*), the Norris LaGuardia Act (29 U.S.C. §§101 *et seq.*), and the FLSA. *Morris*, *supra*, 2016 WL 44330080, *2. *Id.* at *2. The plaintiffs relied heavily on determinations by the National Labor Relations Board that concerted action waivers violate the NLRA. *Id.* at *2. The Ninth Circuit found that the right to pursue work related legal claims together is well established and that "[c]oncerted activity—the right of employees to act *together*—is the essential, substantive right established by the NLRA." *Id.* (emphasis in original). "Concerted action is a basic tenet of federal labor policy" and the right of employees to pursue work related legal claims together falls within Section 7 of the NLRA, which "establishes the right of employees to … 'engage in other *concerted* activities for the purpose of *collective* bargaining or other *mutual* aid or protection.'" *Id*. at *4 (quoting 29 U.S.C. §157) (emphasis in original). Therefore, the Ninth Circuit found that "employees must be able to initiate a work-related legal claim together in some forum, whether in arbitration, court or somewhere else." *Id.* at *2 (citing *D.R. Horton*, 357 N.L.R.B. No. 184, slip op. at 4-5, 13 (2012)).

Under *Morris*, any requirement that employees resolve legal claims in "separate proceedings" interferes with a protected right under Section 7, is in violation of Section 8 of the NLRA, and cannot be enforced. *Id.* at *3-5 (finding the restriction imposed by a "separate proceedings" clause to be the "antithesis of §7's substantive right to pursue concerted work-

related legal claims" and an unfair labor practice under § 8 of the NLRA). The Seventh Circuit is in accord, finding that a "contract that limits Section 7 rights that is agreed to as a condition of continued employment qualifies as 'interfering with' or 'restraining …employees in the exercise' of those rights in violation of Section 8(a)(1)" of the NLRA. *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1155 (7th Cir. 2016). Thus, an arbitration agreement that requires employees to pursue work related claims on an individual basis in separate proceedings, interferes with substantive rights and cannot be enforced.

### B. The Savings Clause of the FAA Cannot Remedy an Illegal Contract

The Federal Arbitration Act ("FAA") requires that arbitration contracts be placed on an "equal footing with all contracts." *Morris*, *supra*, 2016 WL 44330080, at *6 (citations omitted). The "savings clause" of the FAA provides that agreements to arbitrate may be invalidated by generally applicable contract defenses that do not apply "only to arbitration." 9 U.S.C. § 2. Therefore, arbitration contracts may be invalidated by contract defenses, such as illegality, that do not apply only to arbitration or derive from the fact that an agreement to arbitrate is at issue. *Morris*, *supra*, 2016 WL 44330080, at *6. In *Morris*, the plaintiffs raised the general contract defense of illegality because the arbitration agreement at issue violated a substantive right and the court found the "*illegality* of the separate proceedings clause has nothing to do with arbitration as a forum." *Id.* at *6-7.

The *Morris* court found that because the right to concerted action is a substantive right, it cannot be waived through an arbitration agreement. *Id*. at *8 (rights established by the NLRA are substantive). By agreeing to arbitrate a statutory claim, a party does not forgo substantive statutory rights. *Id.* at *7. Where a contract term in an arbitration agreement "operates as a prospective waiver of a party's right to pursue statutory remedies for [substantive rights]" the court would have little hesitation condemning the agreement. *Id.* at *7 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 637).

In this case, the Court ordered arbitrations to proceed on an individual basis. Under *Morris*, that Order interferes with Plaintiffs' substantive right to pursue collective action, and on that basis the Court's Order should be reconsidered and reversed.

**C.  In Light of the *Morris* Decision, the Court's Order to Proceed with Individual Arbitrations is Contrary to New Law and the Agreement is Unenforceable**

Here, the arbitration clause that was the subject of the Court's Order was part of the Independent Contractor Agreement, the contract between Plaintiffs and Instacart for work performed as Instacart Shoppers. Instacart moved to compel individual arbitration of Plaintiffs' claims on the basis that the Independent Contractor Agreement does not contain any provisions permitting class-wide arbitration and that, under *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010), the lack of affirmative consent to class-wide arbitration requires Plaintiffs to proceed with individual arbitration. *See* Dkt. 29 at 14-15.

In granting the motion to compel arbitration, the Court agreed with Instacart that the arbitration agreement required that the arbitrations proceed on an individual basis. Dkt. No. 93, pp. 16:19-18:7 (rejecting Plaintiffs' arguments for why class arbitration was authorized and compelling arbitration "on an individual basis only").

Specifically, the Court found that "there is no evidence that the parties contemplated or agreed to class-wide arbitration." Dkt. No. 93, pg. 17 ln. 4. The Court noted the agreement "does not mention the possibility of class wide arbitration" but instead focuses on "disputes that arise out of or are related to 'services performed by the *Contractor*' or the Agreement, which is specifically between Instacart and the *individual* Contractor." *Id.* at lns. 5-8 (emphasis in original).

The Court also rejected Plaintiffs' argument that the incorporation of the JAMS rules also incorporated the JAMS Class Action Procedures, which might provide a basis for authorizing class arbitration. Dkt. No. 93, pg. 17 lns. 15-20. The Court found that the Agreement incorporated only the JAMS Employment Arbitration Rules and Procedures and JAMS Policy on Employment Arbitration Minimum Standards, which make no mention of class actions and do not identify, reference, or incorporate the JAMS Class Action Procedures. *Id.* at lns. 17-20. The Court found that absent "invocation" of the JAMS Class Action Procedures, "those rules do not come into play." *Id.* at pg. 18, lns 2-3. The Court therefore found that class arbitration was not specifically authorized by the parties, and, pursuant to *Stolt-Nielsen*, compelled arbitration "on an individual basis only." *Id.* at lns. 6-7.

Here, because the Court concluded the Arbitration agreement required workers to resolve their claims in this case regarding wages, hours, and terms of conditions of employment

in "separate proceedings," under *Morris*, the agreement violates the NLRA and cannot be enforced. *Morris*, *supra*, 2016 WL 44330080, *5. The Court's finding that the Arbitration agreement required this dispute to be arbitrated on an individual basis should be therefore reconsidered and reversed.[3]

### C. Instacart Clearly Intended For Arbitration To Proceed On an Individual Basis and Not as Class Arbitration

Additionally, it is undisputed that Instacart, the drafter of the Independent Contractor Agreement, intended for the arbitration provision to require Plaintiffs and other Instacart shoppers to proceed in arbitration on an individual basis and not as a class arbitration, as it was central to its Motion to Compel Arbitration. Dkt. No. 29 at 14-16. This conclusion is also in line with the well-established principle that ambiguities in written agreements are to be construed against their drafters. *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 798 (1998); *see also Slottow v. Am. Cas. Co. of Reading, Pa.,* 10 F.3d 1355, 1361 (9th Cir. 1993) (recognizing California law rule that "ambiguities in a written instrument are resolved against the drafter") (citation omitted). As such, Instacart drafted an illegal contract that is unenforceable under *Morris*.

### D. Under *Morris*, Plaintiffs' Inability to Opt Out of the Arbitration Agreement Further Violates Section 8 of the NLRA

Plaintiffs' consent to the arbitration agreement requiring resolution of disputes on an individual basis only was a condition of being hired, and Plaintiffs and other Instacart shoppers had no ability to opt out of the provision's terms. *See* Dkt. 93, pg. 11 lns. 22-24. Under *Morris*, this further violates Section 8 of the NLRA. *See Morris*, *supra*, 2016 WL 44330080 at *4, fn. 4 (Section 8 of the NLRA is further violated by conditioning employment on agreement to, with no ability to opt out of, a contract term that prevents the initiation of any concerted work-related legal claim, in any forum).

---

[3] The recent Ninth Circuit decision in *Mohamed v. Uber Tech., Inc.*, Case Nos. 15-16178, 15-16181, 15-16250 (9th Cir. Sept. 7, 2016) does not impact the holding or reasoning in the *Morris* decision or this case. That opinion addressed the enforceability and alleged conflicts with the delegation clause in an arbitration agreement. *Id.*, slip op. at 14. The Ninth Circuit referred to the *Morris* decision but found that the question of whether the agreement was "illegal" and violated a substantive right was not properly placed before the court. *See Mohamed*, slip op. at 18, fn. 6. Therefore the issue squarely before the Court here and presented by this motion is not in adversely impacted or undermined in any way.

-7-
PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
[N.D. CAL. L.R. 7-9(a), (b)(2)]; Case No. 3:15-cv-00697-EMC

in "separate proceedings," under *Morris*, the agreement violates the NLRA and cannot be enforced. *Morris*, *supra*, 2016 WL 44330080, *5. The Court's finding that the Arbitration agreement required this dispute to be arbitrated on an individual basis should be therefore reconsidered and reversed.[3]

### C. Instacart Clearly Intended For Arbitration To Proceed On an Individual Basis and Not as Class Arbitration

Additionally, it is undisputed that Instacart, the drafter of the Independent Contractor Agreement, intended for the arbitration provision to require Plaintiffs and other Instacart shoppers to proceed in arbitration on an individual basis and not as a class arbitration, as it was central to its Motion to Compel Arbitration. Dkt. No. 29 at 14-16. This conclusion is also in line with the well-established principle that ambiguities in written agreements are to be construed against their drafters. *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 798 (1998); *see also Slottow v. Am. Cas. Co. of Reading, Pa.,* 10 F.3d 1355, 1361 (9th Cir. 1993) (recognizing California law rule that "ambiguities in a written instrument are resolved against the drafter") (citation omitted). As such, Instacart drafted an illegal contract that is unenforceable under *Morris*.

### D. Under *Morris*, Plaintiffs' Inability to Opt Out of the Arbitration Agreement Further Violates Section 8 of the NLRA

Plaintiffs' consent to the arbitration agreement requiring resolution of disputes on an individual basis only was a condition of being hired, and Plaintiffs and other Instacart shoppers had no ability to opt out of the provision's terms. *See* Dkt. 93, pg. 11 lns. 22-24. Under *Morris*, this further violates Section 8 of the NLRA. *See Morris*, *supra*, 2016 WL 44330080 at *4, fn. 4 (Section 8 of the NLRA is further violated by conditioning employment on agreement to, with no ability to opt out of, a contract term that prevents the initiation of any concerted work-related legal claim, in any forum).

---

[3] The recent Ninth Circuit decision in *Mohamed v. Uber Tech., Inc.*, Case Nos. 15-16178, 15-16181, 15-16250 (9th Cir. Sept. 7, 2016) does not impact the holding or reasoning in the *Morris* decision or this case. That opinion addressed the enforceability and alleged conflicts with the delegation clause in an arbitration agreement. *Id.*, slip op. at 14. The Ninth Circuit referred to the *Morris* decision but found that the question of whether the agreement was "illegal" and violated a substantive right was not properly placed before the court. *See Mohamed*, slip op. at 18, fn. 6. Therefore the issue squarely before the Court here and presented by this motion is not in adversely impacted or undermined in any way.

### E. Because The Court Cannot Sever the Illegal Aspect of the Arbitration Agreement, the Entire Arbitration Agreement is Unenforceable

In *Morris*, the Ninth Circuit provided that a district court may sever or excise the illegal "separate proceedings" clause to bring it into compliance with NLRA or "may decline enforcement of the contract altogether." *Morris*, *supra*, 2016 WL 4433080, *7. Here, the Court is unable to simply excise the illegal aspect of the arbitration agreement requiring individual proceedings because there is no express term precluding class/collective actions or affirmatively requiring separate or individual proceedings. The prohibition on class/collective actions was inferred by the Court based on the <u>lack of</u> terms affirmatively authorizing class arbitration. Dkt. No. 93, pp. 16:19-18:7. The Court is also not authorized to insert language that might remedy the illegal terms, for example, by adding a clause authorizing class arbitration, since the Court has already found the contract does not provide for it. *See Morris, supra*, 2016 WL 4433080, *7, fn. 8 ("Under *Stolt*, an arbitrator may not add to the terms of an arbitration agreement, and therefore may not order class arbitration unless the contract provides for it.") (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010)).

Therefore, because the illegal aspect of the contract cannot be excised, the entire contract must be held unenforceable. *See Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1180 (9th Cir. 2003) (where ameliorating the unenforceable aspects of an arbitration agreement requires a court "to assume the role of contract author rather than interpreter," the court *must* find the entire agreement unenforceable).

### IV.    CONCLUSION

In light of the new Ninth Circuit precedential decision in *Morris*, which directly impacts the Court's November 3, 2015 Order, the Court should grant Plaintiffs leave to file a Motion for Reconsideration. The Court should reconsider and reverse its Order in light of *Morris* because the requirement to arbitrate on an individual basis is an illegal contract provision that cannot be enforced.

Respectfully submitted:

    THE ARNS LAW FIRM

    /s/ Jonathan E. Davis
    Robert S. Arns, State Bar No. 65071
    rsa@arnslaw.com
    Jonathan E. Davis, State Bar No. 191346
    jed@arnslaw.com
    Kevin M. Osborne, State Bar No. 261367
    kmo@arnslaw.com
    Julie C. Erickson, State Bar No. 293111
    jce@arnslaw.com
    THE ARNS LAW FIRM
    A Professional Corporation
    515 Folsom Street, 3rd Floor
    San Francisco, California 94105
    Phone: (415) 495-7800
    Fax: (415) 495-7888


    Jahan C. Sagafi, State Bar No. 224887,
    jsagafi@outtengolden.com
    **OUTTEN & GOLDEN LLP**
    One Embarcadero Center, 38th Floor
    San Francisco, CA 94111
    Telephone:  (415) 638-8800
    Facsimile:  (415) 638-8810
    Michael J. Scimone (*pro hac vice*),
    mscimone@outtengolden.com
    3 Park Avenue, 29th Floor
    New York, New York 10016
    Telephone:  (212) 245-1000
    Facsimile:  (646) 509-2060

    Attorneys for Plaintiffs