KEKER & VAN NEST LLP
RACHAEL E. MENY - #178514
rmeny@kvn.com
BENJAMIN BERKOWITZ - #244441
bberkowitz@kvn.com
NIKKI K. VO - #239543
nvo@kvn.com
RYAN K. WONG - #267189
rwong@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415-391-5400
Facsimile:   415-397-7188

Attorneys for Defendant
MAPLEBEAR, INC. dba INSTACART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, ARLIN GOLDEN, JOHN REILLY, CHRISTOPHER RUSSELL, SUSAN BANNON, BATYA WEBER, AND DEREK WILLIAMS, Individually, and On Behalf of All Others Similarly Situated Employees,<br><br>Plaintiffs,<br><br>v.<br><br>MAPLEBEAR, INC., dba INSTACART; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 15-cv-00697 EMC<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>Judge:       Hon. Edward M. Chen<br><br>Date Filed: January 9, 2015 |

1    Defendant Maplebear, Inc. dba Instacart ("Instacart") respectfully submits this Notice of Pendency of Other Actions or Proceedings pursuant to Civil Local Rule 3-13(a) and the Court's guidance at the September 22, 2016 hearing regarding its interpretation of Civil Local Rule 3-13.

The following actions were filed by individual contractors in New York and are not—and have never been—putative class actions or representative actions. These actions have been previously disclosed to Plaintiffs' counsel in this case, and neither party has previously contended they should be disclosed under Rule 3-13. Nonetheless, in light of the Court's comments at the September 22, 2016 hearing, and out of an abundance of caution, Instacart hereby provides the following notice.

**1.** *Herbert Moton v. Maplebear Inc., d/b/a Instacart*

Description of action: The *Moton* lawsuit is an individual, non-class action against Instacart alleging that Instacart misclassified Mr. Moton as a non-employee, and alleging claims under the Fair Labor Standards Act (FLSA) and New York labor law for a declaratory judgment of employee status, and for alleged unpaid overtime wages, unpaid non-overtime wages, and reimbursement for unlawful deductions. Mr. Moton has not asserted any class action or representative claims or any claims under California law. Mr. Moton was compelled to individual arbitration pursuant to the terms of his Independent Contractor Agreement by the United States District Court for the Southern District of New York on February 9, 2016. Mr. Moton filed a notice of appeal to the Second Circuit on February 25, 2016. The Second Circuit dismissed Mr. Moton's appeal by order dated July 13, 2016.

Title and location of court: United States District Court for the Southern District of New York, Case No. 1:15-cv-08879-CM; United States Court of Appeal for the Second Circuit, Case No. 16-555.

Civil L.R. 3-13(b)(3) statement: There is no relationship between the *Moton* action, which is an individual, non-class action against Instacart, and the instant litigation beyond the fact that both actions involve misclassification allegations by an independent contractor, and Mr. Moton's individual claims are being made under some of the same provisions of New York labor law and of the FLSA as certain claims alleged in the alternative in the instant lawsuit. As Mr. Moton has

1  been ordered to individual arbitration, there would be no efficiencies gained by a transfer under

2  28 U.S.C. § 1407 or through any other coordination with the *Moton* action.

3      **2.  *Melody Bynum v. Maplebear Inc., d/b/a Instacart***

4  Description of action:  The *Bynum* lawsuit is an individual, non-class action against Instacart

5  alleging that Instacart misclassified Ms. Bynum as a non-employee, and alleging claims under the

6  FLSA and New York labor law for a declaratory judgment of employee status, and for alleged

7  unpaid overtime wages, unpaid non-overtime wages, and reimbursement for unlawful deductions.

8  Ms. Bynum was compelled to individual arbitration pursuant to the terms of her Independent

9  Contractor Agreement by the United States District Court for the Eastern District of New York on

10  February 12, 2016.  On February 29, 2016, Ms. Bynum filed a notice of Appeal to the Second

11  Circuit.  The Second Circuit dismissed Ms. Bynum's appeal by order dated July 13, 2016.

12  Following remand from the Second Circuit, on September 19, 2016, the trial court dismissed the

13  case on the merits and entered judgment in favor of Instacart.

14  Title and location of court:  United States District Court for the Eastern District of New York,

15  Case No. 1:15-cv-06263-JBW-CLP; United States Court of Appeal for the Second Circuit, Case

16  No. 16-584.

17  Civil L.R. 3-13(b)(3) statement:  There is no relationship between the *Bynum* action, which is an

18  individual, non-class action against Instacart, and the instant litigation beyond the fact that both

19  actions involve misclassification allegations by an independent contractor, and Ms. Bynum's

20  individual claims are being made under some of the same provisions of New York labor law and

21  of the FLSA as certain claims alleged in the alternative in the instant lawsuit.  As Ms. Bynum's

22  claims have been dismissed, there would be no efficiencies gained by a transfer under 28 U.S.C. §

23  1407 or through any other coordination with the *Bynum* action.

24

25  Dated:  September 23, 2016                          KEKER & VAN NEST LLP

26                                            By:  */s/  Rachael E. Meny*
                                                    RACHAEL E. MENY

27

28                                                    Attorneys for Defendant
                                                  MAPLEBEAR, INC. dba INSTACART

1116052