UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MAPLEBEAR, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-00697-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Docket No. 107 |

This order is meant to supplement the oral ruling of the Court at the September 22, 2016 hearing herein.

Plaintiffs filed this lawsuit against Defendant Maplebear, Inc. dba Instacart ("Defendant" or "Instacart") on behalf of themselves and a putative class of shoppers, drivers, and delivery persons who worked or work for Defendant Instacart. On November 3, 2015, the Court compelled arbitration of all claims on an individual basis, except for the representative claim under California's Private Attorneys General Act (PAGA), and stayed the entire litigation, pending the outcome of the arbitration. In less than a month later, five different plaintiffs brought a putative class action against Instacart on behalf of California workers, *Sumerlin v. Maplebear, Inc. dba Instacart*, Case No. BC603030 (Los Angeles Sup. Ct.), asserting many of the claims raised by Plaintiffs in the present action.

Rule 3-13 of the District's Civil Local Rules requires parties to "promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding" whenever they "know[] or learn[] that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is

pending in any other federal or state court." N.D. Cal. Civ. L.R. 3-13. However, Instacart failed to notify the Court and the opposing counsel about *Sumerlin*, did not file a notice under Rule 3-13, did not disclose *Sumerlin* in its Case Management Conference (CMC) Statement, and said nothing about *Sumerlin* at the CMC, even though it was on the verge of entering a class settlement in *Sumerlin*, which would directly impact this case.

Now pending before the Court is Plaintiffs' motion for sanctions. Plaintiffs contend that Instacart should be sanctioned in the form of attorneys' fees because, by concealing *Sumerlin* from Plaintiffs, it violated the District's Civil Local Rules, the Court's Standing Order, and the American Bar Association (ABA)'s Model Rules.

The Court finds that Instacart clearly violated Rule 3-13 of the Civil Local Rules because *Sumerlin* involves substantially all of the same parties and a material part of the same subject matter as the instant case. First, both cases involve PAGA claims, commonly representing the public rights of Instacart workers in California. Second, underlying these PAGA claims are the common causes of action expressly asserted in both cases which are based on violations of various sections of the California Labor Code and Section 17200 of the California Business & Professions Code. Third, both cases were brought as putative class actions on behalf of Instacart workers. Instacart argued that the Court should not consider the putative class action claims because these claims were dismissed on November 3, 2015, before *Sumerlin* was filed. However, this argument misrepresents the procedural history. The Court did not rule on class certification nor did the Court's November 3, 2015 order dismiss the class claims.

Instacart argued that Rule 3-13 does not apply to *Sumerlin* because: first, none of the seven plaintiffs in the present case are parties in *Sumerlin*; second, the instant case purports to represent a broader class than *Sumerlin*; and, third, the vast majority of claims asserted in the instant litigation are not at issue in *Sumerlin*. However, the fact remains that both cases assert Instacart violated California wage and hour laws. Both cases were brought on behalf of the putative class of at least Instacart's California workers and on behalf of the State of California via the PAGA claims. The fact that the instant case involves additional parties and claims does not necessarily defeat the application of Rule 3-13. *See Lane v. Facebook*, Case No. C 08-3845 RS, 2009 WL

2

3458198 (N.D. Cal. Oct. 23, 2009), at *4 ("The fact that this case involves *additional* claims and parties does not take it out of the plain language of the rule.").

The Court expresses strong dissatisfaction with Instacart's violation of Rule 3-13. Any doubts regarding the applicability of Rule 3-13 should be resolved in favor of disclosure, especially where there is no harm suffered by such disclosure – other than a loss of a strategic litigation advantage. By taking a narrow view of Rule 3-13, Instacart obtained a potential benefit for itself at the expense of important public policies that undergird Rule 3-13.

As stated by the Court during the hearing on September 22, 2016, compliance with Rule 3-13 is important because the rule facilitates coordination among courts where there is multiple parallel litigation. The present case aptly illustrates the need for such coordination. A judgment on the PAGA claim in *Sumerlin* would bind all affected workers, even in the absence of class certification or notice, and preclude Plaintiffs herein from pursuing the overlapping PAGA claim. *See Arias v. Sup. Ct.*, 46 Cal. 4th 969, 986 ("Because an aggrieved employee's action under the Labor Code Private Attorneys General Act of 2004 functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government."). Moreover, certification of the class in *Sumerlin* could bind putative class members in the instant case. The existence of multiple overlapping class actions raises the risk of reverse auctions where the defendants pick the most vulnerable or compliant plaintiff with which to settle and bind all other suits. Even in the absence of a reverse auction, coordination between overlapping class actions is important. *See* Manual for Complex Litigation § 20.31 (4th ed. 2004) ("The need to coordinate is especially acute where overlapping or multiple identical class actions are filed in more than one court. It is best to communicate with state and federal counterparts at an early stage to begin coordinating such cases. Unilateral action by any judge to certify a class or assert nationwide jurisdiction can fatally undermine future coordination efforts."). Coordination among courts can avoid "[c]onflicts between class actions, or between a class action and individual actions," *id.* at § 20.14, and "reduce the costs, delays, and duplication of effort that often stem from . . . dispersed litigation." *Id.* at § 20.31. Without a proper notice under Rule 3-13, that

coordination cannot be obtained. Even where, as here, the class aspect of the instant case was effectively on hold pending arbitration, the interaction between *Sumerlin* and the case at bar warranted notice and coordination. This is illustrated by the fact that Instacart immediately moved to stay the Golden arbitration after the preliminary settlement was reached in *Sumerlin*. Such a stay might reach other arbitrations which were pending or in the works as a result of this Court's order compelling arbitration.

Simply put, the important interests in coordinating overlapping litigation cannot be vindicated absent notice of the type required by Rule 3-13. Rule 3-13 should be broadly construed and any doubt resolved in favor of prompt and timely disclosure.

Despite Instacart's violation of Rule 3-13, the Court **DENIES** Plaintiffs' motion for sanctions. Pursuant to *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989), the Court has the inherent authority to sanction Instacart in the form of attorneys' fee if it finds, from Instacart's violation, bad faith or willful disobedience of court rules or orders. However, as stated at the hearing, because Plaintiffs failed to show that the requested attorneys' fees and costs were proximately caused by Instacart's violation, the Court does not reach the question of bad faith or willful disobedience.

This order disposes of Docket No. 107.

**IT IS SO ORDERED**.

Dated: September 30, 2016

_____
EDWARD M. CHEN
United States District Judge