UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC COBARRUVIAZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MAPLEBEAR, INC.,<br><br>  Defendant. | Case No. 15-cv-00697-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Docket No. 116 |

Plaintiffs brought the present lawsuit on behalf of themselves and a putative class of former and current shoppers, drivers, and delivery persons who worked or work for Defendant Instacart. On November, 3, 2015, the Court issued an order compelling arbitration on an individual basis. Docket No. 93. Subsequently, on August 22, 2016, the Ninth Circuit held in *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), that arbitration clauses that prevent employees from bringing concerted legal claims violate the National Labor Relations Act. Now pending before the Court is Plaintiffs' motion for reconsideration of the Court's November 3, 2015 order. Docket No. 116.

A motion for reconsideration is an "extraordinary remedy," *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), that should not be frequently made or freely granted, *see Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the court issued the order for which reconsideration is sought." *Mavity v. American Protectors Ins. Co.*, 1993 WL 483452, at *2 (9th Cir. 1993); *see also Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1112 (9th Cir. 2016) (noting that Plaintiffs waived the argument that the class and collective action waivers in the arbitration agreements may violate the National

Labor Relations Act by raising it for the first time in a sur-reply).

In the instant motion, Plaintiffs argue for the first time that Instacart's arbitration agreement violates Section 7, Section 8, or any other provisions of the NLRA. The Court finds that Plaintiffs could have and should have raised this argument earlier in the litigation.

*Morris* did not overrule any settled precedent in the Ninth Circuit. The issue resolved in *Morris* had been an open one. Thus, although *Morris* was decided after the Court's November 3, 2015 order, nothing precluded Plaintiffs from raising the NLRA argument; nor was there any other good reason not to raise the argument. The authorities discussed and approved or relied upon by the court in *Morris* were in existence when Plaintiffs filed their briefs in this Court opposing the motion to compel arbitration. *See N.L.R.B. v. Stone*, 125 F.2d 752, 756 (7th Cir. 1942); *D.R. Horton*, 357 NLRB No. 184 (2012). At the time of briefing herein, the issue had already been briefed by the litigants in *Morris* and *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1265 (C.D. Cal. 2016). Indeed, Outten & Golden, one of the firms representing Plaintiffs in the instant action, has raised the NLRA argument in earlier cases. *See, e.g.*, *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559 (S.D.N.Y. 2013); *Patterson v. Raymours Furniture Co., Inc.*, 96 F. Supp. 3d 71 (S.D.N.Y. 2015); *Patterson v. Raymours Furniture Co.*, 2016 WL 4598542 (2d Cir. 2016).

Plaintiffs' failure to timely raise the NLRA argument contrasts with the situation where an intervening court decision expressly overrules settled law, permitting a party to raise the argument only later. *Cf. Alaimalo v. U.S.*, 645 F.3d 1042, 1048 (9th Cir. 2011) (finding that an intervening court decision expressly overruled settled law and thereby holding that it effected a material change in the applicable law to support the plaintiff's argument that its actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion).

Thus, the Court **DENIES** Plaintiffs' motion for reconsideration. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890-91 (9th Cir. 2000) (affirming the district court's decision to deny plaintiffs' motion for reconsideration because plaintiffs had "numerous opportunities to argue that defendants' motion for attorneys' fees must be decided under North Carolina law before the district court ruled on that motion").

2

In denying Plaintiff's motion, the Court does not consider the merits of the motion, *i.e.*, whether Instacart's arbitration agreements violates the NLRA.  Reconsideration is not a proper vehicle to consider argument that is neither previously nor timely raised before.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a [Rule 59(e)] motion to amend.").

This order disposes of Docket No. 116.

**IT IS SO ORDERED**.

Dated: November 16, 2016

_____
EDWARD M. CHEN
United States District Judge